IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-874-GMS |
| ALCATEL S.A., | ) | |
| | ) | |
| Defendant, and | ) | |
| | ) | |
| ALCATEL USA, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| _____ | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-875-GMS |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| _____ | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-876-GMS |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| _____ | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Notices of Scheduling Conference (D.I. 24 in C.A. No. 04-874-GMS; D.I. 12 in C.A. No. 04-875-GMS; D.I. 12 in C.A. No. 04-876-GMS), Fed. R. Civ. P. 16, and Local Rule 16.2(b), the parties to the above-referenced, non-consolidated actions submit this Joint Status Report. The following addresses each of the agenda items appearing in the Court's Notice of Scheduling Conference. Counsel will appear and be prepared to further discuss these and other matters that the Court may raise.

1. **Jurisdiction and Service.**

    a. **Does the court have subject matter jurisdiction?**

Each complaint by Telcordia Technologies, Inc. ("Telcordia") in the above-captioned cases asserts one or more claims for patent infringement. Under 28 U.S.C. § 1338(a), the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ." Therefore, this Court has subject matter jurisdiction over each of the above cases under section 1338(a).

    b. **Are all parties subject to the court's jurisdiction?**

All parties in all three cases with the exception of Alcatel S.A. have admitted that they are subject to the Court's jurisdiction. Alcatel S.A. has moved to dismiss for lack of personal jurisdiction in lieu of answering the complaint. That motion is fully briefed and awaiting resolution by the Court.

    c. **Do any remain to be served?**

Defendants have all been served or do not intend to challenge service.

2.      **Substance of the Action.**

a.      **Factual and Legal bases for plaintiff's claims:**

These are actions for patent infringement based on Telcordia's United States Patent Nos. 4,893,306 ("the '306 patent") and Re. 36,633 ("the '633 patent"). The '306 patent has been asserted in all three cases. Certain patent claim terms in the '306 patent have already been construed by Judge Farnan in a prior suit by Bell Communications Research, Inc. (now Telcordia) against FORE Systems, Inc. (now Marconi Communications, Inc.). *See Bell Communications Research, Inc. v. Fore Sys., Inc.*, 113 F. Supp. 2d 635 (D. Del. 2000). Several of those terms were subsequently construed by the United States Court of Appeals for the Federal Circuit also in Telcordia's prior suit against FORE. *See Bell Communications Research, Inc. v. Fore Sys., Inc.*, 62 Fed. Appx. 951, 2003 WL 1720080 (Fed. Cir. 2003) (non-precedential decision). Thereafter, in a remand from the Federal Circuit, Judge Farnan construed an additional term. *See Bell Communications Research, Inc. v. Fore Sys., Inc.*, No. Civ. A. 98-586 JJF, 2003 WL 22295442 (D. Del. Oct. 3, 2003). Telcordia believes that those constructions should govern in these cases.

Defendants believe that Telcordia is bound by and collaterally estopped from challenging those constructions, but Defendants are not. Defendants should be entitled to a full opportunity to address all claim construction issues, given that Defendants were not parties to the prior case. Telcordia believes that it is entitled to respond to and fully address any claim construction advanced by the Defendants that deviates from the claim construction rulings in the prior case.

At the present time, the '633 patent has been asserted only against Cisco Systems, Inc. ("Cisco"). Telcordia reserves the right to seek leave to amend one or more of the complaints

to add one or more additional Telcordia patents.  Defendants believe Telcordia should already know which of its patents may be applicable because it has long been aware of how all the accused products work given that Telcordia inspects the accused products in its gatekeeper role for the Regional Bell Operating Companies.  Defendants object to Telcordia using this case to attempt to find a basis to assert additional patents against Defendants.  Should Telcordia later determine that one or more of its patents are allegedly pertinent to one or more of Defendants, it can avail itself of the Courts by bringing a new lawsuit.

