IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 04-876-GMS |
| CISCO SYSTEMS, INC., | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**FIRST NOTICE OF 30(B)(6) DEPOSITION TO CISCO**

PLEASE TAKE NOTICE that beginning at 9:00 a.m. on August 10, 2005, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant, Cisco Systems, Inc. ("Cisco"). Cisco is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject matters set forth in Schedule A, attached hereto. Additionally, pursuant to Fed. R. Civ. P. 30(b)(5), Telcordia requests that Cisco produce documents with respect to the subject matters set forth in the attached Schedule B by the close of business on August 8, 2005.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound and visual means in addition to stenographic means.

ASHBY & GEDDES

/s/ *John G. Day*
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Richard H. Smith
Richard L. Rainey
Houtan K. Esfahani
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: July 22, 2005
159780.1

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. All definitions set forth in Telcordia's previous discovery requests (*see, e.g.,* Telcordia's April 7, 2005, Requests for Production), including the definition of "Cisco," are incorporated as if set forth fully herein.

2. Additionally, for purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of Cisco.

3. Additionally, for the purposes of this Deposition Notice, the term "Cisco Entity" shall mean Cisco USA, Inc., together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Cisco USA, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Cisco USA, Inc.

4. Additionally, for purposes of this Deposition Notice, the definition of the term "Packetized Data" is that set forth in Telcordia's July 13, 2005, letter attached to this Deposition Notice as Exhibit A.

5. Additionally, for the purposes of this Deposition Notice, "the identification of all Cisco Entity products," and "the identification of the integrated circuits," requires the identification of all Cisco Entity products made, used, sold, offered for sale, imported, exported, leased, licensed or distributed from July 16, 1998, through the present, as well as the identification of all currently planned future Cisco Entity products and integrated circuits.

6. The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations, and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

7. The term "thing," as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Cisco.

8. The term "Relevant Products" includes all Cisco Entity products identified in any interrogatory answer (*see, e.g.,* Cisco's May 11, 2005, Responses to Telcordia's First Set of Interrogatories; Telcordia's July 14, 2005, First Supplemental Responses to Cisco's First Set of Interrogatories), and all Cisco

    Entity products identified in response to Subject Nos. 1-6 of this Deposition Notice.

9. Cisco is instructed to bring representative organizational charts for Cisco for each year from 1989 to the present.

## SUBJECTS OF THE DEPOSITION

1. The identification (by product name, part number, model, manufacturer, designer, and supplier) of all Cisco Entity products that map Packetized Data into SONET frames.

2. The identification of the integrated circuits (by Cisco and supplier part numbers, by manufacturer and/or designer, and by supplier) used in the products identified in Subject 1 to map Packetized Data into SONET frames.

3. The identification (by product name, part number, model, manufacturer, designer, and supplier) of all Cisco Entity products that practice and/or are capable of practicing the "Synchronous Residual Time Stamp" technology disclosed in the ATM Forum Standard (*see, e.g.*, af-vtoa-0078.000 Section 3.4.1), the ITU-T Standard I.363.1 (*see, e.g.*, Section 2.5.2.2.2), and/or the ANSI T1.630 standard (*see, e.g.*, Section 5 referencing I.363.1).

4. The identification of the integrated circuits (by Cisco and supplier part numbers, by manufacturer and/or designer, and by supplier) used in the products identified in Subject 3 to perform the synchronous residual time stamp function.

5. The identification (by product name, part number, model, manufacturer, designer, and supplier) of all Cisco Entity products that perform unidirectional path switched ring automatic protection switching and/or that comply with GR-1400 (*see, e.g.,* GR-1400 Issue 1, Revision 1, Section 3).

6. The identification of the integrated circuits (by Cisco and supplier part numbers, by manufacturer and/or designer, and by supplier) used in the products identified in Subject 5 to perform automatic protection switching.

7. The identification of all Relevant Products found in the Cisco product catalog attached as Exhibit B. The identification of all predecessor products to those Relevant Products found in Exhibit B. The identification of all Relevant Products that are not found in the Cisco product catalog attached as Exhibit B. The identification of all Relevant Products found in all Cisco Entity product catalogs produced in response to the document requests set forth in Schedule B.

