IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | C.A. No. 04-876-GMS <br><br> DEMAND FOR JURY TRIAL |

**CISCO SYSTEMS' AMENDED ANSWER TO AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Cisco Systems, Inc. ("Cisco"), by and through its undersigned counsel, hereby responds to the Amended Complaint of plaintiff Telcordia Technologies, Inc. ("Telcordia") by admitting, denying, alleging, and counterclaiming as follows:

## I. ANSWER

### THE PLAINTIFF

1.　Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint and therefore denies those allegations.

2.　Cisco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint and therefore denies those allegations.

### THE DEFENDANT

3.　Cisco admits the allegations in paragraph 3 of the Amended Complaint.

4.　Cisco admits the allegations in paragraph 4 of the Amended Complaint.

**JURISDICTION AND VENUE**

5. Cisco admits that this action purports to arise under the Patent Laws of the United States, 35 U.S.C. §§ 1-376.

6. Cisco admits that this Court has subject matter jurisdiction over the allegations in the Amended Complaint as pled under 28 U.S.C. §§ 1331 and 1338.

7. Cisco admits that it is subject to personal jurisdiction in this judicial district.

8. Cisco denies the allegations of paragraph 8 of the Amended Complaint.

**COUNT I:  INFRINGEMENT OF THE '306 PATENT**

9. Cisco incorporates by reference its responses in each of paragraphs 1-8 above.

10. Cisco admits that U.S. Patent No. 4,893,306 ("the '306 patent") entitled "Method and Apparatus for Multiplexing Circuit and Packet Traffic," states on its face that it issued on January 9, 1990 to Hung-Hsiang J. Chao, Sang H. Lee, and Liang T. Wu as named inventors. Cisco admits that the '306 states on its face that it issued from U.S. Patent Application No. 118,977, filed on November 10, 1987. Except as so expressly admitted, Cisco denies the allegations of paragraph 10 of the Amended Complaint.

11. Cisco admits that the '306 patent states on its face that it was assigned to Bell Communications Research, Inc.  Except as so expressly admitted, Cisco denies the allegations of paragraph 11 of the Amended Complaint.

12. Cisco denies the allegations in paragraph 12 of the Amended Complaint.

13. Cisco denies the allegations in paragraph 13 of the Amended Complaint.

14. Cisco denies the allegations in paragraph 14 of the Amended Complaint.

15. Cisco denies the allegations in paragraph 15 of the Amended Complaint.

16. Cisco denies the allegations in paragraph 16 of the Amended Complaint.

### COUNT II: INFRINGEMENT OF THE '633 PATENT

17. Cisco incorporates by reference its responses in each of paragraphs 1-16 above.

18. Cisco admits that U.S. Patent No. Re. 36,633 ("the '633 patent") entitled "Synchronous Residual Time Stamp For Time Recovery In A Broadband Network," states on its face that it issued on March 28, 2000 to Paul E. Fleischer and Chi-Leung Lau as named inventors. Cisco admits that the '633 patent states on its face that it issued from U.S. Patent Application No. 08/555,196, filed on November 8, 1985. Except as so expressly admitted, Cisco denies the allegations of paragraph 18 of the Amended Complaint.

19. Cisco admits that the '633 patent states on its face that it was assigned to Telcordia Technologies Inc. Except as so expressly admitted, Cisco denies the allegations of paragraph 19 of the Amended Complaint.

20. Cisco denies the allegations in paragraph 20 of the Amended Complaint.

21. Cisco denies the allegations in paragraph 21 of the Amended Complaint.

22. Cisco denies the allegations in paragraph 22 of the Amended Complaint.

23. Cisco denies the allegations in paragraph 23 of the Amended Complaint.

24. Cisco denies the allegations in paragraph 24 of the Amended Complaint.

### COUNT III: INFRINGEMENT OF THE '763 PATENT

25. Cisco incorporates by reference its responses in each of paragraphs 1-24 above.

26. Cisco admits that U.S. Patent No. 4,835,763 ("the '763 patent"), entitled "Survivable Ring Network," states on its face that it issued on May 30, 1989 to Chi-Leung Lau as the named inventor. Cisco admits that the '763 patent states on its face that it issued from U.S. Patent Application No. 152,238, filed on February 4, 1988. Except as so expressly admitted, Cisco denies the allegations of paragraph 26 of the Amended Complaint.

27. Cisco admits that the '763 patent states on its face that it was assigned to Bell Communications Research, Inc. Except as so expressly admitted, Cisco denies the allegations of paragraph 27 of the Amended Complaint.

