IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC. | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No.  04-876-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC. | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## MOTION FOR PROTECTIVE ORDER

Telcordia has designated Messrs. Vernon Anthony and Joseph Giordano of Telcordia under the Stipulated Protective Order (D.I. 36).  Pursuant to Paragraph 10 of that Order, Cisco hereby moves for a protective order preventing the disclosure of Confidential Cisco information to these individuals.

"The question of whether to allow in-house counsel access to materials under a protective order is governed by the factual circumstances surrounding each individual counsel's activities, association and relationship with a party, and not the attorney's status as in-house or outside counsel." *Affymetrix, Inc. v. Illumina, Inc.*, 2005 WL 1801683, at *2 (D. Del. 2005) (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)).  "In determining whether in-house counsel should be permitted to access confidential information under a protective order, the court should consider whether the attorneys are involved in competitive decision making of the company and should examine the risks and safeguards surrounding inadvertent disclosure of the protected information." *Id.*   In the present case, both of these considerations weigh in favor of excluding Messrs. Anthony and Giordano.

First, the facts and circumstances surrounding Messrs. Anthony and Giordano's responsibilities at Telcordia make clear that both fall squarely within the case law's definition of those competitive decisionmakers that should be precluded from accessing protected

information.  Specifically, Mr. Anthony is Telcordia's Executive Director for Intellectual Capital Products.  *See* Curriculum Vitae of Vernon Anthony (attached hereto as Exhibit A).  Mr. Anthony is not a lawyer; he is a licensing executive.  *Id.*  Mr. Anthony's responsibilities at Telcordia are limited to the licensing of Telcordia's intellectual properly portfolio.  For example, according to Mr. Anthony's curriculum vitae, he "commercializ[es] Telcordia's intellectual property assets through licensing opportunities," "manag[es its] licensing program," and "structur[es] negotiated settlements."  In addition, Mr. Anthony has been an "active member" of the Licensing Executive Society since 1987.  All of this is consistent with his involvement in this case: it was Mr. Anthony that led Telcordia's pre-suit license negotiations with Cisco.  These facts demonstrate that Mr. Anthony is Telcordia's lead licensing executive and a competitive decisionmaker.

Similarly, Mr. Giordano is Corporate Vice President and General Counsel at Telcordia.  *See* Curriculum Vitae of Joseph Giordano (attached hereto as Exhibit B).  Mr. Giordano is responsible for "Day to Day management responsibility for all Legal/Contract Management/Procurement/IP and Licensing functions of the Corporation."  *Id.*  Mr. Giordano has "management responsibilities, including budget authority, decision making authority, supervisory responsibilities and day to day oversight" for all Telcordia "legal matters," including Telcordia IP licensing and patent prosecution.  *Id.*  Specifically, Mr. Giordano has management responsibilities relating to "procurement (i.e., purchasing) related to Telcordia's IP and contract management business functions."  *Id.*  He was also involved in Telcordia's pre-suit license negotiations with Cisco.

Second, Messrs. Anthony and Giordano's intense involvement and leadership roles in Telcordia's licensing business create a significant risk that Cisco's Confidential information will be inadvertently disclosed to or misused by Telcordia, including in future licensing or business interactions with Cisco.  This risk is obviously significant.  It is also unwarranted.  There is no evidence or indication that either Mr. Anthony or Mr. Giordano is

involved in the day-to-day or substantive aspects of managing this litigation. Neither of them requires access to Cisco's highly-confidential financial, business and technical documentation to perform his job. In any event, to the extent Telcordia's in-house legal team requires access to Cisco's confidential information at all, that access should be limited to those individuals who need that information for purposes of this litigation, and for whom sufficient safeguards exist to protect Cisco from inadvertent disclosure or potential misuse of its highly-confidential information. *See Affymetrix*, 2005 WL 1801683, at *2 ("the court . . . should examine the risks and safeguards surrounding inadvertent disclosure of the protected information"). Neither Mr. Giordano nor Mr. Anthony meets these basic requirements.

In sum, it is undisputed that Messrs. Anthony and Giordano are part of Telcordia's management team and are responsible for licensing. As such, the case law prohibits Messrs. Anthony and Giordano from accessing Cisco's Confidential information. *See, e.g.*, *Affymetrix*, 2005 WL 1801683, at *2 ("In a letter to Affymetrix, Illumina represented that Ms. Espinosa is part of Illumina's management team and is involved with settling patent litigation and licensing. Based on her role at Illumina which crosses over into the competitive-decision making at Illumina, the Court concludes that Ms. Espinosa is not appropriately included as a party to the protective order."). Cisco respectfully requests that the Court enter a protective order precluding Messrs. Anthony and Giordano from accessing material designated Confidential by Cisco pursuant to the Stipulated Protective Order.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Leslie A. Polizoti*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  *Attorneys for Defendant Cisco Systems, Inc.*

3

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(605) 802-3000

Ryan Owens
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY  10153

December 20, 2005

## <u>CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1</u>

   I hereby certify, pursuant to D. Del. LR 7.1.1, that the subject of the foregoing motion has been discussed with counsel for the plaintiff and that the parties have not been able to reach agreement thereon.


       /s/ *Leslie A. Polizoti* (#4299)_____
       Leslie A. Polizoti

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2005 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to John G. Day.

I also certify that copies were caused to be served on December 20, 2005 upon the following in the manner indicated:

<u>BY HAND AND E-MAIL</u>

John G. Day
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE  19899

<u>BY FEDERAL EXPRESS (on December 21, 2005) AND E-MAIL</u>

Don O. Burley
Finnegan, Henderson, Farabow, Garrett & Dunner
901 New York Ave., N.W.
Washington, DC 20001

/s/    *Leslie A. Polizoti* (#4299)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
lpolizoti@mnat.com