# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., <br><br>　　　　Plaintiff/Counterclaim Defendant, <br><br>　　v. <br><br>CISCO SYSTEMS, INC., <br><br>　　　　Defendant/Counterclaim Plaintiff. | Civil Action No. 04-876-GMS <br><br> DEMAND FOR JURY TRIAL |

## NOTICE OF DEPOSITION OF TELCORDIA PURSUANT TO RULE 30(b)(6)

　　　　PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Defendant Cisco will take the deposition of Plaintiff Telcordia on April 12, 2006 at 9:00 a.m. at the offices of Weil, Gotshal & Manges, 767 Fifth Avenue, New York, New York or another mutually convenient location. The deposition will be taken before a certified court reporter or other person authorized to administer oaths. The deposition will be recorded by videotape and by stenographic means. The deposition will continue from day to day until completed. Telcordia shall designate one or more officers, directors, employees, or managing agents, pursuant to Rule 30(b)(6), who consent to appear and testify on its behalf regarding the matters set forth in Schedule A.

　　　　　　　　　　　　　　　　　　　MORRIS, NICHOLS, ARSHT & TUNNELL LLP

　　　　　　　　　　　　　　　　　　　*/s/ Leslie A. Polizoti*

　　　　　　　　　　　　　　　　　　　―――――――――――――――――――
　　　　　　　　　　　　　　　　　　　Jack B. Blumenfeld (#1014)
　　　　　　　　　　　　　　　　　　　Leslie A. Polizoti (#4299)
　　　　　　　　　　　　　　　　　　　1201 N. Market Street
　　　　　　　　　　　　　　　　　　　P.O. Box 1347
　　　　　　　　　　　　　　　　　　　Wilmington, DE  19899
　　　　　　　　　　　　　　　　　　　(302) 658-9200
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Cisco Systems, Inc.*

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065

Ryan Owens
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY  10153

March 17, 2006

# SCHEDULE A

## DEFINITIONS

1. "Cisco" means Defendant Cisco Systems, Inc., its predecessors and successors, past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

2. "Telcordia," "you," and "your" means Plaintiff Telcordia Technologies, Inc., its predecessors and successors, including, but not limited to, Bell Communications Research, Inc., its past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

3. "Patents in Suit" means U.S. Patent Nos. 4,893,306, RE 36,633, and 4,835,763, and the applications that led to each of those patents.

4. "The '306 Patent," "the '633 Patent," and "the '763 patent" mean U.S. Patent No. 4,893,306, U.S. Patent No. RE 36,633, and U.S. Patent No. 4,835,763, respectively.

5. "Related Patents" means any and all patents and patent applications relating to the Patents in Suit, including any patents or patent applications (including all published and unpublished pending and abandoned applications) from or through which the Patents in Suit claim priority, including but not limited to U.S. Patent No. 5,260,978.

6. "Claim in Suit" means each claim in each of the Patents in Suit that Telcordia contends Cisco has infringed or is infringing.

7.  "Prior art" means all documents, information, or acts that qualify as prior art under any section or subsection of 35 U.S.C. §§ 102 and 103, or any system, method, apparatus, publication, patent or use which has been cited to Telcordia by any person or entity as "prior art" to any of the Patents in Suit.

7.  "Communication" means any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic email, or by any other medium.

8.  "Document" shall be interpreted to the full extent permitted by the Federal Rules of Civil Procedure and includes, without limitation, e-mail, files stored on electronic media, copies of letters, notes and records of telephone conversations, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, literature, patents, patent applications, specification sheets and diagrams, work assignments, reports, memoranda, memoranda of conversations, notes, notebooks, drafts, data sheets, work sheets, contracts and agreements, memoranda of agreements, assignments, licenses, sublicenses, opinions and reports of experts and consultants, books of account, orders, invoices, statements, bills, checks and vouchers, brochures, photographs, drawings, charts, catalogs, pamphlets, magazines, copies of magazines, decals, world-wide web and/or internet postings, trade letters, notices and announcements, and press releases, and all other printed, written, recorded, taped, electronic, graphic, computerized printout or other tangible materials of whatever kind known to, or in the possession, custody, or control of Telcordia. A draft or non-identical copy is a separate document within the meaning of this term.

