**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-876-GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S
OBJECTIONS TO DEFENDANT
CISCO SYSTEMS, INC.'S FIRST NOTICE OF 30(b)(6) DEPOSITION**

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects to

Defendant Cisco System's, Inc.'s ("Cisco") First Notice of 30(b)(6) Deposition to Telcordia.

**OBJECTIONS TO SCHEDULE A**

**GENERAL OBJECTIONS**

1.    Telcordia objects to the time and location of the deposition.  Subject to its

objections, Telcordia will make available representatives at a mutually agreeable time and place.

2.    Telcordia objects to the Deposition Topics as numerous, compound, and as

encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

3.      Telcordia further objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested. The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topics.

4.      Telcordia further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

5.      Telcordia further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

6.      Telcordia further objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

7.      Telcordia further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

8.      Telcordia further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

9.      Telcordia further objects to the Deposition Topics to the extent that they call for legal conclusions.

10.      Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Cisco's discovery requests as and for its objections to the Deposition Topics.

11.    Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

12.    Telcordia's responses will be based on Telcordia's present knowledge, information, and belief and may be subject to change or modification based on Telcordia's further discovery, or on facts or circumstances that may come to Telcordia's knowledge. Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

13.    Telcordia's responses are made solely for the purposes of this action.

14.    Telcordia objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases, such as the pending suits against Lucent and Alcatel (Telcordia Technologies, Inc. v. Lucent Technologies, Inc., Civil Action No. 04-875-GMS and Telcordia Technologies, Inc. v. Alcatel USA, Inc., Civil Action No. 04-874-GMS).

15.    These general objections apply to all of Telcordia's responses to the Deposition Topics. To the extent that specific objections are cited in a response, those specific citations are provided because they are believed to be particularly applicable to the specific Deposition Topic and are not to be construed as a waiver of any other general objection applicable to the information falling within the scope of the request.

## OBJECTIONS TO TOPICS OF THE DEPOSITION

## TOPIC NO. 1.

All facts and circumstances relating to the licensing of any of the Patents in Suit or Related Patents, including but not limited to, the nature, terms, and scope of each license and each offer to license.

3

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 2.**

All facts and circumstances relating to all efforts to license and all negotiations related to the licensing of any of the Patents in Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances," "all efforts," and "all negotiations" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 3.**

All facts and circumstances relating to any discussion or communication, including but not limited to demand letters, notice letters, presentations and claim charts, with any prospective licensee of any of the Patents in Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 4.**

Telcordia's policies and practices concerning its licensing of patents, trade secrets, and other intellectual property, including, but not limited to, any standard or preferred terms for license agreements and the process by which Telcordia determines the nature, scope, and terms of license agreements.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as vague and ambiguous as to the phrase "other intellectual property," which has been undefined by Cisco.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 5.**

All facts and circumstances relating to Cisco's alleged infringement of each asserted claim of the Patents in Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of

Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 6.

All facts and circumstances relating to Telcordia's first awareness of Cisco's alleged infringement of each of the Patents in Suit.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "first awareness."

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third

parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 7.

All facts and circumstances relating to Telcordia's first awareness of Cisco's manufacture or sale of each of the products that Telcordia alleges infringe any of the Patents in Suit.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "first awareness."

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 8.

All facts and circumstances relating to Telcordia's decision to bring this action against Cisco, including, but not limited to, Telcordia's decision to assert each of the '306, '633, and '763 patents against Cisco.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 9.**

All facts and circumstances relating to Telcordia's first awareness that any Cisco product was allegedly capable of mapping packetized data into SONET frames.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "first awareness."

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 10.

All facts and circumstances relating to Telcordia's first awareness that any Cisco product was allegedly capable of performing Synchronous Residual Time Stamp (SRTS) recovery or was allegedly compliant with ITU I.363.1, ANSI TI.630, the ATM Forum Standard, or the ATM Forum Circuit Emulation Services AF-SAA-0032 Specification.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "first awareness."

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 11.

All facts and circumstances relating to Telcordia's first awareness that any Cisco product was allegedly capable of supporting Unidirectional Path Switched Ring (UPSR) protection switching or GR- 1400.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "first awareness."

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 12.

Telcordia's testing or certification of any of the products that Telcordia alleges infringe any of the Patents in Suit, including, but not limited to, Telcordia's testing and certification of Cisco's products through its OSMINE process.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as vague and ambiguous with regard to the phrase "first awareness."

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 13.**

Telcordia's rights and interest in the Patents in Suit and all Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all Related Patents" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 14.**

All efforts by or on behalf of Telcordia to satisfy the marking requirements of 35 U.S.C. § 287 for each of the Patents in Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrase "requirements of 35 U.S.C. § 287."

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 15.

All facts and circumstances relating to any communications between Telcordia and any third party relating to the Patents in Suit, including without limitation, communications regarding the scope, infringement, validity, or enforceability of, or prior art to, the Patents in Suit.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic to the extent it seeks information regarding settlement discussions covered by Federal Rule of Evidence 408.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 16.

All facts and circumstances relating to Telcordia's communications with any standard setting body, including, but not limited to, CCITT, ITU-T, ANSI, and the ATM Forum, relating to the subject matter disclosed or claimed in any of the Patents in Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 17.**

Telcordia's alleged compliance with the patent disclosure policies of any standard setting body of which it is or has been a member.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 18.

All facts and circumstances relating to Telcordia's involvement in the development of any current or past industry standards or "Generic Requirements" that relate to the subject matter disclosed or claimed in any of the Patents in Suit, including, but not limited to, ITU I.363.1, ANSI TI.630, the ATM Forum Standard, the ATM Forum Circuit Emulation Services AF-SAA-0032 Specification, GR-253 and GR-1400.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 19.

