IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC.,<br><br>        Plaintiff,<br>        Counterclaim-Defendant,<br><br>        v.<br><br>CISCO SYSTEMS, INC.,<br><br>        Defendant,<br>       Counterclaim-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-876-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FOURTH NOTICE OF RULE 30(b)(6) DEPOSITION TO CISCO**

PLEASE TAKE NOTICE that beginning at 9:00 a.m. on April 24, 2006, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant, Cisco Systems, Inc. ("Cisco"). Cisco is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject matters set forth in Schedule A, attached hereto.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound, visual, or electronic means in addition to stenographic means.

                              ASHBY & GEDDES

                              */s/ John G. Day*

                              _____
                              Steven J. Balick (I.D. #2114)
                              John G. Day (I.D. #2403)
                              Tiffany Geyer Lydon (I.D. #3950)
                              222 Delaware Avenue, 17th Floor
                              P.O. Box 1150
                              Wilmington, Delaware 19899
                              (302) 654-1888
                              sbalick@ashby-geddes.com
                              jday@ashby-geddes.com
                              tlydon@ashby-geddes.com

                              *Attorneys for Plaintiff Telcordia*
                              *Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: March 30, 2006

**SCHEDULE A**

## DEFINITIONS

1.     All definitions and instructions set forth in Telcordia's previous discovery requests (*see, e.g.*, Telcordia's April 7, 2005, Requests for Production; Telcordia's July 22, 2005, First Notice of 30(b)(6) Deposition to Cisco) are incorporated as if set forth fully herein.

2.     For purposes of this Deposition Notice, the term "person" specifically refers to the present and past officers, employees, counsel, agents, consultants, and/or representatives of Cisco.

3.     For the purposes of this Deposition Notice, the term "Cisco" shall mean Cisco Systems, Inc., together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of or related to Cisco Systems, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and predecessors of Cisco Systems, Inc.

4.     The term "document" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email, compilations, and databases. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English translation of a requested document shall be deemed a separate document.

5.     The term "thing," as used in this Deposition Notice, has the same meaning prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Cisco.

## SUBJECTS OF THE DEPOSITION

1.     The dates on which Cisco first made, used, offered for sale, and sold in the United States each of the accused products.

2.     The dates on which any company or entity that was acquired by Cisco first made, used, offered for sale, and sold in the United States each of the accused products.

3.     On an annual basis since their introduction into the United States, Cisco's (1) sales of the accused products and (2) understanding and interpretations of any

3

increases, decreases, or other trends in the sales of the accused products and other networking products.

4. Cisco's accounting system(s) and methodologies, databases, and reports pertinent to the manufacture/procurement, importation into the United States, transfer pricing, orders by customers, sales, distribution, and installation of networking products, including the accused products.

5. Cisco's accounting system(s) and methodologies, databases, and reports pertinent to (1) tracking direct costs of Cisco's networking products, including the accused products, for the computation of gross margin and (2) tracking and allocating indirect costs/overhead, such as sales and general administrative costs (including commissions and other selling and distribution related costs), to networking products, including the accused products, for the computation of operating profit.

6. Identification and explanation of Cisco's cost reports for networking products and the accused products, including cost of goods sold reports, divisional cost reports, product line cost reports, and bill of material costs.

7. On an annual basis since the introduction of the accused products into the United States, Cisco's (1) gross margin (both percentage and dollar amounts) and (2) operating profit (both percentage and dollar amounts) from the sale of (1) all products, (2) all networking products, and (3) the accused products.

8. Identification and explanation of Cisco's internal and external financial statements, including (1) Cisco's overall, company-wide financial statements, (2) all financial statements concerning Cisco's networking products, and (3) all financial statements including or referring to the accused products.

9. Identification and explanation of all sales, cost, and profitability forecasts and projections prepared by or for Cisco concerning (1) networking products or (2) any of the accused products.

10. Identification and explanation of all reports provided to Cisco's management, including the corporate board, that refer or relate to sales, costs, sales and cost trends, sales and cost forecasts, sales and cost projections, and financial performance of (1) networking products or (2) any of the accused products.

11. Since the introduction of the accused products into the United States, (1) the pricing of Cisco's networking products, including the accused products, (2) Cisco's understanding, beliefs, and interpretations concerning the causes of price increases/decreases or other pricing trends, and (3) pricing and pricing trends of products that compete with Cisco's switching/router products.

12. Cisco's licensing (both inbound and outbound) of telecommunications-related technologies, including but not limited to (1) the nature, terms, and scope of each license and each offer to license; (2) all facts and circumstances relating to such license or offer to license; (3) all facts and circumstances relating to any discussion or communication (both within Cisco's organizations and with actual or potential licensors/licensees) concerning the license or offer to license.

13. Cisco's licensing policies and practices concerning licensing patents, trade secrets, and other intellectual property, including but not limited to any standard or preferred terms for license agreements, payment/computation of royalties, and reporting of royalties.

14. On an annual basis prior to the launch of each accused product, (1) amounts budgeted by Cisco for researching and developing the accused product and (2) Cisco's investment in researching and developing the accused product and any planned design around of any technology disclosed in the patents in suit, including the costs of raw materials, labor, design, retooling, interruption of business activities, and certification of new designs.

15. Cisco's acquisition of or merger with any third-party entity that developed and/or sold any accused product(s), including (1) all consideration paid in connection with the acquisition or merger, (2) all valuations of the business units that developed and/or sold the accused product(s), (3) all forecasts and projections concerning the accused product(s), and (4) the percentage contribution of revenues from the third-party entity's sale of the accused product(s) to the third-party entity's overall, company-wide revenues prior to the acquisition or merger.

16. Identification of product(s) sold in connection with the accused products, including but not limited to software, add-ons, upgrades, warranties, service agreements, etc., either at the time of sale or throughout the life of the product.

17. Identification and explanation of Cisco's business plans, market studies, and market share studies, concerning switching/router products, including the accused products and competitors' products.

18. Identification and explanation of Cisco's promotional material and other literature concerning the features and benefits of the accused products.

19.  Identification and explanation of the databases, documents, reports, and information created, kept, or maintained by Cisco, its contractors, and/or agents concerning or relating to the subject matter of the foregoing topics.

168164.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2006, the attached **FOURTH NOTICE OF RULE 30(b)(6) DEPOSITION TO CISCO** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | **HAND DELIVERY** |
| Matthew D. Powers, Esquire<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | **VIA ELECTRONIC MAIL** |

*/s/ John G. Day*
_____
John G. Day

150910.1