## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-876-GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REVISED FOURTH NOTICE OF 30(b)(6) DEPOSITION TO CISCO

PLEASE TAKE NOTICE that beginning at 9:00 am on May 10, 2006, in the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 901 New York Ave., NW, Washington, DC 20001, or at another time and place agreed upon by the parties, Plaintiff Telcordia Technologies, Inc. ("Telcordia") shall take the deposition upon oral examination of Defendant Cisco Systems Inc. ("Cisco"). The Revised Fourth Notice of 30(b)(6) Deposition to Cisco supersedes and replaces plaintiff's Fourth Notice of 30(b)(6) Deposition to Cisco, served on March 30, 2006. Cisco is directed to produce, pursuant to Fed. R. Civ. P. 30(b)(6), one or more of its officers, directors, managing agents, employees, or other designated persons to testify on its behalf with respect to the subject maters set forth in Schedule A, attached hereto.

The testimony derived pursuant to this Notice of Deposition shall be used for any and all appropriate purposes as provided by the Federal Rules of Civil Procedure and Evidence. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony may be recorded by sound, visual, or electronic means in addition to stenographic means.

ASHBY & GEDDES

/s/ John G. Day

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

Dated: April 20, 2006
168779.1

2

**SCHEDULE A**

## DEFINITIONS

1.      All definitions and instructions set forth in Telcordia's previous discovery

requests (*see, e.g.,* Telcordia's April 7, 2005 Requests for Production; Telcordia's July 22, 2005,

First Notice of 30(b)(6) Deposition to Cisco) are incorporated as if set forth fully herein.

2.      For purposes of this Deposition Notice, the term "person" specifically refers to

the present and past officers, employees, counsel, agents, consultants, and/or representatives of

Cisco.

3.      For the purposes of this Deposition Notice, the term "Cisco" shall mean Cisco

Systems, Inc., together with all partners, directors, owners, officers, members, employees,

agents, representatives, attorneys, and any other persons under the control of or related to Cisco

Systems, Inc., including all parents, divisions, subsidiaries, affiliates, sister entities, and

predecessors of Cisco Systems, Inc.

4.      The term "document" is used herein in a comprehensive sense as set forth in Rule

34(a) of the Federal Rules of Civil Procedure, and includes electronic items such as email,

compilations and databases.  Any original or copy of a document containing or having attached

to it any alterations, notes, comments, or other material not included in the first document shall

be deemed a separate document.  Any English translation of a requested document shall be

deemed a separate document.

5.      The term "thing" as used in this Deposition Notice, has the same meaning

prescribed in Rule 34 of the Federal Rules of Civil Procedure, and includes every kind of

physical specimen or tangible item, other than a document, in the possession, custody or control

of Cisco.

## SUBJECTS OF THE DEPOSITION

1.      The dates on which Cisco, and the dates on which any company or entity acquired by Cisco, first made, used, offered for sale, and sold in the United States each of the accused products.

2.      Identification and explanation of the information contained in Cisco's periodic sales, cost, and profit reports for each of the accused products.

3.      Explanation of the accounting methodology employed by Cisco for the computation of net revenue, direct costs and cost of goods sold, gross margin, allocated or indirect costs and overhead, and operating profit for its networking products, including the accused products.

4.      On an annual basis since the introduction of the accused products into the United States, comparison of Cisco's gross margin and operating profit from the sale of the accused products with gross margin and operating profit from the sale of Cisco's other networking products.

5.      Cisco's licensing policies and practices and licenses (both inbound and outbound) with respect to networking products, including the accused products.

6.      Cisco's research and development expenditures relating to the accused products and to any planned design-around of any technology disclosed by the patents-in-suit.

7.      Identification of products sold in connection with the accused products, including software, add-ons, upgrades, warranties, service agreements, etc., either at the time of sale or throughout the life of the accused product.

8.      Explanation of the product features and benefits promoted by Cisco in its advertising and promotional materials and product literature concerning the accused products.

9.      Any facts showing that Telcordia knew of, but delayed in asserting its claims for, Cisco's alleged infringement, that Cisco relied on that delay, and that Cisco suffered prejudice or injury as a result.

10.     Any facts showing that Telcordia's conduct led Cisco to believe that Telcordia would not pursue its infringement claims against Cisco, that Cisco relied on that conduct, and that Cisco suffered prejudice or injury as a result.

11.     Any facts showing that Telcordia actively acquiesced in Cisco's allegedly infringing conduct, that Cisco relied on such acquiescence, and that Cisco suffered prejudice or injury as a result.

12.     Any facts showing that Cisco, before the grant of the '633 patent, undertook preparations in connection with any accused products that were manufactured, used, sold, offered for sale, leased, or imported into the United States subsequent to the grant of the '633 patent.

13.     Any policies or practices of Cisco for searching, investigating, designing around, or licensing the patent rights of other entities relating to networking products.

14.     The dates on and circumstances under which Cisco first learned of the existence of each of the patents-in-suit, including any actions Cisco took in response; Cisco's knowledge of Telcordia's litigations against FORE Systems and Marconi Communications involving one or more the patents-in-suit; and Cisco's knowledge of Telcordia's attempts to license one or more of the patents-in-suit to Cisco or any other company.

15.     The extent to which Cisco has, since Telcordia's filing of this lawsuit, modified any of the accused products in response to Telcordia's infringement claims, and any facts

showing whether or not Cisco would have acted differently if Telcordia had filed this lawsuit sooner.

16.    Any facts showing that Cisco purchased, made, offered to sell, or sold any accused product pursuant to any license or "have made" rights under any of the patents-in-suit.

17.    Any facts showing whether or not Telcordia and/or its licensees marked any accused products under any of the patents-in-suit, and any facts showing whether or not Telcordia made efforts to require its licensees to mark their products.

18.    Any facts showing Cisco's awareness of, communications with, or participation in any standards organization or the ATM Forum concerning Telcordia or any of the patents-in-suit.

19.    Any communications between Cisco and Telcordia concerning licensing or any of the patents-in-suit.

168729.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2006, the attached **REVISED FOURTH**

**NOTICE OF 30(b)(6) DEPOSITION TO CISCO** was served upon the below-named counsel

of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                                          HAND DELIVERY
Morris, Nichols, Arsht & Tunnel
1201 North Market Street
Wilmington, DE  19899-1347


Matthew D. Powers, Esquire                                          VIA FEDERAL EXPRESS
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065



                                        /s/ John G. Day
                                        _____
                                        John G. Day