IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) Civil Action No. 04-876 (GMS) |
| | ) |
| CISCO SYSTEMS, INC., | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**NOTICE OF SUBPOENA (STEVEN E. MINZER)**

PLEASE TAKE NOTICE THAT Defendant Cisco Systems, Inc. has served the attached subpoena on Steven M. Minzer.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 North Market Street
Wilmington, DE 19899-1347
(302) 658-9200
lpolizoti@mnat.com
  *Attorneys for Cisco Systems, Inc.*

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
Thomas King
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Ryan Owens
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

April 27, 2006

Issued by the
United States District Court

_____ DISTRICT OF _____ NEW JERSEY _____

TELCORDIA TECHNOLOGIES, Inc.,
    Plaintiff
        v.
CISCO SYSTEMS, INC.,
    Defendant.

**SUBPOENA IN A CIVIL CASE**
CASE NUMBER: [1] 04-876 GMS
(District of Delaware)

TO:    **Steven E. Minzer**
      **Lucent Technologies, Inc.**
      **Whippany, NJ 07981**
      c/o  **Sasha Mayergoyz,**
           **Latham & Watkins**
           **Sears Tower, Suite 5800**
           **233 South Wacker Drive**
           **Chicago, IL 60606**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Weil, Gotshal & Manges LLP**<br>**767 Fifth Avenue**<br>**New York, NY 10153** | May 9, 2006<br>9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| **Weil, Gotshal & Manges LLP**<br>**201 Redwood Shores Parkway**<br>**Redwood Shores, CA 94065** | May 5, 2006<br>9:30 a.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br><br>ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC. | DATE<br>April 27, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sonal N. Mehta, Weil, Gotshal & Manges LLP, 201 Redwood Shores Parkway, Redwood Shores, California 94065;
Telephone: (650) 802-3000

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| SERVED | DATE<br><br>April 27, 2006 | PLACE<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606 |
|---|---|---|
| SERVED ON (PRINT NAME)<br>Sasha Mayergoyz | | MANNER OF SERVICE<br>via email |
| SERVED BY (PRINT NAME)<br>Sonal Mehta | | TITLE<br>Associate |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  4/27/06
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
201 Redwood Shores Parkway
Redwood Shores, CA  94065

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) required disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Cisco Systems, Inc. hereby requests that Steven E. Minzer produce for inspection and copying the documents described below.

## INSTRUCTIONS

A.  As used in these Requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all;" the word "including" shall mean "including but not limited to," so as to be most inclusive.

B.  Documents produced in response to these requests should be produced as they are kept in the usual course of business or should be organized and labeled to correspond with the categories in the request.

C.  If you contend that a portion of a document is subject to being withheld under a claim of privilege or immunity from production or that a portion of a document is non-responsive to the requests below, produce the entire document with any necessary redactions.

D.  If any document is withheld under a claim of privilege or immunity from production, separately identify each document for which such a privilege or immunity is claimed with the following information:

    (a)    the date of, or appearing on, the document;

    (b)    the document's author;

    (c)    the addressees of the document, if any;

    (d)    the identity of each recipient of a copy of the document;

    (e)    a description of the subject matter of the document;

(f) the privilege claimed; and

(g) the basis on which the privilege is claimed.

E. If a document request is silent as to the time period for which a response is sought, please respond by providing all information, regardless of time, through the date of your response.

## DEFINITIONS

A. As used herein, "you" and "your" shall mean Steven E. Minzer.

B. "Cisco" means Defendant Cisco Systems, Inc., its predecessors and successors, past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

C. "Telcordia," means Plaintiff Telcordia Technologies, Inc., its predecessors and successors, including, but not limited to, Bell Communications Research, Inc. ("Bellcore"), its past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

D. "Patents-in-Suit" means U.S. Patent Nos. 4,893,306, 4,835,763, and RE 36,633 individually and collectively.

E. "Related Patents" means any and all patents and patent applications relating to the Patents in Suit, including any patents or patent applications (including but not limited to all published, unpublished, pending, abandoned, divisional, continuation, continuation in part, or reissue applications) which share in whole or in part a common disclosure with the Patents in Suit, including but not limited to U.S. Patent No. 5,260,978.

F.    "Document" shall be interpreted to the full extent permitted by the Federal Rules of Civil Procedure and includes, without limitation, e-mail, files stored on electronic media, copies of letters, notes and records of telephone conversations, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, literature, patents, patent applications, specification sheets and diagrams, work assignments, reports, memoranda, memoranda of conversations, notes, notebooks, drafts, data sheets, work sheets, contracts and agreements, memoranda of agreements, assignments, licenses, sublicenses, opinions and reports of experts and consultants, books of account, orders, invoices, statements, bills, checks and vouchers, brochures, photographs, drawings, charts, catalogs, pamphlets, magazines, copies of magazines, decals, world-wide web and/or internet postings, trade letters, notices and announcements, and press releases; and all other printed, written, recorded, taped, electronic, graphic, computerized printout or other tangible materials of whatever kind known to, or in your possession, custody, or control. A draft or nonidentical copy is a separate document within the meaning of this term.

