IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | C.A. No. 04-876 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**CISCO'S SECOND NOTICE OF DEPOSITION
OF TELCORDIA PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Defendant Cisco Systems, Inc. will take the deposition of Plaintiff Telcordia Technologies, Inc. ("Telcordia") on May 8, 2006 at 9:00 a.m. at the offices of Weil, Gotshal & Manges, 767 Fifth Avenue, New York, New York or another mutually convenient location. The deposition will be taken before a certified court reporter or other person authorized to administer oaths. The deposition will be recorded by videotape and by stenographic means. The deposition will continue from day to day until completed. Telcordia shall designate one or more officers, directors, employees, or managing agents, pursuant to Rule 30(b)(6), who consent to appear and testify on its behalf regarding the matters set forth in Schedule A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/     Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
 *Attorneys for Defendant Cisco Systems, Inc.*

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
Thomas B. King
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065

Ryan Owens
WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY  10153

May 1, 2006

## **SCHEDULE A**

## **DEFINITIONS**

1. "Cisco" means Defendant Cisco Systems, Inc., its predecessors and successors, past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

2. "Telcordia," "you," and "your" means Plaintiff Telcordia Technologies, Inc., its predecessors and successors, including, but not limited to, Bell Communications Research, Inc. ("Bellcore"), its past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

3. "Patents in Suit" means U.S. Patent Nos. 4,893,306, RE 36,633, and 4,835,763, and the applications that led to each of those patents.

4. "The '306 Patent," "the '633 Patent," and "the '763 patent" mean U.S. Patent No. 4,893,306, U.S. Patent No. RE 36,633, and U.S. Patent No. 4,835,763, respectively.

5. "Related Patents" means any and all patents and patent applications relating to the Patents in Suit, including any patents or patent applications (including all published and unpublished pending and abandoned applications) from or through which the Patents in Suit claim priority, including but not limited to U.S. Patent No. 5,260,978.

6. "Claim in Suit" means each claim in each of the Patents in Suit that Telcordia contends Cisco has infringed or is infringing.

7. "Prior art" means all documents, information, or acts that qualify as prior art under any section or subsection of 35 U.S.C. §§ 102 and 103, or any system, method, apparatus, publication, patent or use which has been cited to Telcordia by any person or entity as "prior art" to any of the Patents in Suit.

7. "Communication" means any form of oral or written interchange, whether in person, by telephone, by facsimile, by telex, by electronic email, or by any other medium.

8. "Document" shall be interpreted to the full extent permitted by the Federal Rules of Civil Procedure and includes, without limitation, e-mail, files stored on electronic media, copies of letters, notes and records of telephone conversations, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, literature, patents, patent applications, specification sheets and diagrams, work assignments, reports, memoranda, memoranda of conversations, notes, notebooks, drafts, data sheets, work sheets, contracts and agreements, memoranda of agreements, assignments, licenses, sublicenses, opinions and reports of experts and consultants, books of account, orders, invoices, statements, bills, checks and vouchers, brochures, photographs, drawings, charts, catalogs, pamphlets, magazines, copies of magazines, decals, world-wide web and/or internet postings, trade letters, notices and announcements, and press releases, and all other printed, written, recorded, taped, electronic, graphic, computerized printout or other tangible materials of whatever kind known to, or in the possession, custody, or control of Telcordia. A draft or non-identical copy is a separate document within the meaning of this term.

9. The words "any," "all," and "each" shall mean any, all, each, and every.

**TOPICS**

1. The structure and organization of Bellcore's Networking Group from 1980 to the present, including an identification of all personnel therein and their duties and responsibilities.

2. The structure and organization of Bellcore's Systems Group from 1980 to the present, including an identification of all personnel therein and their duties and responsibilities.

3. The structure and organization of Bellcore's Broadband ISDN Task Group, including an identification of all personnel therein and their duties and responsibilities.

4. The structure and organization of Bellcore Project Numbers 423311, 421306, 422100, 421301, 423102, 422202 and 421301, including an identification of all personnel therein and their duties and responsibilities.

5. All facts and circumstances relating to the research and work of Bellcore's Networking Group from 1980 to the present, including but not limited to, the research, development or standardization of technologies relating to ATM, SONET, SYNTRAN, ATM over SONET, or the transmission of any packetized data over a synchronous transport.

6. All facts and circumstances relating to the research and work of Bellcore's Systems Group from 1980 to the present, including but not limited to, the research, development or standardization of technologies relating to ATM, SONET, SYNTRAN, ATM over SONET, or the transmission of any packetized data over a synchronous transport.

7. All facts and circumstances relating to the research and work of Bellcore's Broadband ISDN Task Group, including but not limited to, the research, development or standardization of technologies relating to ATM, SONET, SYNTRAN, ATM over SONET, or the transmission of any packetized data over a synchronous transport.

8. All facts and circumstances relating to the research and work of Bellcore Project Numbers 423311, 421306, 422100, 421301, 423102, 422202 and 421301, including but not limited to, the research, development or standardization of technologies relating to ATM, SONET, SYNTRAN, ATM over SONET, or the transmission of any packetized data over a synchronous transport.

9. The identity and location of all technical memoranda, papers, presentations, reports, studies, communications or other documents generated in connection with the Broadband ISDN Task Group, including an identification of all authors, contributors, and recipients thereof.

10. The identity and location of all technical memoranda, papers, presentations, reports, studies, communications or other documents generated in connection with Bellcore Project Numbers 423311, 421306, 422100, 421301, 423102, 422202 and 421301, including an identification of all authors, contributors, and recipients thereof.

11. Telcordia's formal and informal policies, procedures and practices between 1980 and the present relating to the distribution or circulation of technical memoranda, papers, presentations, reports, studies, communications and other documents, including without limitation any confidentiality or other restrictions placed thereon.

12. Telcordia's search for and production of documents in this litigation, including, but not limited to, the locations searched and the identity of individuals whose personal files, computers, email or archives were searched.

13. The identity of individuals with knowledge of each of the previous topics.

14. The identification of documents relating to each of the previous topics.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2006 I electronically filed Cisco's Second Notice of Deposition of Telcordia Pursuant to Rule 30(b)(6) with the Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick and John G. Day.

I further certify that I caused copies of the foregoing document to be served on May 1, 2006 upon the following in the manner indicated:

| **BY HAND** | **BY FEDERAL EXPRESS** |
|---|---|
| John G. Day | Don O. Burley |
| ASHBY & GEDDES | FINNEGAN, HENDERSON, |
| 222 Delaware Avenue | FARABOW, GARRETT & DUNNER |
| Wilmington, DE 19801 | 901 New York Avenue |
| | Washington, DC 20001 |

**BY ELECTRONIC MAIL**

John Day (jday@ashby-geddes.com)
John Williamson (john.williamson@finnegan.com)
York Faulkner (york.faulkner@finnegan.com)
Don Burley (don.burley@finnegan.com)

/s/     Jack B. Blumenfeld
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com

5