**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-876-GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S
OBJECTIONS TO DEFENDANT
CISCO SYSTEMS, INC.'S SECOND NOTICE OF 30(b)(6) DEPOSITION**

Plaintiff Telcordia Technologies Inc. ("Telcordia"), by its attorneys, hereby objects to

Defendant Cisco System's, Inc.'s ("Cisco") Second Notice of 30(b)(6) Deposition to Telcordia.

**OBJECTIONS TO SCHEDULE A**

**GENERAL OBJECTIONS**

1.      Telcordia objects to the time and location of the deposition.  Subject to its

objections, Telcordia will make available representatives at a mutually agreeable time and place.

2.      Telcordia objects to the Deposition Topics as numerous, compound, and as

encompassing multiple depositions under Federal Rule of Civil Procedure 30(a)(2)(A).

3.      Telcordia further objects to the Deposition Topics to the extent they are vague, ambiguous, incapable of reasonable ascertainment, and/or fail to describe with reasonable particularity the matters on which examination is requested.  The level and specificity of the knowledge for which Telcordia will be able to prepare a witness to testify is necessarily commensurate in scope with the specificity of the Topics.

4.      Telcordia further objects to the Deposition Topics to the extent they seek information protected from disclosure by attorney-client privilege and/or work-product immunity, or information otherwise protected from disclosure.

5.      Telcordia further objects to the Deposition Topics to the extent they seek confidential and/or proprietary information, including the proprietary information of third parties provided to Telcordia under confidentiality obligations.

6.      Telcordia further objects to the Deposition Topics to the extent that they assume facts that are not accurate, known to Telcordia, or relevant to the claims and defenses in this litigation.

7.      Telcordia further objects to the Deposition Topics to the extent that the information requested therein is not within the possession, custody, or control of Telcordia.

8.      Telcordia further objects to the Deposition Topics to the extent they are cumulative and/or duplicative.

9.      Telcordia further objects to the Deposition Topics to the extent that they call for legal conclusions.

10.     Telcordia incorporates its objections to the definitions and instructions set forth in Telcordia's previous responses to Cisco's discovery requests as and for its objections to the Deposition Topics.

11.     Telcordia objects to identifying witnesses or providing testimony concerning information that was provided or learned as a result of any OSMINE or certification process because third parties, including Cisco, have placed certain restrictions on Telcordia's use of this information for purposes other than OSMINE or certification.

12.     Telcordia's responses will be based on Telcordia's present knowledge, information, and belief and may be subject to change or modification based on Telcordia's further discovery, or on facts or circumstances that may come to Telcordia's knowledge. Telcordia assumes no obligation to supplement its responses, however, beyond those imposed by the Federal Rules of Civil Procedure and/or this Court's Local Rules.

13.     Telcordia's responses are made solely for the purposes of this action.

14.     Telcordia objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases, such as the pending suits against Lucent and Alcatel (Telcordia Technologies, Inc. v. Lucent Technologies, Inc., Civil Action No. 04-875-GMS and Telcordia Technologies, Inc. v. Alcatel USA, Inc., Civil Action No. 04-874-GMS).

15.     Telcordia objects to the extent that this deposition in combination with depositions of other witnesses would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

16.     These general objections apply to all of Telcordia's responses to the Deposition Topics.  To the extent that specific objections are cited in a response, those specific citations are provided because they are believed to be particularly applicable to the specific Deposition Topic and are not to be construed as a waiver of any other general objection applicable to the information falling within the scope of the request.

## OBJECTIONS TO TOPICS OF THE DEPOSITION

### TOPIC NO. 1:

The structure and organization of Bellcore's Networking Group from 1980 to the present, including an identification of all personnel therein and their duties and responsibilities.

### RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the twenty-six year time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overly broad, unduly burdensome, and irrelevant to the extent Cisco is demanding that Telcordia designate numerous deponents and provide deposition testimony for the purpose of generating a list of persons and then describing the duties of every individual on that list. Telcordia has already produced documents that would be responsive to this request and the particular information sought in this noticed topic can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought an identification of persons and entities or an identification of documents and things. In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's expressed willingness to accept complete written responses to specific topics in lieu of oral testimony, Cisco has refused to designate or

4

make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 1-2 and 5-7, and Cisco has never provided any written responses in lieu of testimony.  Consequently, it would be prejudicial, completely one-sided, and unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all personnel" as well as "their duties and responsibilities" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 2:

The structure and organization of Bellcore's Systems Group from 1980 to the present, including an identification of all personnel therein and their duties and responsibilities.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the twenty-six year time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overly broad, unduly burdensome, and irrelevant to the extent Cisco is demanding that Telcordia designate numerous deponents and provide deposition testimony for the purpose of generating a list of persons and then describing the duties of every individual on that list. Telcordia has already produced documents that would be responsive to this request and the particular information sought in this noticed topic can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought an identification of persons and entities or an identification of documents and things. In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's expressed willingness to accept complete written responses to specific topics in lieu of oral testimony, Cisco has refused to designate or make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 1-2 and 5-7, and Cisco has never provided any written responses in lieu of testimony. Consequently, it would be prejudicial, completely one-sided, and

unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all personnel" as well as "their duties and responsibilities" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 3:

The structure and organization of Bellcore's Broadband ISDN Task Group, including an identification of all personnel therein and their duties and responsibilities.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the unlimited time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overly broad, unduly burdensome, and irrelevant to the extent Cisco is demanding that Telcordia designate numerous deponents and provide deposition testimony for the purpose of generating a list of persons and then describing the duties of every individual on that list. Telcordia has already produced documents that would be responsive to this request and the particular information sought in this noticed topic can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought an identification of persons and entities or an identification of documents and things. In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's expressed willingness to accept complete written responses to specific topics in lieu of oral testimony, Cisco has refused to designate or make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 1-2 and 5-7, and Cisco has never provided any written responses in lieu of testimony. Consequently, it would be prejudicial, completely one-sided, and unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all personnel" as well as "their duties and responsibilities" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 4:

The structure and organization of Bellcore Project Numbers 423311, 421306, 422100, 421301, 423102, 422202 and 421301, including an identification of all personnel therein and their duties and responsibilities.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the unlimited time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overly broad, unduly burdensome, and irrelevant to the extent Cisco is demanding that Telcordia designate numerous deponents and provide deposition

testimony for the purpose of generating a list of persons and then describing the duties of every individual on that list. Telcordia has already produced documents that would be responsive to this request and the particular information sought in this noticed topic can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought an identification of persons and entities or an identification of documents and things. In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's expressed willingness to accept complete written responses to specific topics in lieu of oral testimony, Cisco has refused to designate or make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 1-2 and 5-7, and Cisco has never provided any written responses in lieu of testimony. Consequently, it would be prejudicial, completely one-sided, and unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad and unduly burdensome to the extent it requires identification of "all personnel" as well as "their duties and responsibilities" during the deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 5:

All facts and circumstances relating to the research and work of Bellcore's Networking Group from 1980 to the present, including but not limited to, the research, development or standardization of technologies relating to ATM, SONET, SYNTRAN, ATM over SONET, or the transmission of any packetized data over a synchronous transport.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the twenty-six year time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad, irrelevant, and unduly burdensome to the extent it requires identification of "all facts and circumstances" relating to the "research and work" of a group during the deposition, since Telcordia cannot possibly provide all the information literally encompassed by this topic even if numerous deponents attempted to do so during a deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 6:

All facts and circumstances relating to the research and work of Bellcore's Systems Group from 1980 to the present, including but not limited to, the research, development or standardization of technologies relating to ATM, SONET, SYNTRAN, ATM over SONET, or the transmission of any packetized data over a synchronous transport.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the twenty-six year time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad, irrelevant, and unduly burdensome to the extent it requires identification of "all facts and circumstances" relating to the "research and work" of a group during the deposition, since Telcordia cannot possibly provide all the information literally encompassed by this topic even if numerous deponents attempted to do so during a deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 7:**

