IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-876-GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF WITHDRAWAL OF SUBPOENA

PLEASE TAKE NOTICE that Telcordia Technologies, Inc. hereby withdraws the attached subpoena directed to Sprint Nextel Company.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. # 3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Dated: May 22, 2006

169685.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC.,<br>v.<br>CISCO SYSTEMS, INC. | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: 04-CV-876 GMS |

TO: Sprint Nextel Company
　　c/o Corporation Service Company
　　　11 S. 12th Street
　　　P.O. Box 1463
　　　Richmond, VA 23218
　　2001 Edmund Halley Drive
　　Reston, Virginia 20191

Case pending in United States
District Court, District of Delaware

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case. See Topics of Examination in Schedule A.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Schedule B.

| PLACE | Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC 20001 | DATE AND TIME<br>May 24, 2006 |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| | DATE AND TIME |
|---|---|
| | |

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Griffith B. Price, Jr.<br>Griffith B. Price, Jr., Attorney for Plaintiff Telcordia Technologies, Inc. | 5/18/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Griffith B. Price, Jr.
Finnegan, Henderson, Farabow, Garrett, & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001
202 408 4071

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

GF:112

AO 88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
  (iv) subjects a person to undue burden.

(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

10/94

## SCHEDULE A

### DEFINITIONS

1. "YOU," "YOUR," means and refers to Sprint Nextel Corporation, which includes "Sprint Corporation," "Nextel Corporation," and "Sprint North Supply Company," and its directors, officers, agents, employees, attorneys, partners, affiliates, parents, subsidiaries, and other representatives or persons acting or purporting to act on its behalf, or within its control, and any person through whom or through which it conducts business.

2. "Cisco" means and refers to Cisco Systems, Inc. and its directors, officers, agents, employees, attorneys, partners, affiliates, parents, subsidiaries, and other representatives or persons acting or purporting to act on its behalf, or within its control, and any person through whom or through which it conducts business.

3. "Document" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34 and includes, but is not limited to, electronic compilations, databases, and all of the items defined in Federal Rules of Evidence 1001, and all preliminary and final drafts of any such items. Any original or copy of a document containing or having attached to it any alterations, notes, comments, or other material not included in the first document shall be deemed a separate document. Any English language translation of a requested document shall be deemed a separate document.

4. "Thing" has the broadest meaning accorded that term by Federal Rule of Civil Procedure 34, and includes every kind of physical specimen or tangible item, other than a document, in the possession, custody, or control of Defendant.

5. "Communication" means all written, electronic, oral, telephonic, or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e mail, and all other documents evidencing any verbal or nonverbal interaction between persons and entities.

6. "Relate to," "relates to," "relating to," "related to," "referring to," and "regarding" mean: relate, refer, regard, constitute, reflect, discuss, show, evidence, concern, or be in any way logically or factually connected with the matter discussed or identified.

7.  The "Relevant Patents" are as follows: U.S. Patent No. 4,893,306, U.S. Patent No. Re. 36,633, U.S. Patent No. 5,260,978, and U.S. Patent No. 4,835,763.

8.  "ATM" means Asynchronous Transfer Mode.

9.  "SONET" means Synchronous Optical Network.

10. "ANSI" means American National Standards Institute.

11. The term "UPSR" refers to "Unidirectional Path Switching Ring," and encompasses technologies that comply with GR-1400.

12. The term "product" shall mean hardware and/or software and shall include, without limitation, all models, prototypes, and modifications thereof.

13. "Packetized Data" is data formatted with a header field and an information field (*see* '306 patent, 7:2-13) including, without limitation: Frame Relay frames (*see, e.g.*, Broadband Telecommunications Handbook, p. 159, Fig. 10-4); Ethernet frames (*see, e.g.*, IEEE WG 802.3; Broadband Telecommunications Handbook, p. 160, Fig. 10-5); ATM cells (*see, e.g.*, ITU-T I.361 Figs. 1 and 2); RFC 1662 frames (*see, e.g.*, IETF RFC 1662 at Section 3.1); ITU-T X.86 LAPS frames (*see, e.g.*, ITU-T X.86 Figs. 6 and 7); ITU-T G.7041 GFP frames (*see, e.g.*, ITU-T G.7041 at Figs. 6-1 to 6-5), and MPLS packets (*see, e.g.* IETF RFC 3032 at Sections 1 to 2.1).

