IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-876 (GMS) |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## NOTICE OF SUBPOENA (LEONARD CHARLES SUCHYTA)

PLEASE TAKE NOTICE that Defendant Cisco Systems, Inc. will serve the attached subpoena on Leonard Charles Suchyta.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld (#1014)*

Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 North Market Street
Wilmington, DE 19899-1347
(302) 658-9200
lpolizoti@mnat.com
 *Attorneys for Cisco Systems, Inc.*

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
Thomas King
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Ryan Owens
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

May 24, 2006
521961

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF <u>New Jersey</u>

TELCORDIA TECHNOLOGIES, INC.

## SUBPOENA IN A CIVIL CASE

v.

CISCO SYSTEMS, INC.

Case Number:[1] 04-876 (GMS)
Case Pending in United States
District Court, District of Delaware

TO:  LEONARD CHARLES SUCHYTA, c/o Verizon Communications Inc.
     11 Verizon Way
     Basking Ridge, NJ 07920

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A," attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP c/o Ryan Owens 767 Fifth Avenue, New York, NY 10153 | May 30, 2006 at 9:30 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Attorneys for Defendant* | May 24, 2006 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Thomas King    (650) 802.3000
Weil, Gotshal & Manges, LLP - 201 Redwood Shores Pkwy, Redwood Shores,CA 94065

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Cisco Systems, Inc. hereby requests that Leonard C. Suchyta produce for inspection and copying the documents described below.

## INSTRUCTIONS

A.     As used in these Requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all;" the word "including" shall mean "including but not limited to," so as to be most inclusive.

B.     Documents produced in response to these requests should be produced as they are kept in the usual course of business or should be organized and labeled to correspond with the categories in the request.

C.     If you contend that a portion of a document is subject to being withheld under a claim of privilege or immunity from production or that a portion of a document is non-responsive to the requests below, produce the entire document with any necessary redactions.

D.     If any document is withheld under a claim of privilege or immunity from production, separately identify each document for which such a privilege or immunity is claimed with the following information:

      (a)     the date of, or appearing on, the document;

      (b)     the document's author;

      (c)     the addressees of the document, if any;

(d)     the identity of each recipient of a copy of the document;

(e)     a description of the subject matter of the document;

(f)     the privilege claimed; and

(g)     the basis on which the privilege is claimed.

E.     If a document request is silent as to the time period for which a response is sought, please respond by providing all information, regardless of time, through the date of your response.

**DEFINITIONS**

A.     As used herein, "you" and "your" shall mean Leonard C. Suchyta, as well as your present or former partners, associates, legal assistants, employees, agents, consultants, and all others acting or purporting to act on your behalf.

B.     "Cisco" means Defendant Cisco Systems, Inc., its predecessors and successors, past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

C.     "Telcordia," means Plaintiff Telcordia Technologies, Inc., its predecessors and successors, including, but not limited to, Bell Communications Research, Inc. ("Bellcore"), its past and present parents, subsidiaries, divisions, affiliates, and other organizational or operating units of any of the foregoing, and all past and present directors, officers, employees, agents, and representatives (including consultants and attorneys) of any of the foregoing.

D.    "Patents-in-Suit" means U.S. Patent Nos. 4,893,306, 4,835,763, and RE 36,633 individually and collectively.

E.    "Related Patents" means any and all patents and patent applications relating to the Patents in Suit, including any patents or patent applications (including but not limited to all published, unpublished, pending, abandoned, divisional, continuation, continuation in part, or reissue applications) which share in whole or in part a common disclosure with the Patents in Suit, including but not limited to U.S. Patent No. 5,260,978.

F.    "Document" shall be interpreted to the full extent permitted by the Federal Rules of Civil Procedure and includes, without limitation, e-mail, files stored on electronic media, copies of letters, notes and records of telephone conversations, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, literature, patents, patent applications, specification sheets and diagrams, work assignments, reports, memoranda, memoranda of conversations, notes, notebooks, drafts, data sheets, work sheets, contracts and agreements, memoranda of agreements, assignments, licenses, sublicenses, opinions and reports of experts and consultants, books of account, orders, invoices, statements, bills, checks and vouchers, brochures, photographs, drawings, charts, catalogs, pamphlets, magazines, copies of magazines, decals, world-wide web and/or internet postings, trade letters, notices and announcements, and press releases; and all other printed, written, recorded, taped, electronic, graphic, computerized printout or other tangible materials of whatever kind known to, or in your possession, custody, or control. A draft or nonidentical copy is a separate document within the meaning of this term.

G.    As used herein, "proceeding(s)" shall mean any litigation, opposition, cancellation proceeding, mediation, arbitration, interference, request for reexamination, reexamination, reissue, or other judicial or administrative proceeding.

H.    As used herein, "communications(s)" shall mean all discussions, conversation, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, memoranda, telegrams, advertisements or other forms of information sent to or received from any person or entity, whether oral, written or electronic.

I.    As used herein, "relating to" shall mean pertaining to, concerning, referring to, describing, discussing, reflecting, evidencing, constituting or resulting from the matter specified.

## SPECIFIC REQUESTS

**REQUEST NO. 1:**

All documents and things relating to the preparation, filing or prosecution of any applications that led to any of the Patents-in-Suit or any Related Patents.

**REQUEST NO. 2:**

All non-identical copies, including all drafts and drawings, of the file histories of any of the Patents-in-Suit or any Related Patents.

**REQUEST NO. 3:**

All documents and things relating to any communication, meeting or contact with the U.S. Patent Office or any foreign patent office relating to any of the Patents-in-Suit or any Related Patents.

**REQUEST NO. 4:**

Copies of all references cited to the U.S. Patent Office or any foreign patent office during the prosecution of any of the Patents-in-Suit or any Related Patents.

**REQUEST NO. 5:**

All documents and things relating to any decision as to what materials to cite, or not cite, during the prosecution of any of the Patents-in-Suit or any Related Patent, including but not limited to all prior art search results.

**REQUEST NO. 6:**

All prior art relating to the claimed inventions of any claims of any of the Patents-in-Suit or Related Patents.

**REQUEST NO. 7:**

All documents and things prepared by or at the direction of the named inventors of the Patents-in-Suit or Related Patents relating to the subject matter of any claim of any of the Patents-in-Suit or any Related Patent.

**REQUEST NO. 8:**

All documents and things relating to communications between the named inventors of any of the Patents-in-Suit and you or any other patent attorney(s) and/or agent(s) relating to the preparation and prosecution of the applications that led to any of the Patents-in-Suit or Related Patents.

**REQUEST NO. 9:**

All documents and things relating to the ownership, title, transfer, assignment, or licensing (including offers of any of the above) of any of the Patents-in-Suit or any Related Patent in whole or part, alone or in conjunction with any other patents

or intellectual property, including, but not limited to, any assignment from the named inventors to Bellcore and any assignment from Bellcore to Telcordia, and any ownership interest that Telcordia or anyone else has or had in the Patents-in-Suit or Related Patents.

**REQUEST NO. 10:**

All documents and things relating to the identification, selection, or determination of the proper named inventors for any of the Patents-in-Suit or Related Patents.

**REQUEST NO. 11:**

All documents and things relating to Telcordia's decision to seek patent protection for the subject matter of any claim of any of the Patents-in-Suit or Related Patents, including but not limited to Telcordia's decision to seek a reissue patent for the subject matter disclosed in U.S. Patent No. 5,260,978.

**REQUEST NO. 12:**

All documents and things relating to any pre-filing communication of the subject matter of any claim of any of the Patents-in-Suit or any Related Patent to any person or entity outside of Telcordia.

**REQUEST NO. 13:**

All documents concerning your file maintenance and document retention policies and practices, including but not limited to any such documents concerning retention, storage, maintenance, organization, filing, or destruction of documents received from or sent to any of the named inventors of any of the Patents-in-Suit or Related Patents.

**REQUEST NO. 14:**

All documents evidencing and otherwise concerning the conception or reduction to practice of the inventions claimed in the Patents-in-Suit or Related Patents.

**REQUEST NO. 15:**

All documents concerning each mode, including, but not limited to, the best mode, of practicing the subject matter of any claim of the Patents-in-Suit or Related Patents contemplated by any of the named inventors at or around the time of filing any patent applications that led to or resulted in any of the Patents-in-Suit.

**REQUEST NO. 16:**

All documents concerning representations made by third parties to you, the named inventors, or Telcordia regarding the validity, enforceability, scope or infringement of the Patents-in-Suit.

**REQUEST NO. 17:**

All documents concerning the patentability, validity, enforceability, scope, or infringement of the Patents-in-suit or Related Patents, including any evaluation made by or on behalf of you or Telcordia concerning the Patents-in-Suit or any Related Patents.

**REQUEST NO. 18:**

All documents and things relating to any communications, including but not limited to any representations made by Telcordia or any of the named inventors, regarding the patentability validity, enforceability, scope or infringement of any of the Patents-in-Suit or any Related Patents.

**REQUEST NO. 19:**

All documents concerning any opinions of counsel concerning the patentability, validity, enforceability, scope or infringement of the any of Patents-in-Suit or Related Patents.

**REQUEST NO. 20:**

All documents and things constituting or relating to any communications between you or anyone else at Telcordia and any standard setting body, including, but not limited to, CCITT, ITU-T, ANSI, and the ATM Forum, relating to the subject matter disclosed or claimed in any of the Patents-in-Suit.

**REQUEST NO. 21:**

All documents and things constituting or relating to the setting of any standards relating to the subject matter disclosed or claimed in any of the Patents-in-Suit.

**REQUEST NO. 22:**

All documents and things relating to the ATM Forum Standard and/or the ATM Forum Circuit Emulation Services (CES) AF-SAA-0032 Specification.

**REQUEST NO. 23:**

All transcripts (including printed transcripts and videotapes) of any sworn testimony ever given in any proceeding by any named inventor of any of the Patents-in-Suit at any time where any part of the sworn testimony relates to any of the Patents-in-Suit or the subject matter of any of the inventions claimed in any of the Patents-in-Suit.

**REQUEST NO. 24:**

All documents and things relating to Telcordia's licensing of patents, trade secrets or other intellectual property.

**REQUEST NO. 25:**

All documents relating to any policy, practice, guideline or procedure at Telcordia with respect to licensing any patents.

**REQUEST NO. 26:**

All documents and things relating to any statement or communication, including without limitation, demand letters, notice letters, presentations, claim charts, licenses or other correspondence, in which any person or entity was notified of, charged with or accused of infringing any of the Patents-in-Suit or Related Patents.

**REQUEST NO. 27:**

All documents and things relating to any analysis, consideration, or evaluation of whether any Cisco products, devices, apparatuses, methods, processes, or systems infringe any claim of any of the Patents-in-Suit, including, without limitation, all reports, opinions, letters, investigations, studies, tests, evaluations, or analyses relating to any Cisco product, device, apparatus, method, process, or system conducted by or prepared by you, Telcordia, counsel for Telcordia, or otherwise on Telcordia's behalf.

**REQUEST NO. 28:**

All documents and things relating to any study, assessment, determination, assertion, notification (including all notices of infringement), conclusion, charge or contention by Telcordia of infringement of, or inducement to infringe, any claim of any of the Patents-in-Suit or any Related Patent, by any person or entity other than Cisco.

**REQUEST NO. 29:**

All documents and things relating to plans, suggestions, or contemplated action regarding the bringing or institution of this action against Cisco, including, without limitation, all corporate minutes and all other documents and things relating to meetings of the Board of Directors or any other Telcordia corporate boards, committees or sub-committees.

**REQUEST NO. 30:**

All documents relating to Telcordia's decision whether to pursue, to delay pursuit, or not to pursue any claim that products or services made, used, sold, offered for sale or imported by Cisco infringe the Patents-in-Suit.

**REQUEST NO. 31:**

All minutes from any Telcordia corporate board meeting that relate to Cisco, any Cisco product or service that Telcordia alleges to infringe the Patents-in-Suit, the Patents-in-Suit, or this lawsuit.

**REQUEST NO. 32:**

All documents and things relating to Telcordia's first knowledge of Cisco's alleged infringement of each of the Patents-in-Suit.

**REQUEST NO. 33:**

All documents and things relating to any proposed, contemplated or actual communications, statements or explanations to or from Telcordia and any other person or entity, including without limitation customers or prospective customers of Telcordia or Cisco, relating to the alleged infringement by Cisco of any of the Patents-in-Suit or this litigation.

**REQUEST NO. 34:**

All documents and things relating to Telcordia's first awareness of Cisco's alleged manufacture or sale of any of the Cisco products that Telcordia alleges infringe any of the Patents-in-Suit.

**REQUEST NO. 35:**

All documents and things that support, contradict or relate to Telcordia's allegation that Cisco infringes the Patents-in-Suit.

**REQUEST NO. 36:**

All documents and things that support, contradict or relate to Telcordia's allegation that Cisco's alleged infringement of the Patents-in-Suit has been, and/or continues to be, willful or deliberate.

**REQUEST NO. 37:**

All documents and things relating to any communications, relationship or agreements between Telcordia and any manufacturer of component part, including without limitation microprocessors, chipsets or line cards, relating to the subject matter of any of the Patents-in-Suit or any Related Patents.

**REQUEST NO. 38:**

All documents and things relating to any communication, relationship or agreement between Telcordia and Cisco.

**REQUEST NO. 39:**

All communications between you and any law firm, patent agent or patent attorney concerning any of the Patents-in-Suit or Related Patents.

**REQUEST NO. 40:**

        All communications between you and anyone at Telcordia concerning the Patents-in-Suit or Related Patents.

**REQUEST NO. 41:**

        All documents that you provided to Telcordia, or anyone else, concerning this case.

**REQUEST NO. 42:**

        All documents and things relating to Civil Action No. 98-586 (D. Del.) between Telcordia and Fore Systems, Inc. (also known as Marconi Communications, Inc.), including all documents that you provided to Telcordia or anyone else concerning that case.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2006 I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick

and John G. Day.

I further certify that I caused to be served copies of the foregoing document on

May 24, 2006 upon the following in the manner indicated:

<u>BY HAND</u>

John G. Day
ASHBY & GEDDES
222 Delaware Avenue
Wilmington, DE  19801

<u>BY ELECTRONIC MAIL</u>

John Day (jday@ashby-geddes.com)
John Williamson (john.williamson@finnegan.com)
York Faulkner (york.faulkner@finnegan.com)
Don Burley (don.burley@finnegan.com)

<u>BY FEDERAL EXPRESS</u>

Don O. Burley
FINNEGAN, HENDERSON,
 FARABOW, GARRETT & DUNNER
1300 I Street, N.W.
Washington, DC 20005-3315

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
(302) 658-9200
jblumenfeld@mnat.com