IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-876-GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S
OBJECTIONS TO DEFENDANT CISCO SYSTEMS, INC.'S
REVISED NOTICE OF SUBPOENA OF JOHN F. BAILEY**

Plaintiff Telcordia Technologies, Inc. ("Telcordia"), by its attorneys, hereby objects to

Defendant Cisco System, Inc.'s ("Cisco") Subpoena of John F. Bailey ("Mr. Bailey").

**GENERAL OBJECTIONS**

1.      Telcordia objects to the subpoena as untimely, since Cisco only issued its notice

and subpoena for Mr. Bailey on the last day of fact discovery, and as a result, the deposition was

necessarily noticed to occur after the close of fact discovery.

2.      Telcordia objects to the time and location of the deposition.  Telcordia will work

with Cisco to schedule the deposition at a mutually agreeable time and place.

3.      Telcordia objects to the use, including use by other parties, of any testimony from

the noticed deposition in separate cases, such as the pending suits against Alcatel and Lucent

(Telcordia Technologies, Inc. v. Alcatel USA, Inc. Civil Action No. 04-874-GMS and Telcordia

Technologies, Inc. v. Lucent Technologies, Inc., Civil Action No. 04-875-GMS).

4.      Telcordia objects to the extent that this deposition in combination with depositions of other witnesses would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

5.      Telcordia objects to the extent that this deposition seeks information that is protected by claims of attorney-client privilege or attorney work product in light of the fact that Mr. Bailey, as a consequence of his duties at Telcordia, had significant contacts with Telcordia's lawyers and was exposed to confidential and privileged information.

6.      Telcordia objects to the extent that Cisco seeks to depose Mr. Bailey, who was involved in privileged attorney/client communications as a consequence of his regular job duties at Telcordia, without permitting Telcordia to confidentially confer with Mr. Bailey to ensure that no disclosure of proprietary or privileged Telcordia information occurs.

7.      Telcordia objects to an impermissible conflict of interest that would be created if Lucent and its attorneys, who along with Cisco are directly adverse to Telcordia in this litigation, attempt to represent or speak on behalf of a current employee of Lucent, Mr. Bailey, concerning any matter relating to his prior work for Telcordia.

8.      Telcordia objects to this deposition as unreasonably broad, burdensome, unfair, and harassing to the extent that Cisco or Lucent seeks to encourage or pressure Lucent's current employee, Mr. Bailey, to disclose privileged, proprietary, or private information of Telcordia in violation of Mr. Bailey's conditions of employment with Telcordia or his ethical obligations.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

> All documents and things, including communications, relating to the scope, subject
> matter or licensing of any of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 2:**

> All documents and things, including communications, relating to any analysis of the
> scope, subject matter or licensing of any of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 3:**

All documents and things, including communications, relating to any meetings relating to Telcordia's ATM technology, including but not limited to "ATM meetings."

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague, ambiguous, and irrelevant in failing to define the phrases "ATM technology" and "ATM meetings." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 4:**

All documents and things, including communications, relating to any meetings relating to Telcordia's patents, including but not limited to the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad, unduly burdensome, and irrelevant to the extent the Cisco request includes Telcordia patents not related to a claim or defense of any party to this action, the patents-in-suit, or accused products. Telcordia also objects to this request as overbroad, unduly burdensome, and irrelevant, since Cisco has not provided a relevant time period for this request. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession,

4

custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 5:**

> All documents and things, including communications, relating to participation in standards bodies or standards setting organizations.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague and ambiguous in failing to define the phrase "standards bodies" and "standard setting organizations." Telcordia objects to this request as overbroad, unduly burdensome, and irrelevant to the extent the Cisco request includes participation in organizations that are not related to a claim or defense of any party to this action, the patents-in-suit, or accused products. Telcordia also objects to this request as overbroad, unduly burdensome, and irrelevant, since Cisco has not provided a relevant time period for this request. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 6:**

> All documents and things relating to Telcordia's participation in the ATM Forum.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia also objects to this request as overbroad, unduly burdensome, and irrelevant, since Cisco has not provided a relevant time period for this request. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products. Telcordia also objects to this request to the extent the Cisco request seeks publicly available documents.

**REQUEST NO. 7:**

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to Asynchronous Transfer Mode or ATM.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague, ambiguous, overbroad, and unduly burdensome in failing to define the phrases "efforts to standardize," "standards organizations relating to Asynchronous Transfer Mode or ATM," and "standards organizations." Telcordia objects to this request as overbroad, unduly burdensome, and irrelevant to the extent the Cisco request includes participation in organizations that are not related to a claim or defense of any party to this action, the patents-in-suit, or accused products. Telcordia also objects to this request as overbroad, unduly burdensome, and irrelevant, since Cisco has not provided a relevant time period for this request. Telcordia objects to this request to the extent it seeks information that is

6

protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

## REQUEST NO. 8:

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to SONET.

## RESPONSE:

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague, ambiguous, overbroad, and unduly burdensome in failing to define the phrases "efforts to standardize," "standards organizations relating to SONET," and "standards organizations." Telcordia objects to this request as overbroad, unduly burdensome, and irrelevant to the extent the Cisco request includes participation in organizations that are not related to a claim or defense of any party to this action, the patents-in-suit, or accused products. Telcordia also objects to this request as overbroad, unduly burdensome, and irrelevant, since Cisco has not provided a relevant time period for this request. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks

information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 9:**

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to ATM over SONET.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague, ambiguous, overbroad, and unduly burdensome in failing to define the phrases "efforts to standardize," "standards organizations relating to ATM over SONET," and "standards organizations." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 10:**

All documents and things relating to research into, development of, efforts to standardize or contributions to standards organizations relating to the transmission of packetized data over any synchronous transmission.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague, ambiguous, overbroad, and unduly burdensome in failing to define the phrases "efforts to standardize," "standards organizations relating to the transmission of packetized data over any synchronous transmission," and

8

"standards organizations." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 11:**

> All documents and things relating to Civil Action No. 98-586 (D. Del.) between Telcordia and Fore Systems, Inc. (also known as Marconi Communications, Inc.), including all documents that you provided to Telcordia or anyone else concerning that case.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 12:**

> All documents and things relating to Civil Action No. 04-874 (D. Del.) between Telcordia and Alcatel, including all documents that you provided to Telcordia or anyone else concerning that case.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 13:**

> All documents and things relating to Civil Action No. 04-875 (D. Del.) between Telcordia and Lucent Technologies, including all documents that you provided to Telcordia or anyone else concerning that case.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 14:**

> All documents and things relating to Civil Action No. 04-876 (D. Del.) between Telcordia and Cisco Systems, including all documents that you provided to Telcordia or anyone else concerning this case.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information in Mr. Bailey's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

ASHBY & GEDDES

*/s/ John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

12

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER
Two Freedom Square
11955 Freedom Square
Reston, VA  20190-5675
(650) 849-6600

Dated: May 30, 2006

169994.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2006, the attached **PLAINTIFF**

**TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT CISCO**

**SYSTEMS, INC.'S REVISED NOTICE OF SUBPOENA OF JOHN F. BAILEY** was served

upon the below-named counsel of record at the address and in the manner indicated:

Jack B. Blumenfeld, Esquire                           HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347


Matthew D. Powers, Esquire                         VIA ELECTRONIC MAIL
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065


                                                     */s/ John G. Day*
                                                     _____
                                                     John G. Day

150910.1