IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-876-GMS |
| ) | |
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S
OBJECTIONS TO DEFENDANT CISCO SYSTEMS, INC.'S
<u>REVISED NOTICE OF SUBPOENA OF LEONARD C. SUCHYTA</u>**

Plaintiff Telcordia Technologies, Inc. ("Telcordia"), by its attorneys, hereby objects to Defendant Cisco System, Inc.'s ("Cisco") Subpoena of Leonard C. Suchyta ("Mr. Suchyta").

<u>**GENERAL OBJECTIONS**</u>

1. Telcordia objects to the time and location of the deposition. Telcordia will work with Cisco to schedule the deposition at a mutually agreeable time and place.

2. Telcordia objects to the use, including use by other parties, of any testimony from the noticed deposition in separate cases, such as the pending suits against Alcatel and Lucent (Telcordia Technologies, Inc. v. Alcatel USA, Inc. Civil Action No. 04-874-GMS and Telcordia Technologies, Inc. v. Lucent Technologies, Inc., Civil Action No. 04-875-GMS).

3. Telcordia objects to the extent that this deposition in combination with depositions of other witnesses would cause Cisco to exceed any of the limits on depositions set forth in the Federal Rules of Civil Procedure.

4.      Telcordia objects to the extent that this deposition seeks information that is protected by claims of attorney-client privilege or attorney work product in light Mr. Suchyta's work as a lawyer for Telcordia.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

All documents and things, including communications, relating to the scope, subject matter or licensing of any of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

**REQUEST NO. 1:**

All documents and things relating to the preparation, filing or prosecution of any applications that led to any of the Patents-in-Suit or any Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

**REQUEST NO. 2:**

All non-identical copies, including all drafts and drawings, of the file histories of any of the Patents-in-Suit or any Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

**REQUEST NO. 3:**

All documents and things relating to any communication, meeting or contact with the U.S. Patent Office or any foreign patent office relating to any of the Patents-in-Suit or any Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request to the extent it seeks documents that are publicly available.

**REQUEST NO. 4:**

Copies of all references cited to the U.S. Patent Office or any foreign patent office during the prosecution of any of the Patents-in-Suit or any Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or

control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request to the extent it seeks documents that are publicly available.

**REQUEST NO. 5:**

All documents and things relating to any decision as to what materials to cite, or not cite, during the prosecution of any of the Patents-in-Suit or any Related Patent, including but not limited to all prior art search results.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request to the extent it seeks documents that are publicly available.

**REQUEST NO. 6:**

All prior art relating to the claimed inventions of any claims of any of the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague in failing to define the term "prior art." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request to the extent it seeks documents that are publicly available.

**REQUEST NO. 7:**

All documents and things prepared by or at the direction of the named inventors of the Patents-in-Suit or Related Patents relating to the subject matter of any claim of any of the Patents-in-Suit or any Related Patent.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request to the extent it seeks documents that are publicly available.

**REQUEST NO. 8:**

All documents and things relating to communications between the named inventors of any of the Patents-in-Suit and you or any other patent attorney(s) and/or agent(s) relating to the preparation and prosecution of the applications that led to any of the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request to the extent it seeks documents that are publicly available.

**REQUEST NO. 9:**

All documents and things relating to the ownership, title, transfer, assignment, or licensing (including offers of any of the above) of any of the Patents-in-Suit or any Related Patent in whole or part, alone or in conjunction with any other patents or intellectual property, including, but not limited to, any assignment from the named inventors to Bellcore and any

assignment from Bellcore to Telcordia, and any ownership interest that Telcordia or anyone else has or had in the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks publicly available documents. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request to the extent it seeks documents that are publicly available.

**REQUEST NO. 10:**

All documents and things relating to the identification, selection, or determination of the proper named inventors for any of the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague, ambiguous, and legally irrelevant in failing to define the term "proper named inventors." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks publicly available documents.

**REQUEST NO. 11:**

All documents and things relating to Telcordia's decision to seek patent protection for the subject matter of any claim of any of the Patents-in-Suit or Related Patents, including but not limited to Telcordia's decision to seek a reissue patent for the subject matter disclosed in U.S. Patent No. 5,260,978.

6

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity.

**REQUEST NO. 12:**

All documents and things relating to any pre-filing communication of the subject matter of any claim of any of the Patents-in-Suit or any Related Patent to any person or entity outside of Telcordia.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 13:**

All documents concerning your file maintenance and document retention policies and practices, including but not limited to any such documents concerning retention, storage, maintenance, organization, filing, or destruction of documents received from or sent to any of the named inventors of any of the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as overbroad and unduly burdensome to the extent

7

it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 14:**

All documents evidencing and otherwise concerning the conception or reduction to practice of the inventions claimed in the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks publicly available documents.

**REQUEST NO. 15:**

All documents concerning each mode, including, but not limited to, the best mode, of practicing the subject matter of any claim of the Patents-in-Suit or Related Patents contemplated by any of the named inventors at or around the time of filing any patent applications that led to or resulted in any of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as vague, ambiguous, and legally irrelevant in failing to define "mode" and "best mode."

**REQUEST NO. 16:**

All documents concerning representations made by third parties to you, the named inventors, or Telcordia regarding the validity, enforceability, scope or infringement of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected

by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as vague in failing to define the term "representations."

**REQUEST NO. 17:**

All documents concerning the patentability, validity, enforceability, scope, or infringement of the Patents-in-suit or Related Patents, including any evaluation made by or on behalf of you or Telcordia concerning the Patents-in-Suit or any Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity.

**REQUEST NO. 18:**

All documents and things relating to any communications, including but not limited to any representations made by Telcordia or any of the named inventors, regarding the patentability validity, enforceability, scope or infringement of any of the Patents-in-Suit or any Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as vague in failing to define the term "representations."

**REQUEST NO. 19:**

All documents concerning any opinions of counsel concerning the patentability, validity, enforceability, scope or infringement of the any of Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity.

**REQUEST NO. 20:**

All documents and things constituting or relating to any communications between you or anyone else at Telcordia and any standard setting body, including, but not limited to, CCITT, ITU-T, ANSI, and the ATM Forum, relating to the subject matter disclosed or claimed in any of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague, ambiguous, and legally irrelevant in failing to define "standard setting body." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity.

**REQUEST NO. 21:**

All documents and things constituting or relating to the setting of any standards relating to the subject matter disclosed or claimed in any of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague, ambiguous, and legally irrelevant in failing to define "standards." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity.

**REQUEST NO. 22:**

All documents and things relating to the ATM Forum Standard and/or the ATM Forum Circuit Emulation Services (CES) AF-SAA-0032 Specification.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this

10

request to the extent it mischaracterizes Circuit Emulation Services (CES) AF-SAA-0032 Specification as a standard.

**REQUEST NO. 23:**

All transcripts (including printed transcripts and videotapes) of any sworn testimony ever given in any proceeding by any named inventor of any of the Patents-in-Suit at any time where any part of the sworn testimony relates to any of the Patents-in-Suit or the subject matter of any of the inventions claimed in any of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 24:**

All documents and things relating to Telcordia's licensing of patents, trade secrets or other intellectual property.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as overbroad in failing to specify a time period. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 25:**

All documents relating to any policy, practice, guideline or procedure at Telcordia with respect to licensing any patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as overbroad in failing to specify a time period. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 26:**

All documents and things relating to any statement or communication, including without limitation, demand letters, notice letters, presentations, claim charts, licenses or other correspondence, in which any person or entity was notified of, charged with or accused of infringing any of the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 27:**

All documents and things relating to any analysis, consideration, or evaluation of whether any Cisco products, devices, apparatuses, methods, processes, or systems infringe any claim of any of the Patents-in-Suit, including, without limitation, all reports, opinions, letters,

investigations, studies, tests, evaluations, or analyses relating to any Cisco product, device, apparatus, method, process, or system conducted by or prepared by you, Telcordia, counsel for Telcordia, or otherwise on Telcordia's behalf.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 28:**

All documents and things relating to any study, assessment, determination, assertion, notification (including all notices of infringement), conclusion, charge or contention by Telcordia of infringement of, or inducement to infringe, any claim of any of the Patents-in-Suit or any Related Patent, by any person or entity other than Cisco.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 29:**

All documents and things relating to plans, suggestions, or contemplated action regarding the bringing or institution of this action against Cisco, including, without limitation, all corporate minutes and all other documents and things relating to meetings of the Board of Directors or any other Telcordia corporate boards, committees or subcommittees.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected

by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 30:**

All documents relating to Telcordia's decision whether to pursue, to delay pursuit, or not to pursue any claim that products or services made, used, sold, offered for sale or imported by Cisco infringe the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague in failing to define the term "vague." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 31:**

All minutes from any Telcordia corporate board meeting that relate to Cisco, any Cisco product or service that Telcordia alleges to infringe the Patents-in-Suit, the Patents-in-Suit, or this lawsuit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 32:**

All documents and things relating to Telcordia's first knowledge of Cisco's alleged infringement of each of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request as vague in failing to define the term "first knowledge." Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity.

**REQUEST NO. 33:**

All documents and things relating to any proposed, contemplated or actual communications, statements or explanations to or from Telcordia and any other person or entity, including without limitation customers or prospective customers of Telcordia or Cisco, relating to the alleged infringement by Cisco of any of the Patents-in-Suit or this litigation.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

**REQUEST NO. 34:**

All documents and things relating to Telcordia's first awareness of Cisco's alleged manufacture or sale of any of the Cisco products that Telcordia alleges infringe any of the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this

15

request as vague in failing to define the term "first awareness." Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco.

**REQUEST NO. 35:**

All documents and things that support, contradict or relate to Telcordia's allegation that Cisco infringes the Patents-in-Suit.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 36:**

All documents and things that support, contradict or relate to Telcordia's allegation that Cisco's alleged infringement of the Patents-in-Suit has been, and/or continues to be, willful or deliberate.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 37:**

All documents and things relating to any communications, relationship or agreements between Telcordia and any manufacturer of component part, including without limitation microprocessors, chipsets or line cards, relating to the subject matter of any of the Patents-in-Suit or any Related Patents.

16

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 38:**

All documents and things relating to any communication, relationship or agreement between Telcordia and Cisco.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request to the extent it seeks third-party information, in Mr. Suchyta's possession, custody, or control that is subject to agreement, court order, or other duty preventing disclosure to Cisco. Telcordia objects to this request as overbroad and unduly burdensome to the extent it seeks information not related to a claim or defense of any party to this action, the patents-in-suit, or accused products.

**REQUEST NO. 39:**

All communications between you and any Law firm, patent agent or patent attorney concerning any of the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad since Cisco has not specified a time period.

**REQUEST NO. 40:**

All communications between you and anyone at Telcordia concerning the Patents-in-Suit or Related Patents.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad since Cisco has not specified a time period.

**REQUEST NO. 41:**

All documents that you provided to Telcordia, or anyone else, concerning this case.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad since Cisco has not specified a time period.

**REQUEST NO. 42:**

All documents and things relating to Civil Action No. 98-586 (D. Del.) between Telcordia and Fore Systems, Inc. (also known as Marconi Communications, Inc.), including all documents that you provided to Telcordia or anyone else concerning that case.

**RESPONSE:**

Telcordia incorporates by reference each of the general objections as though fully set forth herein. Telcordia objects to this request to the extent it seeks information that is protected by the attorney client privilege or the attorney work product immunity. Telcordia objects to this request as overbroad since Cisco has not specified a time period.

ASHBY & GEDDES

*/s/ John G. Day*
_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Telcordia Technologies, Inc*

*Of Counsel:*

Donald R. Dunner
Don O. Burley
Steven M. Anzalone
Richard H. Smith
Houtan K. Esfahani
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 408-4000

York M. Faulkner
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, Virginia 20190-5675
(571) 203-2700

Dated: June 5, 2006
170162.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2006, the attached **PLAINTIFF TELCORDIA TECHNOLOGIES, INC.'S OBJECTIONS TO DEFENDANT CISCO SYSTEMS, INC.'S REVISED NOTICE OF SUBPOENA OF LEONARD C. SUCHYTA** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Jack B. Blumenfeld, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | HAND DELIVERY |
| Matthew D. Powers, Esquire<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065 | VIA FEDERAL EXPRESS |

/s/ John G. Day
_____
John G. Day

150910.1