# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 11, 2006

The Honorable Gregory M. Sleet                                    VIA ELECTRONIC FILING
United States District Court
844 King Street
Wilmington, Delaware 19801

    Re: *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*,
      C.A. No. 04-875-GMS

      *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,
      C.A. No. 04-876-GMS

Dear Judge Sleet:

  Pursuant to the Court's January 25, 2006, Revised Scheduling Order (D.I.s 83 and 72 in C.A. Nos. 04-875-GMS and 04-876-GMS, respectively),[1] plaintiff Telcordia Technologies, Inc. ("Telcordia") respectfully requests permission to file and brief motions for summary judgment or summary adjudication on the following points:

- That claims 1, 3, and 4 of Telcordia's U.S. Patent No. 4,893,306 ("the '306 patent") are not infringed by any of the accused products of defendant Lucent Technologies, Inc. ("Lucent") or defendant Cisco Systems, Inc. ("Cisco") because the accused products do not use "empty payload fields" as defined by the Court in its June 22, 2006, Order construing the claims.[2]

- That claims 1 and 3 of the '306 patent are not infringed by any of the accused products of Lucent or Cisco because the accused products do not operate such that "two or more sources [] each insert data into the generated bit stream *via its own tributary*" (emphasis added) as defined by the Court in its June 22, 2006, Order construing the claims.

- That in light of Telcordia's concession that it cannot establish infringement of any of the asserted claims of the '306 patent under the Court's June 22, 2006, Order construing the

---

[1] Hereinafter, citations to documents with docket item numbers in both cases will be in the form of the D.I. number for C.A. No. 04-875-GMS (the Lucent case) followed by the D.I. number for C.A. No. 04-876-GMS (the Cisco case).

[2] While Telcordia may not technically seek summary judgment of non-infringement on its '306 patent infringement claims, it does seek the entry of final judgment against itself on those claims, an action that this Court has called a "functional equivalent of a grant of summary judgment against it . . . so that there is an appealable final judgment." *Schering Corp. v. Amgen, Inc.*, 35 F.Supp.2d 375, 376-77 (D. Del. 1999). As discussed in detail below, Telcordia's '306 non-infringement positions are predicted on the Court's June 22, 2006, claim construction Order and Telcordia reserves all rights to appeal claim construction and summary judgment on the noted and other claim terms forming the subject matter of the Court's June 22, 2006, Order.

- claims, the defendants' '306 counterclaims be dismissed without prejudice as moot, with leave to reinstate in the event of a remand following a reversal on appeal.

- That in the event that the Court does not dismiss the defendants' '306 counterclaims as moot, the '306 patent is not invalid as anticipated under 35 U.S.C. §102 or for lack of an enabling disclosure under 35 U.S.C. §112(1).

- That the operation of at least two accused Cisco product lines in SRTS mode infringes claim 33 of the '633 patent.

- That the '633 patent is not invalid as indefinite under 35 U.S.C. §112(2) or for an inadequate written description or enabling disclosure under 35 U.S.C. §112(1).

**Non-infringement of the '306 Patent**

Telcordia's concession of non-infringement of the '306 patent is predicated on the Court's June 22, 2006, Order construing the claims. Specifically, in its claim construction Order, the Court determined that the term "empty payload field" means "a payload field that is empty of source data but including bit signals of some kind, i.e. garbage bits." (D.I.s 189 and 179 ). During the *Markman* proceedings, Telcordia argued that "bit signals of some kind" could be any non-source bit signals, whereas the defendants argued that "bit signals of some kind" were limited to only "garbage bits," where "garbage bits" were non-source bit signals that served no purpose other than place-holding. By expressly incorporating the phrase "i.e. garbage bits" into the construction, the Court adopted the defendants' position and rejected Telcordia's position.

Following entry of the claim construction Order, Telcordia determined that the defendants do not infringe claims 1, 3, and 4 of the '306 patent under the Court's construction because the "empty payload fields" of the defendants' products do not consist exclusively of non-source bits that serve no purpose other than place-holding, but rather consist at least partly of non-source bits that can serve other purposes (such as timing, for example).

Telcordia also determined that the defendants do not infringe claims 1 and 3 of the '306 patent under the Court's claim construction because the defendants' products do not include "two or more sources that each insert data into the generated bit stream *via its own tributary*" as required by the Court's construction of the terms "plurality of sources which have access to the bit stream" and "plurality of sources having different bit rates and which have access to said bit stream." (D.I.s 189 and 179) (emphasis added). Rather, in the defendants' accused products, the plurality of sources share a common circuit path to the bit stream.

On June 28, 2006, less than a week after the Court issued its claim construction Order, Telcordia informed the defendants that it could not establish infringement of the '306 patent under the Court's claim construction and that for this reason Telcordia would move the Court to enter judgment against it on its '306 patent infringement claims. (Exhibit 1 to D.I. 200 in C.A. No. 04-875-GMS). Within two weeks, on July 11, 2006, Telcordia informed the Court that Telcordia could not establish infringement of the '306 patent and that it intended to ask the Court to enter judgment against it on that claim. (D.I.s 201 and 189). Telcordia did not, however, formally move the Court to enter judgment against it, but rather waited to raise the issue with the Court during a July 18, 2006, status conference that had been ordered by the Court, since the defendants insisted that such a motion was premature.

2

During that status conference, the defendants argued that instead of entering a judgment of non-infringement on the '306 patent, the Court should proceed with summary judgment briefing, argument, and the rendering of a decision, despite Telcordia's concession of non-infringement, in order to "[c]reate a factual record for the Federal Circuit as to why it is that [Telcordia] can't win." Transcript of July 18, 2006, hearing at 18. Specifically, citing dicta in *Lava Trading, Inc. v. Sonic Trading Management, L.L.C.*, 445 F.3d 1448 (Fed. Cir. 2006), the defendants argued that the Court should create a record as to why the accused products do not meet the limitations of the claims as construed. The Court ultimately decided to deny Telcordia's request for the immediate entry of judgment against itself on its '306 patent infringement claim, and to instead proceed with summary judgment as requested by the defendants. Transcript of July 18, 2006, hearing at 29. Telcordia is therefore prepared to brief the issue of exactly why it cannot prove infringement under the Court's June 22, 2006, Order construing the claims.

Under the circumstances of this case, the Court's summary judgment proceedings on the '306 patent should be limited to the particular elements as to which Telcordia concedes that infringement cannot be proven. Extending the summary judgment process beyond those conceded claim elements is a needless exercise because Telcordia's concessions of non-infringement are fully and completely dispositive of Telcordia's '306 patent infringement claim.

Moreover, permitting summary judgment proceedings beyond Telcordia's concessions will not serve the purpose of "[c]reat[ing] a factual record for the Federal Circuit as to why it is that [Telcordia] can't win." The factual record is vigorously contested as to the claim terms other than those on which Telcordia concedes an inability to prove infringement. Although Telcordia has been substantially handicapped as a result of the Court's decision to exclude all of its expert testimony on the infringement of the '306 patent, Telcordia believes that the testimony of fact witnesses, the cross-examination of the defendants' expert witnesses, and the documentary evidence are sufficient to demonstrate the existence of disputed issues of material fact for each of the claim elements as to which Telcordia does not concede infringement. Thus, there is no point in litigating summary judgment motions in connection with the claim elements as to which there are hotly disputed issues of material fact. The elements on which Telcordia *concedes* it cannot win are entirely dispositive of the issue of infringement on the '306 patent, and Telcordia stands ready to develop the factual record as to why it cannot prove infringement on those conceded claim elements. The Court should not devote substantial extra effort to making what in essence will be advisory findings on issues it never needed to reach – and without which it can render a fully supported final judgment of non-infringement on the '306 patent.

Additionally, because all parties agree that summary judgment should be entered against Telcordia on its claims for infringement of the '306 patent, at least on the grounds urged by Telcordia, the Court should dismiss the defendants' '306 patent counterclaims as moot, without prejudice and with leave to reinstate in the event of a remand following a reversal on appeal. The Federal Circuit has expressly recognized the district court's discretion to dismiss validity and enforceability issues as moot in light of a finding of non-infringement. *Phonometrics v. Northern Telecom, Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998). Moving forward with the defendants' counterclaims now would be a waste of resources because the decision of the Federal Circuit will likely either (1) dispense with the need to consider the counterclaims altogether (if the defendants win on claim construction and non-infringement on appeal), or (2)

3

cause the Court to retry the counter-claims a second time with guidance and a new claim construction from the Federal Circuit (if Telcordia wins on claim construction and infringement on appeal). Moreover, there is no public interest reason to consider the defendants' invalidity counterclaims because the '306 patent will expire in November of 2007, likely before a final, non-appealable decision in these cases.

**The '306 Patent is Not Invalid Under 35 U.S.C. § 102 or § 112(1)**

In their pleadings and answers to Telcordia's interrogatories, the defendants contend that the asserted claims of the '306 patent are invalid for failing to provide an enabling disclosure under 35 U.S.C. § 112(1) and as anticipated under 35 U.S.C. § 102. In the event that the Court does not dismiss the defendants' '306 patent counterclaims as moot, Telcordia respectfully requests permission to move for summary judgment that the '306 patent is not invalid on the grounds of enablement or anticipation.

The defendants offer no expert reports, no expert testimony, and no testimony from any other witness in support of their enablement position. As to their anticipation position, the defendants have conceded that 8 out of the 11 references upon which they rely do not in fact anticipate under the Court's June 22, 2006, claim construction. Moreover, the defendants have not offered proper support for their position that the remaining three references anticipate. Specifically, the defendants admit that anticipation by one of the remaining references requires the reliance on another reference, in direct conflict with the requirements of 35 U.S.C. § 102 as a matter of law, and fact witness testimony establishes that one of the other two remaining references does not contain an express disclosure of all of the elements of the asserted claims as required by 35 U.S.C. § 102. The other of the two remaining references is similarly deficient.

Given the defendants' failure to proffer any evidence to support their enablement position, and given the undisputed record on their anticipation positions, there are no genuine issues of disputed material fact on the issues of enablement or anticipation of the '306 patent, and the presumption of validity cannot be rebutted by clear and convincing evidence on these grounds.

**Summary Judgment that Operation of at Least Two Accused Cisco Product Lines in SRTS Mode Infringes Claim 33 of the '633 Patent**

For two Cisco product lines accused of infringing the '633 patent, Cisco's only non-infringement defense is that the residual time stamp ("RTS") is located in the "convergence sublayer overhead," and that the products therefore do not meet the "transmitting an RTS" limitation as construed by the Court. For these same products, Telcordia contends that the RTS is not located in the "convergence sublayer overhead."

The parties do not dispute the actual physical location of the RTS during transmission, but rather dispute only whether the label of "convergence sublayer overhead" should apply to that physical location. Telcordia's expert report and expert testimony demonstrates that the label does not apply. Specifically, Telcordia's expert recognizes that the International Telecommunications Union standard (ITU-T I.363.1) that describes the location of the RTS dictates that the RTS is not located in the "convergence sublayer overhead." Telcordia's expert has carefully evaluated the complete text of the standard, as well as the diagrams in the standard

4

that directly illustrate where the "convergence sublayer overhead" is found and where the RTS is found, in recognizing that the standard places the RTS outside of the "convergence sublayer overhead."

Cisco's accused products are expressly designed and promoted as compliant with this ITU standard. While Cisco offers limited expert testimony in support of its only non-infringement position for the accused products (i.e., in support of the position that the undisputed physical location of the RTS should be labeled "convergence sublayer overhead"), that testimony is based only on cropped and incomplete portions of the ITU-T I.363.1 standard and thus does not raise a *genuine* disputed issue of material fact. Because the parties do not dispute the physical location of the RTS, and because the standard dictates that the physical location of the RTS is not labeled "convergence sublayer overhead," summary judgment that operation of at least two of Cisco's product lines (those products that include the DCU and the SLFP) in SRTS mode infringes claim 33 of the '633 patent is appropriate.

**The '633 Patent is Not Invalid Under 35 U.S.C. § 112(1) or § 112(2)**

In their pleadings and answers to Telcordia's interrogatories, the defendants contend that the asserted claims of the '633 patent are invalid as indefinite under 35 U.S.C. § 112(2) and for failing to provide an adequate written description or enabling disclosure under 35 U.S.C. § 112(1). *See, e.g.,* Cisco's May 26, 2006, Third Supplemental Response to Telcordia Interrogatory No. 9; Lucent's June 2, 2006, Third Supplemental Response to Telcordia Interrogatory No. 10.

The defendants, however, offer no expert reports, no expert testimony, and no testimony from any other witness or person of ordinary skill in the art to support their position that Telcordia's patent is indefinite under 35 U.S.C. § 112(2). Thus, the defendants are unable to meet their burden of establishing, clearly and convincingly, that a person skilled in the art would not "reasonably understand the claim[s] when read in the context of the specification." *Marley Mouldings Ltd. v. Mikron Indus., Inc.*, 417 F.3d 1356, 1359 (Fed. Cir. 2005). Similarly, the defendants offer no evidence in support of their written description and enablement positions under 35 U.S.C. § 112(1). Given the defendants' failure to proffer any evidence to support their positions, there are no genuine issues of disputed material fact on the issues of indefiniteness, written description, or enablement of the '633 patent, and the presumption of validity cannot be rebutted by clear and convincing evidence on these grounds.

Respectfully,

/s/ Steven J. Balick

Steven J. Balick

SJB/dmf
c:  Donald R. Dunner, Esquire (via electronic mail)
    John W. Shaw, Esquire (by hand, and via electronic mail)
    Steven C. Cherny, Esquire (via electronic mail)
    David A. Nelson, Esquire (via electronic mail)
    Jack B. Blumenfeld, Esquire (by hand, and via electronic mail)
    Edward R. Reines, Esquire (via electronic mail)