# Exhibit D

Westlaw.

Not Reported in F.Supp.2d                                                                                                        Page 1
Not Reported in F.Supp.2d, 2005 WL 675809 (D.Neb.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Nebraska.
Carol MARMO, et al., Plaintiffs,
v.
IBP, INC., Defendant.
**No. 8:00 CV 527, 8:00 CV 529, 8:00 CV 530, 8:00 CV 531, 8:00 CV 532, 8:00 CV 533, 8:00 CV 534, 8:00 CV 535, 8:00 CV 536, 8:00 CV 537, 8:01 CV 27, 8:01 CV 28, 8:02 CV 293.**

Feb. 3, 2005.

Michael D. Goodstein, Stacey H. Myers, Deanna J. Chang, Resolution Law Group, P.C., Washington, DC, Richard A. Dewitt, Scott D. Jochim, David J. Skalka, Croker, Huck Law Firm, Omaha, NE, Robert S. Lannin, Shively Law Offices, Lincoln, NE, Thomas A. John, Hunsucker, Goodstein Law Firm, Indianapolis, IN, for Plaintiffs.
James W. Mizgala, John M. Rushing, Sherry A. Knutson, Stephen V. Beyer, Sidley, Austin Law Firm, Chicago, IL, Kelly R. Dahl, Steven D. Davidson, Baird, Holm Law Firm, Omaha, NE, for Defendant.

MEMORANDUM AND ORDER

CAMP, J.
*1 This matter is before the Court in these consolidated cases on the Plaintiff's Motion for Leave to Call William J. Meggs, M.D., as a Substitute Expert on Specific Causation in Plaintiffs' Cases-in-Chief (*see, e.g.,* 8:00CV527, Filing No. 393) and supporting briefs (*see, e.g.,* Filing Nos. 394, 407). IBP opposes the motion. (*See, e.g.,* Filing No. 396).

The issue has been presented to this Court in various permutations, but the relevant facts are these. In this case, as in all cases, the parties are required to comply with a court-imposed deadline to disclose their expert witnesses. In the Court's amended progression order and correction thereto, the deadline for the Plaintiff to disclose her expert witnesses was March 1, 2002; the Defendant's deadline was June 3, 2002; and "if necessary to refute the disclosed opinions of any expert witness of an opponent, a party ... [was permitted to disclose] additional expert witnesses no later than July 1, 2002." (Filing Nos. 35 and 42). Plaintiffs made Rule 26 expert witness disclosures for seven expert witnesses on March 1, 2002. (Filing No. 51). Among the others, Plaintiffs identified Kaye Kilburn, M.D., and Harriett Ammann, Ph.D., as expert witnesses.

Because IBP had not had sufficient time to depose the Plaintiffs, collect all the medical records, and conduct independent medical examinations on the Plaintiffs, they sought and were given extensions of time to disclose their expert witnesses on various dates between August 30, 2002, and November 22, 2002. (Filing Nos. 55, 100, 108). Plaintiffs filed a motion for an extension of deadlines, including "Plaintiffs' rebuttal expert deadline," (Filing No. 91), which the Court granted, and the deadline for disclosure of rebuttal experts was extended to September 27, 2002, (Filing No. 92), then to January 17, 2003, (Filing No. 100), then to May 2, 2003 (Filing No. 131), then to June 2, 2003 (Filing No. 146) then to July 11, 2003, (Filing No. 159) then to August 11, 2003 (Filing No. 166), then to September 12, 2003 (Filing No. 172), then to October 13, 2003 (Filing No. 177), then to December 12, 2003 (Filing No. 186), then to February 12, 2004 (Filing No. 190), and finally to April 14, 2004 (Filing No. 197).

On or about April 14, 2004, Plaintiffs disclosed several rebuttal experts, including Dr. Meggs, who is the subject of this motion. On November 24, 2004, the Plaintiffs sought the Court's permission to re-designate the expert witnesses that they had previously disclosed as "rebuttal experts" to indicate that they could be called in Plaintiffs' cases-in-chief (quoting Plaintiffs' Motion at Filing No. 294). The Magistrate Judge denied this motion and on appeal from his Order, I affirmed the denial. (Filing Nos. 313, and 362).

On December 8, 2004, in response to IBP's motion in limine, the Plaintiffs withdrew their proposed expert medical witnesses, Kaye Kilburn, M.D. (Filing No. 304). Then, on January 26, 2004, the Court ruled that the Plaintiffs' only remaining expert witness on scientific or medical causation of personal injuries, Harriett Ammann, Ph.D., a toxicologist who is not a medical doctor, would be prevented from asserting any expert opinion about the medical cause of the Plaintiffs' personal injuries under Fed.R.Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00876-GMS    Document 217-5    Filed 08/11/2006    Page 3 of 4

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2005 WL 675809 (D.Neb.)
(Cite as: Not Reported in F.Supp.2d)

(1993). Because the Plaintiffs had no medical expert testimony available to use in their cases-in-chief to establish medical causation, the Court recently granted IBP's motion for partial summary judgment on the Plaintiffs' permanent personal injury claims. (Filing No. 385)

*2 Plaintiffs rely on a Tenth Circuit Court of Appeals case that found reversible error in a district court's decision not to allow the plaintiff to substitute an expert witness. See _Summers v. Missouri Pacific R.R. System,_ 132 F.3d 599, 604 (10th Cir.1997). The Tenth Circuit stated that:
[The] determination turns on four factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order. _Burks,_ 81 F.3d at 979 (quoting _Smith v. Ford Motor Co.,_ 626 F.2d 784, 797 (10th Cir.1980))."

_Id._[FN1] Here is what the Eighth Circuit Court of Appeals has said about progression orders:

> FN1. The Eighth Circuit Court of Appeals has cited _Summers_ on at least one occasion in an unpublished opinion for the proposition that where there is no prejudice, no surprise and no bad faith in failing to comply with a court's scheduling order, then there is good cause to modify the scheduling order to allow for a summary judgment motion to be filed five days out of time. See _Rustan v. Rasmussen,_ 208 F.3d 218 (Table), 2000 WL 227987 at 1 (8th Cir.2000).

As regards case management orders, however, the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order "shall not be modified except upon a showing of good cause and by leave of the district judge." Thus, a moving party must first make the requisite showing. Even then the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them. _In re Milk Prods. Antitrust Litig,_ 195 F.3d 430, 437 (8th Cir.1999), cert. denied sub nom. _Rainy Lake One Stop, Inc. v. Marigold Foods, Inc.,_ 529 U.S. 1038, 120 S.Ct. 1534, 146 L.Ed.2d 348 (2000).... The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements. _Johnson v. Mammoth Recreations, Inc.,_ 975 F.2d 604, 609 (9th Cir.1992). "[T]he existence or degree of prejudice to the party opposing the modification" and other factors may also affect the decision. _Id._
_Bradford v. DANA Corp.,_ 249 F.3d 807, 809 (8th Cir.2001)(imposition of summary judgment response deadline).

The Plaintiffs contend that "[j]ustice requires that the Plaintiffs be allowed to designate a new expert on the question of specific causation." (Filing No. 394 at p. 2). Plaintiffs insist that there will be no prejudice to IBP if they are allowed to call a single, medical expert, Dr. Meggs, to provide his opinion regarding the extent and cause of the Plaintiffs' personal injuries. Plaintiffs state that Dr. Meggs was disclosed "in full compliance" with the Court's progression orders. I understand that Dr. Meggs's report was delivered to IBP on April 14, 2004, and he has been deposed at length by IBP.

The Court has not been provided with an explanation for why the Plaintiffs voluntarily withdrew their medical expert Kaye Kilburn, M.D., so late in the case. The Court has not been provided with a reason why Dr. Meggs was not identified as an expert witness for the Plaintiffs' cases-in-chief on March 1, 2002. The Court has not been provided with a reason justifying the Plaintiffs' delay in seeking to add Dr. Meggs as an expert in the cases-in-chief during the months between March 1, 2002, and November 24, 2004, when Plaintiffs first sought the redesignation of experts just two and a half months before the first trial was to commence. For these reasons, I conclude that the Plaintiffs have not shown "good cause" under Rule 16 to modify the progression orders given the circumstances of this case.

*3 I suspect the Defendant's Motion in Limine to exclude the testimony of Kaye Kilburn, M.D., and the evidence IBP offered in support of the motion had something to do with the Plaintiffs' decision to withdraw Dr. Kilburn, particularly because notice of the withdrawal came from the Plaintiffs in response to that motion. I observe that if the Plaintiffs did not secure the medical evidence needed to demonstrate medical causation for the Plaintiffs' alleged injuries until they received Dr. Meggs's report in April 2004- more than three and a half years after the case was filed, then it is the firm belief of this Court that the Defendants should not be forced to incur additional

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00876-GMS    Document 217-5    Filed 08/11/2006    Page 4 of 4

Not Reported in F.Supp.2d                                                                Page 3
Not Reported in F.Supp.2d, 2005 WL 675809 (D.Neb.)
**(Cite as: Not Reported in F.Supp.2d)**

costs in time and money to allow the Plaintiffs to cure this deficiency.

While Plaintiffs insist that there would be no prejudice to IBP, I strongly disagree. In complex cases such as these, where several cases have been consolidated for discovery purposes, and where the Court is vigilant about progressing the case at appropriate intervals, the parties' compliance with progression orders is crucial. The Plaintiffs argue that Dr. Meggs was disclosed "in full compliance" with the Court's progression order, and that is true. However, Plaintiffs ignore that Dr. Meggs was disclosed by them to rebut opinions of IBP's disclosed experts. In their own motions, the Plaintiffs have referred to these witnesses as "rebuttal experts" and their reports as "rebuttal reports." (See, *e.g.,* 8:00cv527, Filing Nos. 201, 294). It is not accurate or fair to state that Dr. Meggs was "branded" as a rebuttal expert by Magistrate Judge Gossett. (Filing 407, p. 3).

Plaintiffs also ignore the prejudice to IBP due to Plaintiffs' delay in taking action. Based on the record, it appears that Dr. Meggs's report was provided to IBP nearly 17 months after IBP's last expert disclosure was made. (Filing No. 201.) While it is true that there is no unfair surprise to IBP since IBP has had time to review Dr. Meggs's report and to depose him relative to his opinions in this case, the Court wholeheartedly rejects the Plaintiffs' argument that there would be no unfair prejudice to IBP if the Court allowed Dr. Meggs to testify in the Plaintiffs' cases-in-chief.

The Defendant disclosed its experts only after reviewing the Plaintiffs' Rule 26 disclosures on its experts and deposing those experts. Only then did IBP have the information necessary to select the experts that it believed could counter the Plaintiffs' experts' opinions. IBP has the right to defend itself against the Plaintiffs' claims, and it would be prevented from doing so if the Court were to allow Dr. Meggs's opinions to be offered during the Plaintiffs' cases-in-chief. To enable IBP to cure the unfair prejudice that would result from Dr. Meggs being permitted to testify in the Plaintiffs' cases-in-chief would require this case to be re-progressed, to allow IBP to re-designate its experts and to permit the attendant depositions and motion practice that might follow. This Court, particularly given its current caseload and the limitation of judicial resources in this District, is not willing to make such an accommodation in a four-year-old case.

*4 IT IS ORDERED:

The Plaintiffs' Motion for Leave to Call William J. Meggs, M.D., as a Substitute Expert on Specific Causation in Plaintiffs' Cases-in-Chief is denied. (8:00CV527, Filing No. 393; 8:00CV529, Filing No. 368; 8:00CV530, Filing No. 350; 8:00CV531, Filing No. 354; 8:00CV532, Filing No. 351; 8:00CV533, Filing No. 358; 8:00CV534, Filing No. 356; 8:00CV535, Filing No. 354; 8:00CV536, Filing No. 349; 8:00CV537, Filing No. 352; 8:01CV27, Filing No. 364; 8:01CV28, Filing No. 341; and 8:02CV293, Filing No. 281).

D.Neb.,2005.
Marmo v. IBP, Inc.
Not Reported in F.Supp.2d, 2005 WL 675809 (D.Neb.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3636444 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to IBP's Motion in Limine as to Dr. Jana Milford and Dr. John Warmerdam. (Dec. 8, 2005) Original Image of this Document (PDF)
• 2005 WL 3778608 (Trial Motion, Memorandum and Affidavit) Brief in Support of Motion to Reconsider and Motion for Leave (Jul. 21, 2005) Original Image of this Document (PDF)
• 2005 WL 3628294 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Motion to Certify Certain Orders for Interlocutory Appeal (Apr. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3628300 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Motion to Certify Certain Orders for Interlocutory Appeal (Apr. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3628306 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Motion to Certify Certain Orders for Interlocutory Appeal (Apr. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3628314 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Motion to Certify Certain Orders for Interlocutory Appeal (Apr. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3628320 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Motion to Certify Certain Orders for Interlocutory Appeal (Apr. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3628326 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Motion to Certify Certain Orders for Interlocutory Appeal (Apr. 27, 2005) Original Image of this Document (PDF)
• 2005 WL 3628349 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.