IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| ——————————————— | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-876-GMS |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**DEFENDANTS' RESPONSE TO TELCORDIA TECHNOLOGIES, INC.'S MOTION REGARDING EXPERT OPINIONS ON INVALIDITY AND UNENFORCEABILITY**

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Defendant Lucent Technologies Inc.*

MORRIS, NICHOLS, ARSHT &
  TUNNELL LLP
Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
1201 N. Market Street
Wilmington, DE 19899-1347
(302)-658-9200
jblumenfeld@mnat.com
lpolizoti@mnat.com

*Attorneys for Defendant Cisco Systems, Inc.*

OF COUNSEL:

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David Nelson
Israel Sasha Mayergoyz
David C. McKone
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700


Dated: August 25, 2006

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
Thomas B. King
WEIL, GOTSHAL & MANGES LLP
20 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Ryan Owens
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 1

      I.      TELCORDIA DID NOT COMPLY WITH THE
            PROCEDURES IN THE COURT'S SCHEDULING
            ORDER REGARDING DISCOVERY ISSUES ................................................... 1

      II.     DEFENDANTS' SUBMISSION OF EXPERT
            REPORTS REGARDING INVALIDITY OF
            THE '633 PATENT WAS PROPER ..................................................................... 2

      III.    TELCORDIA'S REQUEST FOR A SECOND DAY
            OF DEPOSITION WITH DR. JONES IS PREMATURE ................................... 7

DB01:2176198.1

057224.1004

## INTRODUCTION

On August 11, 2006, plaintiff Telcordia filed a motion to compel a second day of an expert deposition and to bar expert testimony due to alleged problems in the adoption and service of expert reports. D.I. 229.  Telcordia's discovery motion violates the Court's Scheduling Order and is wrong on the merits.

## ARGUMENT

### I.    TELCORDIA DID NOT COMPLY WITH THE PROCEDURES IN THE COURT'S SCHEDULING ORDER REGARDING DISCOVERY ISSUES

Telcordia's motion is directed at disputes regarding expert discovery. The Court's Scheduling Order sets forth a procedure for resolving such discovery disputes.  Telcordia, however, disregarded that procedure, instead filing a motion and 10-page brief.

The Court's Scheduling Order provides that "[s]hould counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers . . . to schedule a telephone conference." D.I. 22 at 3.  It also provides that "the party seeking relief shall file with the Court a letter agenda not to exceed two pages outlining the issues in dispute," and "[s]hould the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER** . . . describing the issues in contention." *Id.* (emphasis in original).

Telcordia did not contact the Court to schedule a conference regarding the discovery issues that it raises in its motion.  Telcordia's motion should be stricken for failure to follow the procedure set forth in the Court's Scheduling Order.

1

II.     **DEFENDANTS' SUBMISSION OF EXPERT REPORTS**
        **REGARDING INVALIDITY OF THE '633 PATENT WAS PROPER**

Telcordia sued Lucent, Cisco, and Alcatel in three separate actions asserting multiple patents against each defendant. D.I. 1. Initially, each defendant retained its own expert to address the asserted patents. Cisco retained Professor Anthony Acampora, Lucent retained Professor Wayne Grover, and Alcatel retained Dr. Vincent Jones. As expert discovery approached, defendants sought to coordinate the discovery process so as to avoid needless repetition and to make trial more efficient, even though that would mean each defendant had to compromise on its choice of expert. Instead of offering multiple expert reports addressing each of the asserted patents, defendants agreed that each retained expert would submit an opening report on invalidity addressing one of the asserted patents. Each defendant adopted the reports served by the other defendants.

Telcordia's motion arises from events triggered by Telcordia's recent ITC filing. On May 15, 2006, with expert discovery about to commence, Telcordia initiated an investigation before the ITC, asserting the same patents against the same defendants. Telcordia's ITC action presented the defendants with the ***option*** of staying their respective district court actions. *See* 28 U.S.C. § 1659.

Before the decision whether to stay the proceedings had to be made, the Scheduling Order required defendants to submit opening invalidity expert reports. None of the defendants had determined at that time whether to stay the district court action. As a result, each defendant's expert submitted a report addressing one patent, the other defendants retained that expert for their respective cases relating to that patent, and each expert report was served on behalf of all defendants. Dr. Grover addressed invalidity of the '763 patent; Dr. Acampora addressed invalidity of the '306 patent; and Dr. Jones addressed invalidity of the '633 patent.

On July 13, 2006, Alcatel exercised its right to stay its district court action. Cisco and Lucent, however, chose to continue to go forward in this Court even though they would have to proceed in the parallel ITC action as well. After Alcatel's stay, Lucent and Cisco faced a situation caused wholly by the timing of Telcordia's filing in the ITC. Specifically, Alcatel's chosen expert had rendered opinions for the defendants regarding the validity of the '633 patent but Alcatel no longer was a participant in the litigation. Lucent and Cisco were left with three technical experts but believed that it would be more efficient and helpful to the jury to reduce that number as a result of Alcatel's removal from the case. Defendants thus informed Telcordia that, in light of Alcatel's stay, Cisco's expert, Dr. Acampora, would submit the reply invalidity report on the '633 patent when it was due. Defendants also proposed to Telcordia that Dr. Acampora adopt Dr. Jones' opening invalidity report for purposes of trial. As it was, Dr. Acampora had submitted the non-infringement report on the '633 Patent (which is not the subject of this motion). Defendants hoped this approach would resolve the issue of two defendants having three technical experts.

At that point, no expert depositions had been taken, and no new reports were proposed to be filed; the only "change" would be Dr. Acampora's formal adoption of Dr. Jones' opening report. On July 28, 2006, the Court's scheduled date for exchanging reply reports, defendants submitted an invalidity reply report on the '633 patent from Dr. Acampora.

Defendants believe there is good cause to simplify the trial process by reducing the number of experts testifying before the jury. Consistent with the goal of "secur[ing] the just, speedy, and inexpensive determination of every action," Fed. R. Civ. Pro. 1, defendants' approach increases the efficiency of trial and reduces potential jury confusion. Indeed, Telcordia

3

will also now be offering only two expert witnesses as opposed to the three experts it originally designated.

Despite defendants' attempt to remedy a situation caused by Telcordia's late filing of its ITC action, Telcordia immediately objected, insisting that defendants use three experts instead of two. Telcordia argued that Lucent and Cisco must proceed with the expert selected by Alcatel, even though Alcatel is no longer part of the litigation. Had Telcordia filed its ITC action sooner and not waited until expert discovery had commenced in this litigation, the situation that defendants are attempting to work through with Telcordia would not have arisen..

Ironically, Telcordia alleges that it has been prejudiced by defendant's **proposal** to reduce the number of technical experts that may ultimately testify at trial. Telcordia's brief, however, fails to identify any actual prejudice it has suffered. There is none.

First, contrary to Telcordia's assertion, defendants have not "substituted" any experts. Rather, the defendants have only indicated their desire to reduce the number of experts **at trial** and have provided a reply report from Dr Acampora adopting Dr. Jones' conclusions in an effort to provide a framework whereby defendants may proceed with two -- not three -- technical experts at trial. Dr. Acampora's adoption of Dr. Jones' report did not affect anything Telcordia did, or could have done, after receiving Dr. Jones' opening report. No depositions had occurred, and Dr. Acampora did not modify or supplement Dr. Jones' opening report. Telcordia took Dr. Acampora's deposition on the matters in Dr. Jones' report. Further, nothing in the Federal Rules or the Court's Scheduling Order prohibits a party from providing an opening report from one expert in support of its case in chief, and a reply report from another expert responding to and pointing out mistakes in an opposing party's rebuttal expert report.

Defendants believe that reducing the number of testifying experts would be more efficient for both the Court and the parties than going forward with three different experts. Defendants would like to work with Telcordia and the Court to achieve this goal. By having Dr. Acampora submit reports regarding invalidity of the '633 patent and providing him (as well as Dr. Jones) for deposition on the '633 patent now, defendants have laid the groundwork to allow the case to move forward with fewer experts (depending on what issues remain to be tried). If the Court determines, however, that defendants should proceed with three experts, defendants remain prepared to use Dr. Jones for their case-in-chief regarding invalidity of the '633 patent and Dr. Acampora for their rebuttal case.

Second, contrary to Telcordia's assertion, defendants submitted the reports in accordance with the Court's Revised Scheduling Order. Dr. Jones submitted his report on the date scheduled for opening reports, and Dr. Acampora submitted a reply report identifying the errors in Telcordia's expert's rebuttal report on the date scheduled for reply reports. Dr. Acampora's reply report also adopted the conclusions and analyses set forth in Dr. Jones' opening report and was consistent with the scope and subject matter of that opening report.

Third, Telcordia has deposed both Dr. Acampora and Dr. Jones. Telcordia deposed Dr. Acampora for two days, including examination on the substance of both his reply report and Dr. Jones' opening report. The nature and substance of Dr. Acampora's testimony during his deposition is of the same scope as Dr. Jones' opening report. Defendants have even offered Telcordia a third day of deposition with Dr. Acampora regarding invalidity of the '633 patent to mitigate any alleged "prejudice" caused by reducing the number of testifying experts. Telcordia has also deposed Dr. Jones' on the substance of his opening report, and defendants informed

Telcordia that they would consider providing additional deposition time with Dr. Jones if there were such a need.

Finally, Telcordia refuses to acknowledge that this issue arose only because of its filing of the ITC action after more than two years of litigation in this Court.  Indeed, Telcordia recently told the ITC Judge Harris that the difficulties caused by the two parallel proceedings (including Telcordia's request that the ITC schedule its trial immediately before the trial of this action) could have been avoided if only Cisco and Lucent "had requested the stay that they had the absolute statutory right to."  Telcordia argued:

> Alcatel [stayed] ***and they won't be experiencing any of the difficulties that Cisco and Lucent now have basically doomed themselves to suffer***.  The statutory scheme is clear.  ***It's the District Court that gets stayed, not the ITC.***
> . . . .
> . . . .
> We feel that frankly the complicated nature of this case is one in large part of Lucent and Cisco's own doing.  ***That they could have made it simpler on everybody by seeking the stay.***

Ex. 1 at p. 35, 37.

It is Telcordia's belated decision to file in the ITC that is causing the defendants to "suffer" difficulties.  But apparently Telcordia's view is that defendants' choice to proceed in this Court relieves it of any obligation to attempt to resolve those difficulties.  Instead, Telcordia blames the defendants for the difficulties that it has caused.

In short, after Alcatel stayed its litigation due to the ITC action, defendants submitted a reply invalidity report from Cisco's expert.  Defendants asked Telcordia to agree to have Cisco's expert adopt the opening report of Alcatel's expert for purposes of trial to reduce the potential number of expert witnesses who would address the jury.  Defendants did not "substitute" Dr. Acampora for Dr. Jones.  Rather than improperly filing its motion and involving the Court,

Telcordia should have worked with Lucent and Cisco on a way to reduce the number of witnesses to which the jury will be exposed, now that Alcatel will no longer be involved.

## III.    TELCORDIA'S REQUEST FOR A SECOND DAY OF DEPOSITION WITH DR. JONES IS PREMATURE.

Telcordia's request for a second day of deposition for Dr. Jones is premature. When Telcordia filed its motion, it had not even deposed Dr. Jones for the one day the parties had agreed upon. Before the first day of Dr. Jones' deposition, defendants informed Telcordia that they would consider providing Telcordia with additional deposition time with Dr. Jones if the need existed after the first day. After the first day of Dr. Jones' deposition, defendants asked Telcordia if it wanted an additional day and, if so, why. Telcordia has not responded.

In short, there is no reason for the Court to get involved at this point. If it does become an issue, Telcordia can call the Court pursuant to the procedure in the Scheduling Order.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *John W. Shaw*
John W. Shaw (No. 3362)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Defendant Lucent Technologies Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
1201 N. Market Street
Wilmington, DE 19899-1347
(302)-658-9200
jblumenfeld@mnat.com
lpolizoti@mnat.com

*Attorneys for Defendant Cisco Systems, Inc.*

7

OF COUNSEL:

Steven C. Cherny
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200

David Nelson
Israel Sasha Mayergoyz
David C. McKone
Latham & Watkins LLP
Sears Tower, Suite 5800
Chicago, IL 60606
(312) 876-7700


Dated: August 25, 2006

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
Thomas B. King
WEIL, GOTSHAL & MANGES LLP
20 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Ryan Owens
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

057224.1004

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on August 25, 2006, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Steven J. Balick, Esquire
*sbalick@ashby-geddes.com*
Ashby & Geddes
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

I further certify that on August 25, 2006 I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL ON AUGUST 25, 2006 AND
### FEDERAL EXPRESS ON AUGUST 26, 2006

Donald R. Dunner, Esquire
*don.dunner@finnegan.com*
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
901 New York Ave., N.W.
Washington, DC 20001

York M. Faulkner, Esquire
*york.faulkner@finnegan.com*
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *John W. Shaw*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899-0391
(302) 571-6600

*Attorneys for Lucent Technologies Inc.*