# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 11, 2006

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re:  *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*, C.A. No. 04-875-GMS
 *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*, C.A. No. 04-876-GMS

Dear Judge Sleet:

Pursuant to the Court's Revised Scheduling Order, plaintiff respectfully submits this reply letter in support of plaintiff's requests for leave to file summary judgment motions.

I.   **Non-infringement of the '306 Patent**

At the outset, defendants criticize Telcordia for seeking judgment against itself during the summary judgment phase of the case. As the Court is aware, as early as June 28, 2006 (six days after the Court's claim construction Order issued), Telcordia represented that it could not establish infringement of the '306 patent under the Court's claim construction, and that for this reason Telcordia would seek the entry of judgment against itself on its '306 patent infringement claims. (Ex. 1 to D.I. 200 in C.A. No. 04-875-GMS). Although Telcordia proposed the entry of judgment through alternative means such as a stipulation, or a concession in conjunction with a Rule 54(b) motion, defendants steadfastly opposed any procedure other than summary judgment. Indeed, during a July 18, 2006, status hearing, defendants claimed that summary judgment is "the only rule that permits you to move from claim construction to non-infringement." (July 18, 2006, Tr. at 19). At that hearing, the Court Ordered that the case would advance to summary judgment. In accordance with the Court's Order, Telcordia moved for summary judgment against itself—a procedure that this Court has recognized. *Schering Corp. v. Amgen, Inc.*, 35 F. Supp. 2d 375 (D. Del. 1999). Telcordia is not seeking to distort the process or to create a parallel set of moving papers as defendants suggest, but rather is seeking only to maintain its consistent position—that judgment should be entered against it—given the Court's instruction that judgment on '306 patent infringement will issue through the Court's summary judgment process.

Telcordia submits that the summary judgment proceeding need not extend any further than the two claim limitations for which Telcordia concedes non-infringement. There is no reason to move forward with a wide-ranging, complex summary judgment proceeding, laden with disputed factual issues, where Telcordia already concedes non-infringement. Indeed, defendants' sole stated purpose for engaging in a wide-ranging summary judgment proceeding is that such a process might afford them the chance to obtain "alternative grounds supporting summary judgment." Defendants' proposal is inefficient and entirely self-serving.[1] Given that Telcordia concedes judgment on specific grounds, and that Telcordia has raised disputed issues of material fact on all other grounds, the summary judgment proceeding should focus on developing the undisputed factual record needed to support the already conceded judgment.

---

[1] At the same time, defendants accuse Telcordia of manipulating the summary judgment procedure to create a "vulnerable" record on appeal. This is not true. Telcordia, quite simply, seeks the most efficient and least burdensome means to concede judgment on '306 patent infringement. Defendants, on the other hand, seek to take advantage of Telcordia's concession by insisting that the Court needlessly look past the concession and evaluate complex disputed factual issues just so the defendants can have the chance to obtain hypothetical "alternative grounds supporting summary judgment."

Defendants recast Telcordia's proposal as "granting judgment based merely on the plaintiff's concession of non-infringement due to an adverse claim construction," and suggest that such a procedure conflicts with Federal Circuit law. Defendants are wrong on the facts and the law. First, Telcordia is not proposing that the Court grant summary judgment "merely" on Telcordia's concession of non-infringement. Rather, Telcordia is proposing that the parties first develop a factual record by briefing exactly how and why Telcordia is unable to establish infringement of the two conceded limitations as construed by the Court.[2] Second, Federal Circuit law does not preclude the Court from granting summary judgment of non-infringement based upon a concession of non-infringement. Specifically, the procedure as applied, for example, by this court in *Schering Corp. v. Amgen*, is neither outdated nor inapplicable as defendants contend. Rather, many Federal Circuit cases recognize the ability of a court to dispense with an infringement claim through a stipulation of non-infringement as was done in the *Schering* case. *See, e.g., Versa Corp. v. Ag-Bag Int'l Ltd.*, 392 F.3d 1325, 1328 (Fed. Cir. 2004); *Phillips v. AWH Corp.*, 363 F.3d 1207, 1210 (Fed. Cir. 2004); *Altiris, Inc. v. Symantec Corp.*, 318 F.3d 1363, 1368-69 (Fed. Cir. 2003). Indeed, even in the two cases cited by defendants, *Wilson Sporting Goods, Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322 (Fed. Cir. 2006) and *Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348 (Fed. Cir. 2006), the Federal Circuit allowed the appeal of a judgment based upon a stipulation of non-infringement. The cases note—in dicta only—the lack of a factual record supporting the judgment, but that dicta is inapplicable here because a factual record supporting Telcordia's conceded judgment will be developed in this case.

In summary, where Telcordia concedes non-infringement based upon two claim limitations, and correctly contends that the factual issues are vigorously disputed as to all other claim limitations, there is no reason to complicate the summary judgment process by focusing on the disputed claim limitations.

## II. Mootness of the '306 Patent Invalidity Counterclaims

Defendants contend that the Court should not consider the mootness of their '306 patent invalidity counterclaims in connection with summary judgment motions. Rather, defendants argue, the Court should first decide summary judgment motions (including, apparently, summary judgment motions directed toward '306 patent validity), and then later consider whether '306 patent validity issues are moot.

Defendants fail to appreciate that the mootness of '306 patent validity is premised upon a finding of '306 non-infringement—a finding with which all parties agree. Following a judgment of non-infringement, invalidity counterclaims may be dismissed as moot, at the Court's discretion. *Phonometrics, Inc. v. Northern Telecom, Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998). The dicta cited by defendants from a 1945 Supreme Court case has no bearing on the procedural propriety of dismissing invalidity counterclaims as moot. Indeed, far more recent Supreme Court jurisprudence, as directly applied by the Federal Circuit, supports Telcordia and confirms that the Court may dismiss the counterclaims as moot. "A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice . . ." *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004). "We have noted that '[t]he Supreme Court's decision in *Cardinal Chemical* does not preclude this discretionary action by the district court.'" *Id.* at 1370, citing *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993); *Phonometrics*, 133 F.3d at 1468. Consistent with this precedent, the Court should exercise its discretion to dismiss the '306 counterclaims as moot for the reasons noted in Telcordia's opening letter.

## III. The '306 Patent is Not Invalid Under 35 U.S.C. § 102 or § 112(1)

Defendants suggest that Telcordia should be precluded from filing a motion that the '306 patent is not invalid under 35 U.S.C. § 102 (anticipation) or § 112 (enablement) because the motion, if successful, would not be "dispositive of any claim." This argument is baseless and distracts from the established summary judgment standard of Fed. R. Civ. P. 56, which has nothing to do with whether a motion, if successful, would be "dispositive of any claim." Indeed, Telcordia's motion, which defendants criticize as "fractional," is expressly contemplated by Rule 56(d) and the advisory committee's note: "The partial

---

[2] Defendants criticize Telcordia's proposal to develop the factual record, claiming that "[a]llowing the losing party to create a factual summary judgment record . . . is not sensible and invites legal error." This conclusory argument ignores the reality of the Court's summary judgment briefing process, which allows both sides an opportunity to develop the record.

2

summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication . . . serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." Fed. R. Civ. P. 56 advisory committee's note. The focus of a partial summary judgment motion, as with any other summary judgment motion, centers on whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). For this reason, in its opening letter, Telcordia explained why there are no genuine issues of material fact, and why it is entitled to judgment as a matter of law. Defendants simply fail to respond to Telcordia's substantive position on the merits in any meaningful way, choosing instead to argue that the Court should not entertain a partial summary judgment motion—regardless of the merits—simply because the motion would not be "dispositive of any claim."

Indeed, taking their theory a step further, defendants contend that their proposed summary judgment motion on '306 validity should be permitted because, if successful, it would fully dispose of the issue.[3] Again, whether a summary judgment motion is or is not fully dispositive of a claim has no relevance to the viability of the motion on the merits. Moreover, Telcordia responded to defendants' proposed summary judgment motion on the merits and within the framework of Rule 56 by identifying specific issues of disputed fact that would make the entry of summary judgment improper. In contrast, defendants do not even mention, let alone argue, the possibility that disputed facts would preclude Telcordia's summary judgment motion. For this reason, under the standards of Rule 56, the Court should allow Telcordia to proceed with its motion.

IV.   **Cisco Products Operating in SRTS Mode Infringe Claim 33 of the '633 Patent**

Again, defendants incorrectly argue that their proposed '633 patent infringement motion should be permitted, and Telcordia's proposed motion on the same issue should be precluded, simply because their proposed motion, if successful, would dispose of all of Telcordia's '633 patent infringement claims. Amazingly, defendants advance this self-serving argument where the parties agree that there are no disputed factual issues and that the only remaining question is whether the "convergence sublayer" element is met as a matter of law. Under defendants' approach, if they are entitled to judgment on the "convergence sublayer" point as a matter of law, then summary judgment should issue in their favor, whereas if Telcordia is entitled to judgment as a matter of law on the same point, then summary judgment should not issue in Telcordia's favor. This one-sided proposal should not be entertained. Should the Court permit summary judgment motions on infringement of the '633 patent, for the reasons already noted in Telcordia's opening and responding letters, Telcordia's motion should be granted and defendants' motion should be denied.

V.   **The '633 Patent is Not Invalid Under 35 U.S.C. § 112(1) or § 112(2)**

Defendants concede that "[a]bsent a change in the Court's claim construction, Defendants are not pursuing an indefiniteness, non-enablement or written description allegation on the two remaining asserted claims of [the '633 patent]," and that therefore summary adjudication is "unnecessary." (D.I.s 235 and 222). Because defendants have insisted that the summary judgment process go forward even on issues which Telcordia concedes, the process should also go forward on issues which defendants concede. Specifically, defendants claim that summary judgment is "the only rule that permits you to move from a claim construction to noninfringement." (July 18, 2006, Tr. at 19). If that is true, then summary judgment would also be "the only rule that permits you to move from claim construction" to judgment on validity issues.

Respectfully,

*Steven J. Balick*

Steven J. Balick

c: All Counsel (by electronic mail)

---

[3] Defendants also contend that the Court should allow their summary judgment motion on '306 patent validity because it allegedly would "support and reinforce" the conceded '306 patent non-infringement judgment against Telcordia. This theory is even further afield from the Rule 56 standards. "Supporting and reinforcing" judgment on a separate and unrelated infringement claim cannot serve as the basis for granting summary judgment of invalidity. Moreover, judgment on validity does not in any way "support and reinforce" judgment on infringement. Validity and infringement are mutually exclusive.