# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 15, 2006

The Honorable Gregory M. Sleet
United States District Court
844 King Street
Wilmington, Delaware 19801

VIA ELECTRONIC FILING

Re:  *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*,
C.A. No. 04-875-GMS

*Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,
C.A. No. 04-876-GMS

Dear Judge Sleet,

We are writing in response to the defendants' September 14, 2006, letter characterizing the Federal Circuit's September 13, 2006, decision in *The Massachusetts Institute of Technology v. Abacus Software*, 05-1142, slip op. (Fed. Cir. Sept. 13, 2006) (Ex. A to D.I.s 247 and 234 in C.A. Nos. 04-875 and 04-876, respectively).

Telcordia disagrees with defendants' contention that the *MIT* case indicates "there should be a fully-developed record on summary judgment reflecting *all potential bases* to support the judgment." (D.I.s 247 and 234)(emphasis added). In fact, the *MIT* case supports the opposite proposition—namely, the judgment should be limited to those claim construction rulings which are dispositive because of an absence of disputed issues of fact. Specifically, the Federal Circuit indicated it will decline an invitation to "opine on a range of claim construction issues even though the judgment of the district court is not based on the resolution of those issues." Slip op. at 7. Instead, the Court of Appeals "limit[s] [its] consideration to issues presented by the judgment under review." *Id*. The Federal Circuit explains that "[a]n appeal is not an opportunity to bring before the appellate court every ruling with which one of the parties disagrees without regard to whether the ruling has in any way impacted the final judgment." *Id*.

As explained in Telcordia's submissions relating to summary judgment, there is no reason for this Court to consider "potential bases to support the judgment" where Telcordia has already conceded judgment as to two dispositive claim construction issues and where defendants' other "potential bases to support the judgment" are not case-dispositive because they involve disputed issues of fact for the jury to resolve. In accordance with Telcordia's proposal, the final judgment in this case will be based on two specific claim construction rulings for which there are no disputed factual issues. With respect to those two dispositive rulings, the parties will

The Honorable Gregory M. Sleet
September 15, 2006
Page 2

fully develop the factual record as to the nature of the accused devices during the summary judgment briefing process.

  As a result, Telcordia's proposal is more in keeping with the Federal Circuit's decision because it avoids an appeal where the "judgment does not identify which of the many claim construction rulings are dispositive," and where "the record does not disclose the nature of the accused devices." Slip op. at 8.

                 Respectfully,

                 */s/ Steven J. Balick*

                 Steven J. Balick

SJB/nml
173233.1

c: Donald R. Dunner, Esquire (via electronic mail)
  John W. Shaw, Esquire (by hand, and via electronic mail)
  Steven C. Cherny, Esquire (via electronic mail)
  David A. Nelson, Esquire (via electronic mail)
  Jack B. Blumenfeld, Esquire (by hand, and via electronic mail)
  Edward R. Reines, Esquire (via electronic mail)