Telcordia disagrees that it has long been aware of how the Defendants' products work as a result of its "gatekeeper" role.  Telcordia does not believe that it could use--and indeed it has not ever used--information it obtained in that role as a basis for bringing suit because of restrictions placed on Telcordia's use of that information.  Denying Telcordia an opportunity to amend its pleadings and add patents after a reasonable period of discovery would, as the Defendants forecast, multiply the number of lawsuits involving these same parties and frustrate the economies of litigating claims of similar or related patents in these ongoing cases.  Defendants believe Telcordia has had more than sufficient time, both before filing the lawsuit and since it was filed nine months ago, to determine which patents to assert.

Telcordia alleges that the Defendants in all three cases have directly or indirectly infringed one or more claims of the asserted patent(s) in violation of the patent laws causing damages to Telcordia for which it is entitled to monetary and injunctive relief.  *See, e.g.*, 35 U.S.C. §§ 271, 281, 283, 284, and 285.

      **b.**    **Factual and legal bases for Defendants' defenses:**

Alcatel USA defends on the bases of non-infringement, invalidity, and unenforceability of the patent in suit; laches; license or acquiescence; equitable estoppel; and

unclean hands. Alcatel USA further counterclaims for declarations of non-infringement, invalidity, and unenforceability of the patent in suit; laches; license or acquiescence; equitable estoppel; and unclean hands. Alcatel S.A. has moved to dismiss for lack of personal jurisdiction, reserving all rights and defenses until resolution of this motion. Telcordia believes that pursuant to Fed. R. Civ. P. 12(g), Alcatel S.A. has waived certain defenses by filing its Rule 12 motion to dismiss solely on grounds of alleged lack of personal jurisdiction.

Lucent Technologies Inc. ("Lucent") defends on the bases of failure to state a claim upon which relief can be granted; non-infringement, invalidity, and unenforceability of the patent in suit; laches; estoppel; and license. Lucent further counterclaims for declarations of non-infringement, invalidity, and unenforceability of the patent in suit; and license.

Cisco defends on the bases of non-infringement, invalidity, and unenforceability of the patents in suit; laches; estoppel; patent misuse; unclean hands; patent exhaustion/implied license; and intervening rights. Cisco further counterclaims for declarations of non-infringement, invalidity, and unenforceability of the patents in suit.

**3.     Identification of Issues in Dispute.**

To the extent known and understood at this early stage of the proceedings, the principal factual and legal issues in dispute in the above-captioned cases are typical of those in most patent cases and include the following:

   a)     infringement of one or more claims of the patent(s) in suit;

   b)     willful infringement of one or more claims of the patent(s) in suit;

   c)     validity of the claims of the patent(s) in suit;

   d)     enforceability of the patent(s) in suit;

e)   the generic requirements (GR) process and the Operations Systems Modifications for the Integration of Network Elements (OSMINE) process;

f)   the other defenses set forth in Defendants' Answers as summarized in section 2(b) above;

g)   the amount of damages, if any, should one or more of the Defendants be found liable;

h)   injunctive relief, if any, should one or more of the Defendants be found liable; and

i)   any further relief, including without limitation an award of attorneys' fees and costs under, *inter alia*, 35 U.S.C. § 285 to either Telcordia or Defendants.

**4.   Narrowing of Issues.**

   **a.   Can the issues in litigation be narrowed by agreement or by motions?**

At the present time, the parties are unable to narrow the issues in litigation by agreement. The parties contemplate being able to narrow the issues by eliminating claims and/or defenses, and by requesting permission to file summary judgment motions consistent with the Court's rules and the schedule set forth in section 12(F) and (G) below.

   **b.   Are there dispositive or partially dispositive issues appropriate for decision on motion?**

Alcatel USA believes it has a dispositive license defense based on a written agreement between it and Telcordia, which is appropriate for an early decision on motion. Telcordia disagrees. At the present time, the parties have identified no other dispositive or partially dispositive issues for decision on motion prior to discovery.

**5.     Relief.**

    **a.     What specific relief does plaintiff seek?**

In each of the above-captioned cases, Telcordia seeks a permanent injunction, prohibiting the Defendants' continued infringement of Telcordia's patent(s). Telcordia further seeks damages amounting to a reasonable royalty for infringement of its patent(s), trebled or increased damages due to the Defendants' willful infringement of Telcordia's patent(s), and pre- and post-judgment interest on its damages awards. Telcordia also seeks an award of its attorneys' fees, costs, and expenses. Telcordia does not seek damages for Defendants' sales to AT&T or any of the Regional Bell Operating Companies (RBOCSs) based on the fact that those companies have "have made" licenses under the asserted patents.

    **b.     What is the amount of damages sought and generally how is it computed?**

At this stage of the proceedings, Telcordia believes it is premature to identify the amount of damages sought. Defendants believe it is not premature for Telcordia to identify now the reasonable royalty rate it seeks, given that Telcordia already has a model of the damages it seeks including applicable royalty rates, which it should disclose to Defendants.

Telcordia disagrees. Telcordia's lawsuit against Fore Systems settled prior to trial based upon a lump-sum payment directed to a number of factors and patents, rather than a specific royalty rate. Moreover, in its efforts to settle its disputes with the defendants in these cases, Telcordia has already presented to each of them a model of the damages it seeks, including applicable royalty rates.

Telcordia seeks damages in the form of a reasonable royalty as applied to each infringing product/process made, sold, offered for sale, used, or imported into the United States, either directly or indirectly, by each of the Defendants.

### 6.    Amendment of Pleadings and Election to Rely on Advice of Counsel

At present, Telcordia is contemplating amending its complaint against Alcatel and/or Lucent to assert infringement of the '633 patent, which is currently asserted against Cisco. Telcordia may also seek leave to amend the complaints in one or more of the above-captioned actions to add additional patents and/or parties. Defendants object to any such amendment by Telcordia.  Telcordia has had over nine months since it filed its Complaints against Defendants in which to make a determination as to whether or not to add the '633 patent.

Telcordia disagrees and believes that the Defendants are not entitled to a peremptory denial of a Telcordia motion under Fed. R. Civ. P. 15 to add patents.  Although the complaints were filed nine months ago, the cases are still in very preliminary stages and no discovery has yet been taken.  Telcordia used the prior nine month period to explore possible settlement with the Defendants.  Telcordia and Alcatel have specifically discussed settling issues concerning the '633 patent.  Those issues may have to be litigated if further discussions are unsuccessful.  Thus, Telcordia believes that it should not be penalized for taking advantage of the months preceding fact discovery to seek settlement or to otherwise try narrowing issues going forward.  Defendants believe that limited settlement discussions should not excuse Telcordia's pre-filing or post-filing diligence obligations.

The Parties agree to seek leave to amend on or before **November 18, 2005**. Defendants contend that Telcordia should not be permitted to add additional patents into any of the pending actions against Defendants.  Telcordia disagrees and believes that it should be permitted to seek leave to, among other things, add new patents on or before November 18, 2005.  The Defendants can, at such time, oppose the merits of Telcordia's motion(s).

In addition, Telcordia believes each Defendant should advise the Plaintiff on or before **November 18, 2005**, whether or not it intends to rely on advice of counsel in response to plaintiff's willful infringement allegation. Defendants believe that this date should be 4 weeks after the court issues a Markman ruling and discovery relating to a party's reliance on an opinion shall be concluded within one month of the production of any opinion. Telcordia disagrees, because whether the Defendants obtained competent opinions of counsel and reasonably relied upon those opinions does not depend upon the Court's after-the-fact Markman ruling. The Defendants should produce any opinions on which they intend to rely on or before November 18, 2005, while sufficient time remains in the schedule to complete discovery related to those opinions. Defendants disagree, because the Court's Markman ruling may affect whether Defendants elect to rely on advice of counsel as a defense to Telcordia's willful infringement allegation.

### 7.    Joinder of Parties.

Telcordia proposes that any additional parties be joined in any of the above captioned cases on or before **November 18, 2005**. Defendants propose that any additional parties be joined on or before **July 15, 2005**. Telcordia believes that a July 15, 2005, deadline for adding parties is too soon given the large amounts of documentary and other discovery that the parties are expected to exchange, review, and consider and further believes that November 18, 2005, is appropriate because it provides the parties sufficient time to analyze the documents and other information that will be exchanged in discovery, while preserving adequate time in the pretrial schedule to conduct discovery of any added parties.

**8.    Discovery.**

    **a.    Discovery contemplated by each party and the amount of time it may take to complete discovery?**

Discovery related to the infringement issues in each of the cases will likely be directed to the design, specifications, structures, functions, and uses of the accused products. That discovery will likely be directed to the Defendants in each of the cases as well as to third-party suppliers of components for the accused products.

Discovery related to the patent validity and enforceability issues in each of the cases will likely be directed to the conception and reduction to practice of the inventions disclosed in Telcordia's patent(s) and the prosecution of Telcordia's patent application(s) before the U.S. Patent and Trademark Office, and Telcordia's and/or third-party prior art activities.

Discovery related to the damages issues in each of the cases will likely be directed to the parties' licensing experience, practices, strategies, and interactions between the parties, including the GR process as well as to records reflecting the manufacture, use, sales, offers for sale, and importation into the United States of the accused products and the Defendants' revenues and profits from those activities.

Discovery related to standards setting organizations and the OSMINE process.

As for the amount of time it may take to complete discovery, see the proposed discovery schedule set forth in section 12 below.

    **b.    Can discovery be limited?**

At the present time, the parties do not believe that discovery can be limited.

      **c.**      **Are less costly and time-consuming methods available to obtain necessary information?**

Defendants believe Telcordia should produce upfront and in bulk, without the need for formal requests, all materials, documents, motion papers, exhibits, deposition transcripts, etc. from the Fore Systems case, and Defendants have made this request to Telcordia. Telcordia will cooperate in expediting production of materials from the Fore case to the extent that production of those materials is not prohibited by court order, contract, or other protection. The parties do not believe that other less costly or time-consuming methods are available for the exchange of discovery materials.

**9.**      **Estimated trial length.**

      **a.**      **Is it feasible or desirable to bifurcate issues for trial?**

The parties agree that it may be premature to address the order or structure of the trial(s) at this early stage. Telcordia reserves the right to request consolidation of these cases for trial and will meet and confer with the Defendants before moving for consolidation. Defendants presently believe consolidation is inappropriate because it would prejudice all the Defendants. Defendants request scheduling a trial of the action against Cisco, which involves both the '306 and '633 patents, to proceed first. The Defendants believe that this will best serve the interests of judicial economy by eliminating the need for trials against Alcatel and Lucent if the '306 patent is found invalid or unenforceable in the trial of the action against Cisco. Telcordia believes that it is premature to address the order or structure of the trial(s) at this early stage. Telcordia believes many factors could influence the order or structure of the trial, including without limitation, summary judgment, consolidation, settlement, and amendment of the pleadings to add additional patents against one or more of the Defendants. The parties respectfully request two weeks of trial for each case.

    b.  **Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?**

The parties will work together on ways to reduce the length of trial to the extent possible. At this early stage, it is premature to identify which means the parties may utilize to accomplish this goal.

  10.  **Jury trial.**

The parties have requested jury trials in each of the cases on all issues so triable.

  11.  **Settlement.**

    a.  **Have there been settlement discussions?**

Prior to the service of the complaints in the above-captioned lawsuits, Telcordia exchanged information and/or had discussions with each of the Defendants concerning Telcordia's patent(s) and other related matters. The parties have continued those discussions and information exchanges on an informal basis.

    b.  **What are the prospects for settlement?**

To date, the parties have been unable to resolve their differences.

    c.  **Is referral to the Magistrate for mediation or other ADR mechanism appropriate?**

The parties believe that discussing settlement before the Magistrate Judge and/or a mediator would be appropriate.

  12.  **Other matters counsel consider conducive to the just, speedy and inexpensive determination of this action:**

The parties propose the following additional scheduling terms:

  A.  Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) will be exchanged on or before **May 4, 2005**.

B.      The parties will complete fact discovery by **March 31, 2006, except as otherwise provided in Section 6.**

C.      On or before **November 17, 2005**, the parties shall exchange a list of disputed claim terms. On or before **December 8, 2005**, the parties shall exchange proposed definitions for the disputed claim terms. On or before **December 22, 2005**, the parties shall meet and confer regarding those disputed claim terms in an effort to narrow the issues for resolution by the Court. Opening claim construction briefs shall be filed on or before **January 27, 2006**. All answering briefs shall be filed on or before **February 17, 2006**.

D.      The parties will serve opening expert reports on issues for which they bear the burden of proof on or before **May 12, 2006,** responsive expert reports will be due on or before **June 9, 2006,** and reply expert reports, if necessary, will be due on or before **June 23, 2006**.

E.      The parties will complete expert discovery, including depositions of experts, on or before **July 28, 2006**.

F.      The parties will submit any letter briefs seeking permission to file summary judgment motions on or before **August 11, 2006**, answering letter briefs will be filed within fourteen (14) days thereafter, and reply letter briefs will be filed within ten (10) days thereafter.

G.      Should the Court permit the filing of summary judgment motions, an opening brief and supporting affidavits, if any, shall be served and filed within fifteen (15) days after the Court permits such motion, the answering brief and supporting affidavits shall be filed within fifteen (15) days after service of the opening brief, and the reply shall be filed within fifteen (15) days after service of the answering brief.

H.  On or before **August 11, 2006**, the parties shall submit a joint agenda identifying any *Daubert* issues that they anticipate raising.

I.  At least thirty (30) days before a joint pretrial order in a case is due, Telcordia will send a draft pretrial order to the Defendant(s) in that case, and that Defendant will provide comments and additional information to Telcordia at least fifteen (15) days before the joint pretrial order is due.

J.  Opening briefs on all motions *in limine* shall be filed on or before six (6) weeks prior to the Pretrial Conference. All answering briefs on all motion *in limine* shall be filed within fourteen (14) days from filing of the opening briefs. All reply briefs on all motions *in limine* shall be filed within seven (7) days from filing of the answering briefs.

K.  Discovery Matters:

1.  The parties agree that each side in each of the above-captioned cases should be permitted to serve up to 35 interrogatories on the other side.

2.  Depositions.

**Defendants' Proposal.**  The Defendants believe that each side in each of the above-captioned cases should be permitted to take up to fifteen (15) days of deposition of fact witnesses from the other side and third parties and that depositions of the named inventors may take up to fourteen (14) hours each. The Defendants further believe that each deposition under Fed. R. Civ. P. 30(b)(6) should be included within the number of days of fact depositions available for a party and that each examining party shall be limited to one day (seven (7) total hours) of examination per 30(b)(6) notice and that each 30(b)(6) notice shall constitute a deposition day.

**Telcordia's Proposal**.  Telcordia disagrees with the Defendants' proposal

because, based on its experience in the prior litigation against Fore Systems, 15 days of deposition will not be adequate. Moreover, the Defendants' proposal would give the Defendants up to fourteen (14) hours for each named inventor, while unfairly preventing Telcordia from going beyond seven (7) hours for any deposition, including significant witnesses such as product engineers who may have extensive knowledge relevant to the issues in the case. Telcordia, therefore, believes that the Court should adopt one of the following two proposed limitations on depositions:

    (a)    The parties in each of the above-captioned cases may take up to 20 depositions of fact witnesses from the other side and third parties, excluding depositions solely for the purpose of discovering the "existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter" as in Fed. R. Civ. P. 26(b)(1). In up to five (5) depositions of fact witnesses from each side, the seven (7) hour limitation in Fed. R. Civ. P. 30 may be extended to fourteen (14) hours. The parties may seek leave to take additional depositions where appropriate under the circumstances.

    (b)    The parties in each of the above-captioned cases may take up to 140 hours of depositions of fact witnesses. No deposition of a fact witness from the other side may exceed fourteen (14) hours. The parties may seek leave to take additional deposition time where appropriate under the circumstances.

    3.    The parties agree that expert depositions do not count toward the limit on numbers of depositions. Telcordia believes that the deposition of each expert in each of the above-captioned cases should be permitted to take up to fourteen (14) hours. The Defendants

believe that the parties should confer regarding any potential deviation from the standard 7-hour rule after expert reports are served.

**13.    Statement that counsel have conferred about each of the above matters:**

Counsel for the parties have conferred about each of the agenda items set forth in the Court's Notices of Scheduling Conference (D.I. 24 in C.A. No. 04-874-GMS; D.I. 12 in C.A. No. 04-875-GMS; D.I. 12 in C.A. No. 04-876-GMS).

| ASHBY & GEDDES | MORRIS NICHOLS ARSHT & TUNNELL |
|---|---|
| /s/ *John G. Day* | /s/ *Jack B. Blumenfeld* |
| Steven J. Balick (I.D. #2114) | Jack B. Blumenfeld (I.D. #1014) |
| John G. Day (I.D. #2403) | 1201 North Market Street |
| 222 Delaware Avenue, 17th Floor | Wilmington, DE 19899-1347 |
| P.O. Box 1150 | (302) 658-9200 |
| Wilmington, Delaware 19899-1150 | JBlumenfeld@MNAT.com |
| (302) 654-1888 | |
| sbalick@ashby-geddes.com | *Attorneys for Defendant/Counterclaim Plaintiff* |
| jday@ashby-geddes.com | *Cisco Systems, Inc. in C.A. No. 04-876-GMS* |

*Attorneys for Plaintiff/Counterclaim Defendant Telcordia Technologies, Inc. in C.A. Nos. 04-874-GMS, 04-875-GMS, and 04-876-GMS*

| *Of Counsel:* | *Of Counsel:* |
|---|---|
| Donald R. Dunner | Matthew D. Powers |
| Don O. Burley | Edward R. Reines |
| Richard H. Smith | Sonal N. Mehta |
| Richard L. Rainey | WEIL, GOTSHAL & MANGES LLP |
| James T. Wilson | 201 Redwood Shores Parkway |
| FINNEGAN, HENDERSON, FARABOW, | Redwood Shores, CA 94065 |
|   GARRETT & DUNNER, L.L.P. | (650) 802-3000 |
| 901 New York Avenue, NW | |
| Washington, DC 20001-4413 | |
| (202) 408-4400 | |

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| /s/ *Josy W. Ingersoll* <br> Josy W. Ingersoll (I.D. #1088) <br> Kevin M. Baird (I.D. #4219) <br> The Brandywine Building <br> 1000 West Street <br> Wilmington, DE 19801 <br> (302) 571-6672 <br> jingersoll@ycst.com <br> kbaird@ycst.com | /s/ *John W. Shaw* <br> John W. Shaw (I.D. #3362) <br> Glenn C. Mandalas (I.D. #4432) <br> The Brandywine Building <br> 1000 West Street <br> Wilmington, DE 19801 <br> (302) 571-6672 <br> jshaw@ycst.com <br> gmandalas@ycst.com |
| *Attorneys for Defendant/Counterclaim Plaintiff Alcatel USA, Inc. in C.A. No. 04-874-GMS* | *Attorneys for Defendant/Counterclaim Plaintiff Lucent Technologies, Inc. in C.A. No. 04-875-GMS* |
| *Of Counsel:* <br><br> Stuart J. Sinder <br> Benjamin Hershkowitz <br> Clement J. Naples <br> KENYON & KENYON <br> One Broadway <br> New York, NY 10004 <br> (212) 425-7200 <br><br> Dated: April 6, 2005 <br> 155519.1 | *Of Counsel:* <br><br> Steven C. Cherny <br> LATHAM & WATKINS LLP <br> 885 Third Avenue, Suite 1000 <br> New York, NY 10022 <br> (212) 906-1200 <br><br> David Nelson <br> Israel Sasha Mayergoyz <br> Neilish Patel <br> LATHAM & WATKINS LLP <br> Sears Tower, Suite 5800 <br> Chicago, IL 60606 <br> (312) 876-7700 |