8. The identification of each person or entity that has made, purchased, sold, offered for sale, imported, exported, leased, licensed or distributed any Relevant Product.

9. The identification of the specific Relevant Product(s) made, purchased, sold, offered for sale, imported, exported, leased, licensed or distributed by each person or entity identified in Subject No. 8.

10. For all Relevant Products, the location and identity of all reference designs, schematics, source code, firmware, hardware description language, software, circuit diagrams, board layouts, component lists, bills of materials, engineering specifications, design specifications, users manuals, users guides, data sheets, white papers, bug reports, engineering change notices, design task lists, progress reports, and design reviews.

11. The identification of all products that compete(d), or that will compete, with the Relevant Products.

12. The identification of individuals at Cisco who are primarily responsible for the following functions and a general explanation of the duties, responsibilities, and activities of each identified person. The identification of the types and names of all reports, documents, and things that these individuals receive, review, use, and/or produce in performing their responsibilities. The functions are as follows:

   (a) Marketing, advertising, market research, market expectations, and forecasts for the Relevant Products and related products or services;

   (b) Evaluation of competitors of Cisco, and competitive products to the Relevant Products and related products or services and markets;

   (c) Accounting, finance, preparation of profit and loss statements, financial expectations, and forecasts regarding the Relevant Products and related products or services;

   (d) Sales and pricing of the Relevant Products and related products or services;

   (e) Licensing;

   (f) Inventory management and logistics for the Relevant Products and related products;

   (g) Technical testing of the Relevant Products and related

      products;

(h) Research, development, and design related to the Relevant Products and related products;

(i) Quality control for the Relevant Products and related products;

(j) Procurement of components used in the Relevant Products and related products;

(k) Manufacturing of the Relevant Products and related products;

(l) Study and coding of source code, firmware, hardware description language, and software regarding the Relevant Products and related products;

(m) Formulation of agreements, contracts, licenses, and understandings with suppliers of components used in the Relevant Products and related products;

(n) Technical communications with suppliers of components used in the Relevant Products and related products.

13. The identity of each third-party person, agency, consultant, or entity (hereinafter "third parties") that within the last ten years has provided Cisco any assistance, information, reports, research, surveys, or suggestions regarding any of the functions listed in Subject 12(a)-(n). For each identified third party, the identification of the types and names of all reports, documents, correspondence, and things that these third parties receive from Cisco or provide to Cisco in providing their assistance to Cisco.

14. The organizational structure of Cisco including, but not limited to, the engineering, research and development, marketing, sales, and/or customer service divisions of Cisco, for each year from 1989 to the present including, but not limited to, the officers, directors, supervisors and/or managers of such divisions.

15. The location and identity of all documents and things searched, considered, identified, reviewed, or collected in determining Cisco's response to Telcordia's interrogatories, document requests, and this Deposition Notice.

16. The persons who searched, considered, identified, reviewed, or collected any documents or things in determining Cisco's response to Telcordia's

        interrogatories, document requests, and this Deposition Notice. The dates on and locations at which each such persons considered, identified, reviewed, or collected any documents or things in response to Telcordia's interrogatories, document requests, and this Deposition Notice.

17. The persons, both inside and outside of Cisco, contacted or consulted in determining Cisco's response to Telcordia's interrogatories, document requests, and this Deposition Notice.

18. The policies regarding retention or destruction of documents and things at Cisco and the persons responsible for developing, managing, revising, and enforcing those policies.

## SCHEDULE B

### DEFINITIONS AND INSTRUCTIONS

All definitions and instructions set forth in Schedule A above, and in Telcordia's April 7, 2005, Requests for Production, are incorporated as if set forth fully herein.

### DOCUMENT REQUESTS

1. All documents that have been referred to by Cisco in preparing for this deposition, or that are the source of information that Cisco expects to provide in response to this Deposition Notice.

2. All Cisco Entity product catalogs from July 16, 1998, through the present.