28. Cisco denies the allegations in paragraph 28 of the Amended Complaint.

29. Cisco denies the allegations in paragraph 29 of the Amended Complaint.

30. Cisco denies the allegations in paragraph 30 of the Amended Complaint.

31. Cisco denies the allegations in paragraph 31 of the Amended Complaint.

32. Cisco denies the allegations in paragraph 32 of the Amended Complaint.

## II. DEFENSES

33. In addition to the defenses described below, Cisco expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST DEFENSE – NON-INFRINGEMENT

34. Cisco has not infringed, directly or indirectly, any valid claims of the '306 patent, '633 patent, or '763 patent.

### SECOND DEFENSE – INVALIDITY

35. The '306 patent, '633 patent, and '763 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 et seq., including, without limitation §§ 102, 103, 112, and 251.

### THIRD DEFENSE – LACHES AND ESTOPPEL

36. The relief sought by Telcordia is barred in whole or in part by the doctrines of laches and/or equitable estoppel.

### FOURTH DEFENSE – PATENT MISUSE/UNCLEAN HANDS

37. The relief sought by Telcordia is barred in whole or in part by the doctrines of unclean hands and/or patent misuse.

### FIFTH DEFENSE – PATENT EXHAUSTION/IMPLIED LICENSE

38. The relief sought by Telcordia is barred in whole or in part by the doctrines of patent exhaustion and/or implied license.

**SIXTH DEFENSE – INTERVENING RIGHTS**

39.     The relief Telcordia seeks is barred, in whole or in part, because Cisco is entitled to intervening rights with respect the '633 patent.

**SEVENTH DEFENSE – INEQUITABLE CONDUCT**

A.     **The '306 patent**

40.     The '306 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the '306 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '306 patent were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent and Trademark Office. The concealed information includes, without limitation: (1) L.T. Wu, S.H. Lee, and T.T. Lee, "Dynamic TDM – A Packet Approach to Broadband Networking," *Proceedings of the IEEE International Conference on Communications '87*, 46.1.1-46.1.8 (1987); (2) IEEE Standard 802.6 "Distributed Queue Dual Bus" and/or Queue Packet and Synchronization Circuit Exchange ("QPSX") products known, made, used, sold, offered for sale, in public use, patented and/or described in a printed publication prior to November 10, 1987; (3) the well-known FASTNET local area network protocol and products known, made, used, sold, offered for sale, in public use, patented and/or described in a printed publication prior to November 10, 1987, including as described in, *inter alia*, Limb et al., "An Architecture and Protocol for a High Speed Local Area Network Supporting Integrated Traffic," *Proceedings of the IEEE Infocom* 1984 (1984) and Limb. J.O. and Flores C., *Description of Fastnet – A Unidirectional Local Area Communications Network*, in <u>Advances in Local Area Networks</u> (IEEE Press 1987); (4) the Cisco/Stratacom IPX product known, made, used, sold, offered for sale, in public use, patented and/or described in a printed publication prior to November 10, 1987, including as described in, *inter alia*, Corbalis, "The Challenge of Packet Voice," *Telecommunications* (October 1986) and Corbalis, "A Design Example of a T1-based Fast Packet Voice Switch," *Proceedings of the IEEE International*

5

*Communications Conference '87* (1987); (5) ISDN and B-ISDN schemes and products known, made, used, sold, offered for sale, in public use, patented and/or described in a printed publication prior to November 10, 1987, including as described in, *inter alia*, *Proceedings of the First Pan European Conference on ISDN "ISDN Europe 86"* (November 5-7, 1986), the Groupe Special Large Bande ("GSLB") publication entitled "CEPT Studies on Broadband Aspects of ISDN – Status Report" (May 1986), Beckner, M. et al., "A Protocol and Prototype for Broadband Subscribers Access to ISDNs," *Proceedings of the International Switching Symposium 1987: 'Innovations in Switching Technology,'* Vol. 2 pp. 462-69 (March 1987), Minzer, S., "Broadband User-Network Interfaces to ISDN" *Proceedings of the IEEE International Communications Conference '87* (June 1987), Spears, D.R., "Broadband ISDN Switching Capabilities from a Service Perspective," *IEEE Journal on Selected Areas in Communications*, Vol. SAC-5 No. 8, pp. 1222-30 (October 1987), Linnell, L.R., "A Wide-Band Local Access System using Emerging-Technology Components" *IEEE Journal on Selected Areas in Communications*, Vol. SAC-4 No. 4, pp. 612-18 (July 1986), and Hayward, G. et al., "A Broadband ISDN Local Access System Using Emerging Technology Components," *Proceedings of the International Switching Symposium 1987: 'Innovations in Switching Technology,'* Vol. 3, pp. 597-601 (March 1987); and (6) the Prelude network known, made, used, sold, offered for sale, in public use, patented and/or described in a printed publication prior to November 10, 1987, including as described in, *inter alia*, J.P. Courdreuse et al., "Prelude: An Asynchronous Time Division Switched Network," *Proceedings of the IEEE International Communications Conference '87* (June 1987).

    **B.**    **The '633 Patent**

    41.    The '633 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the U.S. Patent No. 5,260,978, the patent from which the '633 patent reissued, the named inventors and/or others substantively involved in prosecuting the applications leading to the '978 patent were aware of material information,

including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent and Trademark Office. The concealed information includes, without limitation: (1) U.S. Pat. No. 4,530,091 entitled "Synchronization of Real-Time Clocks in a Packet Switching System," issued to Crockett, G.B.; (2) U.S. Pat. No. 5,255,291 entitled "Microprocessor Based Packet Isochronous Clocking Transmission System and Method," issued to Holden, B.D., et al.; (3) JP 3-114333 entitled "Clock Synchronization format in packet transmission, a packet transmitter, and packet receiver," issued to Ishikawa T., et al.; (4) CCITT Study Group XVIII/8 Contribution D.1123, entitled "Proposed Method to Provide the Clock Recovery Function for Circuit Emulation," December 1990; (5) Letter from P. Adam of CNET dated August 26, 1991 concerning discussion on TS/SFET; (6) Memorandum from R. Lau and B. Kittams of Bellcore dated October 11, 1991 concerning A Compromise of SFET and TS; (7) Memorandum from T. Houdoin to B. Kittams and R. Lau dated October 14, 1991 concerning Compromise SFET/TS; (8) CNET Memorandum from T. Houdoin to R. Lau and B. Kittams concerning Compromise SFET/TS (undated); (9) CCITT Study Group XVIII Contribution D.1020, entitled "Timing Recovery for CBR Circuit Emulation," (December 1990); (10) CCITT Study Group XVIII Contribution D.1451, entitled "Performance Comparison of Timing Recovery Methods of CBR (June 1991); (11) Submission to T1S1, entitled "Broadband Aspects of ISDN," T1S1.5/91-382 (Nov. 4, 1991); (12) Summary Minutes of T1 Services, Architecture, and Signaling Technical Subcommittees (T1S1) Session (Nov. 8, 1991); (13) CCITT Study Group XVIII Contribution entitled "Synchronous Residue-Time Stamp: A Combination of SFET/TS" (December 1991); (14) CCITT Study Group XVIII Contribution entitled "Report of the Meeting of SWP XVIII/8-3 (Services IVS and AAL types 1 and 2)" (December 1991); and (15) well-known prior art pulse stuffing synchronization techniques, including as described in, *inter alia*, Lau, R. C. et al., "Synchronous Techniques for Timing Recovery in BISDN," *IEEE Globecom*, pp. 814-820 (Dec. 1992).

### C. The '763 Patent

42. The '763 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the '763 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '763 patent were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent and Trademark Office. The concealed information includes, without limitation: (1) U.S. Pat. No. 4,354,267 entitled "Data Transmission System Utilizing Loop Transmission Lines Between Terminal Units," issued to Mori K., et al.; (2) U.S. Pat. No. 4,460,994 entitled "Loop Communication System," issued to Scanlon, J.M., et al.; (3) U.S. Pat. No. 4,538,264 entitled "Self-Repairing Ring Communications Network," issued to Bahr, R.G., et al.; and (4) U.S. Pat. No. 4,704,713 entitled "Optical Ring Network," issued to Haller, N.M., et al.

### III. COUNTERCLAIMS

Counterclaim plaintiff Cisco counterclaims against counterclaim defendant Telcordia as follows:

#### JURISDICTION AND VENUE

43. These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

#### THE PARTIES

44. Cisco is a corporation organized and existing under the laws of California, having a principal place of business at 170 West Tasman Drive, San Jose, California 95134.

45. Telcordia alleges that it is a corporation organized and existing under the laws of Delaware, having a principal place of business at One Telcordia Drive, Piscataway, New Jersey

08854. Telcordia further alleges that it is a provider of communications software, engineering and consulting services throughout the United States, including in the District of Delaware.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT
## '306 PATENT

46.   Cisco incorporates herein by reference the allegations of paragraphs 1 - 45 of this Answer, Affirmative Defenses and Counterclaims.

47.   Cisco counterclaims against Telcordia pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

48.   In its Amended Complaint against Cisco filed July 16, 2004, Telcordia alleged that Cisco has infringed and is currently infringing the '306 patent by making, using, offering for sale, selling and/or importing communication network products embodying the patented invention of the '306 patent.

49.   An actual controversy exists between Telcordia and Cisco by virtue of the allegations of Telcordia's Amended Complaint in this action and Cisco's Amended Answer as to the validity, enforceability and infringement of the '306 patent.

50.   The '306 patent is invalid, unenforceable, and not infringed, as set forth in paragraphs 33 through 42 above.

51.   Cisco is entitled to judgment that the '306 patent is invalid, unenforceable, and not infringed.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT
## '633 PATENT

52.   Cisco incorporates herein by reference the allegations of paragraphs 1 - 51 of this Answer, Affirmative Defenses and Counterclaims.

53. Cisco counterclaims against Telcordia pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

54. In its Amended Complaint against Cisco filed July 16, 2004, Telcordia alleged that Cisco has infringed and is currently infringing the '633 patent by making, using, offering for sale, selling and/or importing communication network products embodying the patented invention of the '633 patent.

55. An actual controversy exists between Telcordia and Cisco by virtue of the allegations of Telcordia's Amended Complaint in this action and Cisco's Amended Answer as to the validity, enforceability and infringement of the '633 patent.

56. The '633 patent is invalid, unenforceable, and not infringed, as set forth in paragraphs 33 through 42 above.

57. Cisco is entitled to judgment that the '633 patent is invalid, unenforceable, and not infringed.

## THIRD COUNTERCLAIM – DECLARATORY JUDGMENT
## '763 PATENT

58. Cisco incorporates herein by reference the allegations of paragraphs 1 - 57 of this Answer, Affirmative Defenses and Counterclaims.

59. Cisco counterclaims against Telcordia pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

60. In its Amended Complaint against Cisco filed June 17, 2005, Telcordia alleged that Cisco has infringed and is currently infringing the '763 patent by making, using, offering for sale, selling and/or importing communication network products embodying the patented invention of the '763 patent.

61. An actual controversy exists between Telcordia and Cisco by virtue of the allegations of Telcordia's Amended Complaint in this action and Cisco's Amended Answer as to the validity, enforceability and infringement of the '763 patent.

62. The '763 patent is invalid, unenforceable, and not infringed, as set forth in paragraphs 33 through 42 above.

63. Cisco is entitled to judgment that the '763 patent is invalid, unenforceable, and not infringed.

## DEMAND FOR JURY TRIAL

64. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cisco hereby demands a trial by jury of all issues.

## PRAYER FOR RELIEF

WHEREFORE, Cisco prays for judgment as follows on Telcordia's Amended Complaint and on Cisco's Counterclaims:

- A. That Telcordia's Amended Complaint be dismissed with prejudice and that Telcordia take nothing;

- B. That judgment be entered in favor of Cisco against Telcordia on Telcordia's Amended Complaint;

- C. For entry of an Order declaring the '306 patent, the '633 patent, and the '763 patent invalid, unenforceable, and not infringed by Cisco;

- D. That Telcordia be required to pay Cisco's costs of suit;

- E. That Telcordia be required to pay Cisco's attorneys' fees pursuant to 35 U.S.C. § 285;

- F. That this case be declared an exceptional case; and

- G. That Cisco be awarded such other and further relief as the court may deem just and proper.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL |
|---|---|
|  | */s/ Leslie A. Polizoti* |
|  | Jack B. Blumenfeld (#1014) <br> Leslie A. Polizoti (#4299) <br> 1201 North Market Street <br> Wilmington, DE 19899-1347 <br> (302) 658-9200 |
|  | Attorneys for Defendant <br> Cisco Systems, Inc. |

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Sonal N. Mehta
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Jessica L. Davis
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

August 3, 2005

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to Steven J. Balick and John G. Day.

I further certify that I caused to be served copies of the foregoing document on August 3, 2005 upon the following in the manner indicated:

BY HAND

Steven J. Balick
ASHBY & GEDDES
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

BY FEDERAL EXPRESS

Don O. Burley
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER
1300 I Street, N.W.
Washington, DC 20005-3315

/s/ Leslie A. Polizoti (#4299)
lpolizoti@mnat.com