8.  The words "any," "all," and "each" shall mean any, all, each, and every.

## TOPICS

1. All facts and circumstances relating to the licensing of any of the Patents in Suit or Related Patents, including but not limited to, the nature, terms, and scope of each license and each offer to license.

2. All facts and circumstances relating to all efforts to license and all negotiations related to the licensing of any of the Patents in Suit or Related Patents.

3. All facts and circumstances relating to any discussion or communication, including but not limited to demand letters, notice letters, presentations and claim charts, with any prospective licensee of any of the Patents in Suit or Related Patents.

4. Telcordia's policies and practices concerning its licensing of patents, trade secrets, and other intellectual property, including, but not limited to, any standard or preferred terms for license agreements and the process by which Telcordia determines the nature, scope, and terms of license agreements.

5. All facts and circumstances relating to Cisco's alleged infringement of each asserted claim of the Patents in Suit.

6. All facts and circumstances relating to Telcordia's first awareness of Cisco's alleged infringement of each of the Patents in Suit.

7. All facts and circumstances relating to Telcordia's first awareness of Cisco's manufacture or sale of each of the products that Telcordia alleges infringe any of the Patents in Suit.

8. All facts and circumstances relating to Telcordia' decision to bring this action against Cisco, including, but not limited to, Telcordia's decision to assert each of the '306, '633, and '763 patents against Cisco.

9. All facts and circumstances relating to Telcordia's first awareness that any Cisco product was allegedly capable of mapping packetized data into SONET frames.

10. All facts and circumstances relating to Telcordia's first awareness that any Cisco product was allegedly capable of performing Synchronous Residual Time Stamp (SRTS) recovery or was allegedly compliant with ITU I.363.1, ANSI TI.630, the ATM Forum Standard, or the ATM Forum Circuit Emulation Services AF-SAA-0032 Specification.

11. All facts and circumstances relating to Telcordia's first awareness that any Cisco product was allegedly capable of supporting Unidirectional Path Switched Ring (UPSR) protection switching or GR-1400.

12. Telcordia's testing or certification of any of the products that Telcordia alleges infringe any of the Patents in Suit, including, but not limited to, Telcordia's testing and certification of Cisco's products through its OSMINE process.

13. Telcordia's rights and interest in the Patents in Suit and all Related Patents.

14. All efforts by or on behalf of Telcordia to satisfy the marking requirements of 35 U.S.C. § 287 for each of the Patents in Suit.

15. All facts and circumstances relating to any communications between Telcordia and any third party relating to the Patents in Suit, including without limitation, communications regarding the scope, infringement, validity, or enforceability of, or prior art to, the Patents in Suit.

16. All facts and circumstances relating to Telcordia's communications with any standard setting body, including, but not limited to, CCITT, ITU-T, ANSI, and the ATM Forum, relating to the subject matter disclosed or claimed in any of the Patents in Suit.

17. Telcordia's alleged compliance with the patent disclosure policies of any standard setting body of which it is or has been a member.

18. All facts and circumstances relating to Telcordia's involvement in the development of any current or past industry standards or "Generic Requirements" that relate to the subject matter disclosed or claimed in any of the Patents in Suit, including, but not limited to, ITU I.363.1, ANSI TI.630, the ATM Forum Standard, the ATM Forum Circuit Emulation Services AF-SAA-0032 Specification, GR-253 and GR-1400.

19. All facts and circumstances relating to the preparation, filing, or prosecution of any applications that led to or resulted in any of the Patents in Suit or Related Patents.

20. All facts and circumstances relating to any decision as to what materials to cite, or not cite, during the prosecution of any applications that led to or resulted in any of the Patents in Suit or Related Patents.

21. All facts and circumstances relating to the research and development of the alleged invention of each Claim in Suit.

22. All facts and circumstances relating to the conception of the alleged invention of each Claim in Suit, including the date each alleged invention was first conceived and the first written description or depiction of each alleged invention.

23. All facts and circumstances relating to the first actual reduction to practice of the alleged invention of each Claim in Suit, including the date of each actual reduction to practice.

24. All facts and circumstances relating to any acts of diligence between the conception and the first actual or constructive reduction to practice of the alleged invention of each Claim in Suit.

25. All facts and circumstances relating to the best mode of practicing the alleged invention of each Claim in Suit contemplated by each of the named inventors at the time of filing any applications that led to or resulted in any of the Patents in Suit or Related Patents.

26. For each Patent in Suit, all facts and circumstances relating to: (a) the first manufacture of each claimed invention, (b) the first use of each claimed invention, (c) the first offer for sale of each claimed invention, (d) the first sale of each claimed invention, (e) the first public use of each claimed invention, and (f) the first public disclosure of the subject matter of each claimed invention, including, but not limited to, the date on which each such event occurred.

27. Telcordia's evaluation and analysis of Prior Art relating to any of the Patents in Suit or Related Patents, including, but not limited to, Prior Art that teaches or discloses an apparatus or method for simultaneously transmitting data from a plurality of sources with different bit rates, Prior Art that teaches or discloses an apparatus or method for recovering the timing signal of a source node clock at a destination node, and Prior Art that teaches or discloses an apparatus or method for protection switching in a ring network.

28. All facts and circumstances supporting or otherwise relating to any secondary considerations that Telcordia contends support the non-obviousness of any Claim in Suit, including, but not limited to, that the subject matter of any such claim satisfied a long-felt need, solved problems the industry failed to solve, was the subject of skepticism expressed in the industry, has been a commercial success, has had its significance recognized by the industry, has been copied by others, or has achieved unexpected results.

29. All facts and circumstances relating to any lawsuits, arbitrations, or other legal proceedings (other than the present action) involving the Patents in Suit.

30. The identity, features, function, structure and operation of each product developed, made, used, sold or offered for sale at any time that allegedly practiced, used or embodied, in whole or in part, the alleged invention of any claim of the Patents in Suit.

31. Telcordia's past and present organizational structure, including but not limited to, the identification of all personnel who have or had responsibilities for or duties relating to the design or development of any products falling within the subject matter disclosed or claimed in any of the Patents in Suit or Related Patents, developing industry standards or "Generic Requirements" relating to the subject matter disclosed or claimed in any of the Patents in Suit or Related Patents, or engaging in licensing discussions and negotiations relating to the subject matter disclosed or claimed in any of the Patents in Suit or Related Patents.

32. Telcordia's past and present corporate structure, including, but not limited to, the identification of all parent companies, subsidiaries, partnerships, joint ventures, and divisions.

33. Telcordia's search for and production of documents in this litigation, including, but not limited to, Telcordia's past and present policies regarding the retention or destruction of documents.

34. All facts and circumstances relating to any analysis, review, study or investigation by any person or entity of the validity, infringement or value of any of the Patents in Suit or Related Patents or the subject matter of any of the Patents in Suit or Related Patents.

35. All facts and circumstances relating to any due diligence conducted during any merger or acquisition of Bell Communications Research or Telcordia Technologies.

36. The identity of individuals with knowledge of each of the previous topics.

37. The identification of documents relating to each of the previous topics.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2006 I electronically filed the foregoing NOTICE OF SERVICE with the Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick and John G. Day.

I further certify that I caused to be served copies of the foregoing document on March 17, 2006 upon the following in the manner indicated:

| **BY HAND** | **BY FACSIMILE** |
|---|---|
| John G. Day<br>ASHBY & GEDDES<br>222 Delaware Avenue<br>Wilmington, DE 19801 | Don O. Burley<br>FINNEGAN, HENDERSON,<br> FARABOW, GARRETT & DUNNER<br>1300 I Street, N.W.<br>Washington, DC 20005-3315 |

**BY ELECTRONIC MAIL**

John Day (jday@ashby-geddes.com)
John Williamson (john.williamson@finnegan.com)
York Faulkner (york.faulkner@finnegan.com)
Don Burley (don.burley@finnegan.com)

*/s/ Leslie A. Polizoti* (#4299)
MORRIS, NICHOLS, ARSHT AND TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com