All facts and circumstances relating to the preparation, filing, or prosecution of any applications that led to or resulted in any of the Patents in Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 20.**

All facts and circumstances relating to any decision as to what materials to cite, or not cite, during the prosecution of any applications that led to or resulted in any of the Patents in Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 21.

All facts and circumstances relating to the research and development of the alleged invention of each Claim in Suit.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 22.

All facts and circumstances relating to the conception of the alleged invention of each Claim in Suit, including the date each alleged invention was first conceived and the first written description or depiction of each alleged invention.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrases "conception," "first conceived," "first written description or depiction."

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 23.

All facts and circumstances relating to the first actual reduction to practice of the alleged invention of each Claim in Suit, including the date of each actual reduction to practice.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrase "first actual reduction to practice."

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 24.

All facts and circumstances relating to any acts of diligence between the conception and the first actual or constructive reduction to practice of the alleged invention of each Claim in Suit.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrases "diligence," "conception," and "first actual or constructive reduction to practice."

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 25.

All facts and circumstances relating to the best mode of practicing the alleged invention of each Claim in Suit contemplated by each of the named inventors at the time of filing any applications that led to or resulted in any of the Patents in Suit or Related Patents.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrase "best mode."

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 26.**

For each Patent in Suit, all facts and circumstances relating to: (a) the first manufacture of each claimed invention, (b) the first use of each claimed invention, (c) the first offer for sale of each claimed invention, (d) the first sale of each claimed invention, (e) the first public use of each claimed invention, and (f) the first public disclosure of the subject matter of each claimed invention, including, but not limited to, the date on which each such event occurred.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrases "first manufacture," "first use," "first offer for sale," "first sale," "first public use," and "first public disclosure."

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 27.

Telcordia's evaluation and analysis of Prior Art relating to any of the Patents in Suit or Related Patents, including, but not limited to, Prior Art that teaches or discloses an apparatus or method for simultaneously transmitting data from a plurality of sources with different bit rates, Prior Art that teaches or discloses an apparatus or method for recovering the timing signal of a source node clock at a destination node, and Prior Art that teaches or discloses an apparatus or method for protection switching in a ring network.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 28.

All facts and circumstances supporting or otherwise relating to any secondary considerations that Telcordia contends support the non-obviousness of any Claim in Suit, including, but not limited to, that the subject matter of any such claim satisfied a long-felt need, solved problems the industry failed to solve, was the subject of skepticism expressed in the industry, has been a commercial success, has had its significance recognized by the industry, has been copied by others, or has achieved unexpected results.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to this topic as vague and ambiguous, and possibly calling for a legal conclusion, with regard to the phrases "secondary considerations," "non-obviousness," "long-felt need," "commercial success," and "unexpected results."

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 29.

All facts and circumstances relating to any lawsuits, arbitrations, or other legal proceedings (other than the present action) involving the Patents in Suit.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all facts and circumstances" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 30.**

> The identity, features, function, structure and operation of each product developed, made, used, sold or offered for sale at any time that allegedly practiced, used or embodied, in whole or in part, the alleged invention of any claim of the Patents in Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 31.

Telcordia's past and present organizational structure, including but not limited to, the identification of all personnel who have or had responsibilities for or duties relating to the design or development of any products falling within the subject matter disclosed or claimed in any of the Patents in Suit or Related Patents, developing industry standards or "Generic Requirements" relating to the subject matter disclosed or claimed in any of the Patents in Suit or Related Patents, or engaging in licensing discussions and negotiations relating to the subject matter disclosed or claimed in any of the Patents in Suit or Related Patents.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 32.

Telcordia's past and present corporate structure, including, but not limited to, the identification of all parent companies, subsidiaries, partnerships, joint ventures, and divisions.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 33.

Telcordia's search for and production of documents in this litigation, including, but not limited to, Telcordia's past and present policies regarding the retention or destruction of documents.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 34.

All facts and circumstances relating to any analysis, review, study or investigation by any person or entity of the validity, infringement or value of any of the Patents in Suit or Related Patents or the subject matter of any of the Patents in Suit or Related Patents.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as premature, overbroad, unduly burdensome, and in violation of the Scheduling Order to the extent it may require Telcordia to designate expert witnesses or provide expert testimony on this topic.

Telcordia objects to the extent that a deposition on this topic in combination with

depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of

Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

## TOPIC NO. 35.

All facts and circumstances relating to any due diligence conducted during any merger or acquisition of Bell Communications Research or Telcordia Technologies.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though

fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by

attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or

accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's

possession, custody, or control that is subject to agreement, court order, or other duty preventing

disclosure to Cisco.

Telcordia objects to the extent that a deposition on this topic in combination with

depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of

Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal

Rules of Civil Procedure.

## TOPIC NO. 36.

The identity of individuals with knowledge of each of the previous topics.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 37.**

The identification of documents relating to each of the previous topics.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to designating a deponent to merely identify specific items when such information can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notice of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon

_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Attorneys for Plaintiff Telcordia Technologies, Inc.

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: March 24, 2006

167962.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of March, 2006, the attached **PLAINTIFF**

**TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT CISCO**

**SYSTEMS, INC.'S FIRST NOTICE OF 30(B)(6) DEPOSITION** was served upon the below-

named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                              <u>HAND DELIVERY</u>
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347


Matthew D. Powers, Esquire                              <u>VIA ELECTRONIC MAIL</u>
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065



*/s/ Tiffany Geyer Lydon*
Tiffany Geyer Lydon

150910.1