G.    As used herein, "proceeding(s)" shall mean any litigation, opposition, cancellation proceeding, mediation, arbitration, interference, request for reexamination, reexamination, reissue, or other judicial or administrative proceeding.

H.    As used herein, "communications(s)" shall mean all discussions, conversation, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, memoranda, telegrams, advertisements or other forms of information sent to or received from any person or entity, whether oral, written or electronic.

I.      As used herein, "relating to" shall mean pertaining to, concerning, referring to, describing, discussing, reflecting, evidencing, constituting or resulting from the matter specified.

## SPECIFIC REQUESTS

**REQUEST NO. 1:**

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to Asynchronous Transfer Mode or ATM between 1980 and 1990.

**REQUEST NO. 2:**

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to SONET between 1980 and 1990.

**REQUEST NO. 3:**

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to SYNTRAN between 1980 and 1990.

**REQUEST NO. 4:**

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to ATM over SONET between 1980 and the present.

**REQUEST NO. 5:**

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to the transmission of packetized data over any synchronous transport between 1980 and the present.

**REQUEST NO. 6:**

All documents and things relating to contributions by YOU or Bellcore to ANSI Committee T1.D1.

**REQUEST NO. 7:**

All documents and things relating to contributions by YOU or Bellcore to ANSI Committee T1.X1.

**REQUEST NO. 8:**

All documents and things relating to contributions by YOU or Bellcore to ANSI Committee T1.S1.

**REQUEST NO. 9:**

All documents and things relating to individuals involved in the research, development or standardization of ATM between 1980 and 1990.

**REQUEST NO. 10:**

All documents and things relating to individuals involved in the research, development or standardization of SONET between 1980 and 1990.

**REQUEST NO. 11:**

All documents and things relating to individuals involved in the research, development or standardization of SYNTRAN between 1980 and 1990.

**REQUEST NO. 12:**

All documents and things relating to individuals involved in the research, development or standardization of ATM over SONET between 1980 and the present.

**REQUEST NO. 13:**

All documents and things relating to individuals involved in the research, development or standardization of the transmission of packetized data over any synchronous transport between 1980 and the present.

**REQUEST NO. 14:**

All documents and thing relating to the Next Generation Switch Symposium Special Report SR-TSY-000755, Bell Communications Research, June 1987, including *inter alia*, all versions and drafts and documents relating to all contributors and recipients thereof.

**REQUEST NO. 15:**

All documents and thing relating to the Preliminary Special Report on Broadband ISDN Access, SR-TSY-000857, Bell Communications Research, December 1987, including *inter alia*, all versions and drafts and documents relating to all contributors and recipients thereof.

**REQUEST NO. 16:**

All documents and thing relating to Bell Communications Research Project Numbers 423311, 421306, 422100, 421301, 423102, 422202 and 421301, including *inter alia*, all documents, publications or reports produced, authored or created as part thereof.

**REQUEST NO. 17:**

All documents and thing relating to Bellcore's Broadband ISDN Task Group including *inter alia*, all documents, publications or reports produced, authored or created as part thereof.

**REQUEST NO. 18:**

All communications, including email communications between you and anyone at Bell Communications Research or Telcordia concerning the subject matter or licensing of any of the Patents-in-Suit.

**REQUEST NO. 19:**

All communications, including email communications between you and anyone outside of Bell Communications Research or Telcordia concerning the subject matter or licensing of any of the Patents-in-Suit.

**REQUEST NO. 20:**

All documents and things relating to Civil Action No. 98-586 (D. Del.) between Telcordia and Fore Systems, Inc. (also known as Marconi Communications, Inc.), including all documents that you provided to Telcordia or anyone else concerning that case.

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2006 I electronically filed the foregoing NOTICE OF SERVICE with the Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick and John G. Day.

I further certify that I caused to be served copies of the foregoing document on April 27, 2006 upon the following in the manner indicated:

**BY HAND**

John G. Day
ASHBY & GEDDES
222 Delaware Avenue
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

John Day (jday@ashby-geddes.com)

John Williamson (john.williamson@finnegan.com)

York Faulkner (york.faulkner@finnegan.com)

Don Burley (don.burley@finnegan.com)

**BY FEDERAL EXPRESS**

Don O. Burley
FINNEGAN, HENDERSON,
 FARABOW, GARRETT & DUNNER
1300 I Street, N.W.
Washington, DC 20005-3315

*/s/ Jack B. Blumenfeld(#1014)*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com