All facts and circumstances relating to the research and work of Bellcore's Broadband ISDN Task Group, including but not limited to, the research, development or standardization of technologies relating to ATM, SONET, SYNTRAN, ATM over SONET, or the transmission of any packetized data over a synchronous transport.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the unlimited time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad, irrelevant, and unduly burdensome to the extent it requires identification of "all facts and circumstances" relating to the "research and work" of a group during the deposition, since Telcordia cannot possibly provide all the information literally encompassed by this topic even if numerous deponents attempted to do so during a deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 8:

All facts and circumstances relating to the research and work of Bellcore Project Numbers 423311, 421306, 422100, 421301, 423102, 422202 and 421301, including but not limited to, the research, development or standardization of technologies relating to ATM, SONET, SYNTRAN, ATM over SONET, or the transmission of any packetized data over a synchronous transport.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the unlimited time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as overly broad, irrelevant, and unduly burdensome to the extent it requires identification of "all facts and circumstances" relating to the "research and work" of a group during the deposition, since Telcordia cannot possibly provide all the information literally encompassed by this topic even if numerous deponents attempted to do so during a deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 9:

The identity and location of all technical memoranda, papers, presentations, reports, studies, communications or other documents generated in connection with the Broadband ISDN Task Group, including an identification of all authors, contributors, and recipients thereof.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the unlimited time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overly broad, unduly burdensome, and irrelevant to the extent Cisco is demanding that Telcordia designate numerous deponents and provide deposition testimony for the purpose of generating a list of documents and then identifying everyone who may have contributed to or received every document on that list. Telcordia has already produced documents that would be responsive to this request and the particular information sought in this noticed topic can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought an identification of persons and entities or an identification of documents and things. In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's expressed willingness to accept complete

written responses to specific topics in lieu of oral testimony, Cisco has refused to designate or make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 1-2 and 5-7, and Cisco has never provided any written responses in lieu of testimony. Consequently, it would be prejudicial, completely one-sided, and unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as vague, irrelevant, overly broad, and unduly burdensome to the extent it requires identification of documents and communication generated "in connection" with a group, to the extent it requires identification of "all" communications or other documents, and to the extent it requires identification of "all authors, contributors, and recipients" during the deposition, since Telcordia cannot possibly provide all the information literally encompassed by this topic even if numerous deponents attempted to do so during a deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 10:**

The identity and location of all technical memoranda, papers, presentations, reports, studies, communications or other documents generated in connection with Bellcore Project Numbers 423311, 421306, 422100, 421301, 423102, 422202 and 421301, including an identification of all authors, contributors, and recipients thereof.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the unlimited time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overly broad, unduly burdensome, and irrelevant to the extent Cisco is demanding that Telcordia designate numerous deponents and provide deposition testimony for the purpose of generating a list of documents and then identifying everyone who may have contributed to or received every document on that list.  Telcordia has already produced documents that would be responsive to this request and the particular information sought in this noticed topic can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought an identification of persons and entities or an identification of documents and things.  In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's expressed willingness to accept complete written responses to specific topics in lieu of oral testimony, Cisco has refused to designate or

make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 1-2 and 5-7, and Cisco has never provided any written responses in lieu of testimony. Consequently, it would be prejudicial, completely one-sided, and unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as vague, irrelevant, overly broad, and unduly burdensome to the extent it requires identification of documents and communication generated "in connection" with a project, to the extent it requires identification of "all" communications or other documents, and to the extent it requires identification of "all authors, contributors, and recipients" during the deposition, since Telcordia cannot possibly provide all the information literally encompassed by this topic even if numerous deponents attempted to do so during a deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 11:

Telcordia's formal and informal policies, procedures and practices between 1980 and the present relating to the distribution or circulation of technical memoranda, papers, presentations, reports, studies, communications and other documents, including without limitation any confidentiality or other restrictions placed thereon.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the twenty-six year time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 12:

Telcordia's search for and production of documents in this litigation, including, but not limited to, the locations searched and the identity of individuals whose personal files, computers, email or archives were searched.

## RESPONSE:

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought information concerning Cisco's search for and production of responsive and relevant documents in this litigation in response to Telcordia's discovery requests. In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's revision of certain noticed topics in response to Cisco requests, Cisco has refused to designate or make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 9-11, and Cisco has never provided any written responses in lieu of testimony. Consequently, it would be prejudicial, completely one-sided, and unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months based on Cisco's claim of attorney-client privilege and attorney work product protection.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of

Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

**TOPIC NO. 13:**

The identity of individuals with knowledge of each of the previous topics.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the unlimited time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overly broad, unduly burdensome, and irrelevant to the extent Cisco is demanding that Telcordia designate numerous deponents and provide deposition testimony for the purpose of generating a list of persons and then attempting to describe the knowledge of every individual on that list. Telcordia has already produced documents that would be responsive to this request and the particular information sought in this noticed topic can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought an identification of persons and entities or an identification of documents and things. In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's expressed willingness to accept complete

written responses to specific topics in lieu of oral testimony, Cisco has refused to designate or make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 1-2 and 5-7, and Cisco has never provided any written responses in lieu of testimony. Consequently, it would be prejudicial, completely one-sided, and unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as vague, irrelevant, overly broad, and unduly burdensome to the extent it requires identification of individuals "with knowledge" of an overbroad set of topics, since Telcordia cannot possibly provide testimony about the knowledge of every individual concerning each listed topic, even if numerous deponents attempted to do so during a deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

## TOPIC NO. 14:

The identification of documents relating to each of the previous topics.

**RESPONSE:**

Telcordia incorporates by reference each of the applicable general objections as though fully set forth herein.

Telcordia objects to this topic to the extent it seeks information that is protected by attorney-client privilege or work product immunity.

Telcordia objects to the unlimited time frame set forth in this topic as overly broad and unduly burdensome since it encompasses time periods that are completely irrelevant to any claim or defense of any party to this action.

Telcordia objects to this topic as overly broad, unduly burdensome, and irrelevant to the extent Cisco is demanding that Telcordia designate numerous deponents and provide deposition testimony for the purpose of generating a list of documents and then attempting to describe how each such document relates to an overbroad set of topics. Telcordia has already produced documents that would be responsive to this request and the particular information sought in this noticed topic can and should be obtainable more efficiently by other methods of discovery.

Telcordia objects to this topic as unfair and unreasonable because Cisco, in response to Telcordia's Rule 30(b)(6) deposition notices served in December 2005, has objected to providing deposition testimony in response to any noticed topics that sought an identification of persons and entities or an identification of documents and things. In spite of multiple meet and confers over a four-month period, and in spite of Telcordia's expressed willingness to accept complete written responses to specific topics in lieu of oral testimony, Cisco has refused to designate or make available any Rule 30(b)(6) witness to testify concerning various topics in Telcordia's Third 30(b)(6) Notice, including topics 1-2 and 5-7, and Cisco has never provided any written responses in lieu of testimony. Consequently, it would be prejudicial, completely one-sided, and

unfair for Telcordia to provide these types of information by deposition when Cisco has refused to provide those same types of information for almost five months.

Telcordia objects to this topic as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

Telcordia objects to this topic to the extent it seeks third-party information in Telcordia's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

Telcordia objects to this topic as vague, irrelevant, overly broad, and unduly burdensome to the extent it requires identification of documents "relating to" an overbroad set of topics, since Telcordia cannot possibly provide testimony about every document that may relate in some sense to each listed topic, even if numerous deponents attempted to do so during a deposition.

Telcordia objects to the extent that a deposition on this topic in combination with depositions on numerous unrelated and overbroad topics set forth in Cisco's Notices of Deposition would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700

Dated: May 8, 2006
169301.1

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2006, the attached **PLAINTIFF**

**TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT CISCO**

**SYSTEMS INC.'S SECOND NOTICE OF 30(b)(6) DEPOSITION** was served upon the

below-named counsel of record at the address and in the manner indicated:


Jack B. Blumenfeld, Esquire                        HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347


Matthew D. Powers, Esquire                        VIA FEDERAL EXPRESS
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065



                                        /s/ Tiffany Geyer Lydon
                                        _____
                                        Tiffany Geyer Lydon

150910.1