14. "Synchronous Residual Time Stamp Products" include products complying with the ATM Forum Standard, ITU-T Standard 1.363.1, and/or ANSI T1.630.

15. "UPSR Products" include products complying with GR-1400.

16. "Product(s)-In-Suit" include (1) all products that map Packetized Data into SONET frames; and (2) all products that practice and/or are capable of practicing the "Synchronous Residual Time Stamp" technology disclosed in the ATM Forum Standard (*see, e.g.*, af-vtoa-0078.000 Section 3.4.1), the ITU-T Standard I.363.1 (*see, e.g.*, Section 2.5.2.2.2), and/or the ANSI T1.630 standard (*see, e.g.*, Section 5 referencing I.363.1); and (3) all products that that perform UPSR automatic protection switching and/or that comply with GR-1400 (*see, e.g.*, GR-1400 Issue 1, Revision 1, Section 3).

## INSTRUCTIONS

1.  Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

4

2. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to insure that the source of each document may be determined, if necessary.

3. File folders with tabs or labels or directories of files identifying documents called for by these requests must be produced intact with such documents.

4. Documents attached to each other shall not be separated.

5. If you withhold any document based on some limitation of discovery (including, but not limited to, a claim of privilege), supply a list of the documents for which limitation of discovery is claimed, indicating:

   a. the identity of each document's author, writer, sender, or initiator;

   b. the identity of each document's recipient, addressee, or person for whom it was intended;

   c. the date of creation or transmittal indicated on each document or an estimate of that date, indicated as such, if no date appears on the document;

   d. its present location and the identity of its current custodian;

   e. a listing of all persons, including but not limited to addressees, to whom either copies of or information set forth in the document or thing have been disclosed, including the date and means of such disclosure;

   f. the general subject matter as described on each document, or, if no such description appears, then some other description sufficient to identify the document; and

   g. the nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting the assertion thereof.

## **DOCUMENTS AND THINGS TO BE PRODUCED PURSUANT TO SUBPOENA**

1. All documents and things received by YOU from Cisco relating to any of the Products-In-Suit since 1998, including but not limited to invoices, letters, faxes, and emails.

2. All documents and things sent by YOU to Cisco relating to any of the Products-In Suit since 1998, including but not limited to purchase orders, letters, faxes, and emails.

3. All documents and things regarding any potential indemnification by Cisco for any sales by YOU of any Product-In-Suit that may be accused of infringing patents of Telcordia, including but not limited to agreements, letters, faxes, and emails.

4. Documents sufficient to show the total amount of YOUR purchases, in units and dollars, of any Product-In-Suit from Cisco, separately for each year since 1998.

5. Documents sufficient to show the total amount of YOUR sales, in units and dollars, of any Product-In-Suit purchased from Cisco, separately for each year since 1998.

6. Documents sufficient to show any customer support offered or performed by Cisco relating to any of the Products-In-Suit since 1998, including but not limited to letters, faxes, emails, or any other memoranda.

7. Document sufficient to show any demonstrations offered or performed by Cisco or YOU regarding any of the Products-In-Suit.

8. Documents sufficient to show any presentations offered or given by Cisco or YOU of any of the Products-In-Suit.

9. Documents sufficient to show any testing or manufacturing performed by you or defendant regarding any of the Products-In-Suit.

10. Documents sufficient to show any product data sheets, product specifications, product literature, and advertising and promotional or marketing materials regarding any of the Products-In-Suit.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of May, 2006, the attached **NOTICE OF WITHDRAWAL OF SUBPOENA** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19801 | HAND DELIVERY |
| Matthew D. Powers, Esquire<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | VIA FEDERAL EXPRESS |
| Sprint Nextel Company<br>c/o Corporation Service Company<br>11 S. 12th Street<br>Richmond, VA 23218 | VIA FEDERAL EXPRESS |
| Sprint Nextel Company<br>2001 Edmund Halley Drive<br>Reston, VA 20191 | VIA FEDERAL EXPRESS |

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon