IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | Civil Action No. 04-875-GMS |
| v. | ) | |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No. 04-876-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**TELCORDIA TECHNOLOGIES, INC.'S MOTION *IN LIMINE* NO. 1:**

**MOTION TO PRECLUDE DEFENDANTS FROM REFERENCING
TELCORDIA'S CONCESSION OF NONINFRINGEMENT OF
U.S. PATENT NO. 4,893,306 OR TELCORDIA'S PRIOR
<u>CLAIM CONSTRUCTION POSITIONS</u>**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON,
FARABOW, GARRETT
   & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 8, 2007
177596.1

I.  **INTRODUCTION**

Telcordia Technologies, Inc. ("Telcordia") respectfully moves for an Order from this Court precluding defendants Lucent Technologies, Inc. ("Lucent") and Cisco Systems, Inc. ("Cisco") from introducing irrelevant and prejudicial evidence at trial. Specifically, this Court should preclude defendants from referencing claim construction positions advocated by Telcordia during the claim construction phase of this litigation that were not adopted by the Court in its June 22, 2006, claim construction Order. (D.I. 179).[1] The Court should likewise preclude any reference to which party "won" or "lost" on claim construction. Similarly, the Court should preclude the defendants from referencing Telcordia's concession of noninfringement of U.S. Patent No. 4,895,306 ("the '306 patent") based upon the Court's June 22, 2006, claim construction Order.

Telcordia's previous claim construction positions and Telcordia's concession of noninfringement of the '306 patent are irrelevant to any issue that will be presented at trial. Moreover, reference to claim construction positions advocated by Telcordia that were not adopted by the Court and reference to Telcordia's attendant concession of noninfringement of the '306 patent would greatly prejudice Telcordia. Accordingly, this Court should preclude defendants from referencing Telcordia's prior claim construction positions and Telcordia's concession of noninfringement under Fed. R. Evid. 401, 402, and 403.

---

[1] For brevity, the D.I. numbers provided herein are for the Cisco case only, although each citation has a corresponding D.I. number in the Lucent case.

1

## II. ARGUMENT

Pursuant to Federal Rules of Evidence 401 and 402, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Consequently, this Court should exclude any evidence not "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Moreover, pursuant to Federal Rule of Evidence 403, evidence that is relevant may nevertheless be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403.

Here, after considering the parties' respective claim construction positions, the Court ruled on the meaning of disputed claim terms of the asserted patents. (D.I. 179). Reserving all rights to appeal the Court's claim construction Order, the parties have expressly incorporated the Court's claim constructions into the proposed jury instructions. Accordingly, the jury will use this Court's claim constructions, exclusively, in determining whether the accused products infringe the asserted patents. Thus, Telcordia's prior claim construction positions have no relevance to any issue presented at trial.

Nor does Telcordia's concession of noninfringement of the '306 patent based upon the Court's claim construction Order have any relevance. Moreover, while having no probative value, reference to Telcordia's prior claim construction positions and noninfringement concession would unfairly prejudice Telcordia, confuse the issues, and mislead the jury.

2

A.  **REFERENCE TO REJECTED CLAIM CONSTRUCTION IS APPROPRIATELY EXCLUDED UNDER RULES 401, 402, AND 403**

Because the parties' previous claim construction positions are irrelevant and reference to them could be highly prejudicial and potentially confusing, the Court should preclude the parties from referencing them before the jury under Rules 401, 402, and 403. In particular, this Court should adopt a ruling like that issued by Judge Ward of the Eastern District of Texas on at least two recent occasions:

> The parties are ordered that they may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are ordered to refrain from mentioning any portion of this [claim construction] opinion, other than the actual definitions adopted by the court, in the presence of the jury. Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the court.

*QPSX Developments 5 PTY Ltd. v. Juniper Networks*, No. 2:05-CV-268, 2007 WL 108508, *12 (E.D. Tex. Jan. 10, 2007); *Seven Networks, Inc. v. Visto Corp.*, No. 2:05-CV-365, 2006 WL 3840109, *9 (E.D. Tex. Dec. 29, 2006).

Judge Farnan of this Court has also precluded reference to an adverse ruling on a parties' proffered claim construction. *Novartis Pharms. Corp. v. Abbott Labs., Inc.*, 294 F. Supp.2d 557, 565 n.1 (D. Del. 2003) (noting that the Court previously granted Novartis' motion to preclude reference to the Court's adoption of Abbott's proffered claim construction). And, in a separate case, Judge Farnan recognized the prejudicial nature of referencing a party's rejected claim construction: "reference to who 'won' or 'lost' the claim construction debate may not be appropriate to suggest that the Court favors one parties' position over another . . ." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. CIVA 04-1371 JJF, 2006 WL

2724879, *4 (D. Del. Sept. 20, 2006). In *Power Integrations*, Judge Farnan precluded reference to a defendant's rejected claim construction except in the "limited context" of attacking the "reasonableness and competence of the opinions of counsel relied upon by Defendants as a defense to willful infringement" where "evidence of Defendants' shifting claim construction [was] relevant." *Id.* Here, Telcordia is the plaintiff, not a defendant asserting a defense to willful infringement, and neither Cisco nor Lucent is able to advance an advice of counsel defense to Telcordia's willful infringement charges. Accordingly, the limited relevance of prior claim construction positions described by Judge Farnan in *Power Integrations* is inapplicable. Lacking relevance to any issue that will be presented at trial, Telcordia's prior claim construction positions and the implications of the Court's rejection of those positions (i.e., Telcordia's concession of noninfringement of the '306 patent) are inadmissible in addition to being potentially prejudicial and confusing. Fed. R. Evid. 402; Fed. R. Evid. 403.

**B.     TELCORDIA'S CONCESSION OF NONINFRINGEMENT OF THE '306 PATENT—AND ANY RULE 56 JUDGMENT AGAINST TELCORDIA—IS APPROPRIATELY EXCLUDED UNDER RULES 401, 402, AND 403**

Telcordia's concession of noninfringement of the '306 patent based upon the Court's June 22, 2006, claim construction Order was offered in an effort to streamline this case. Telcordia's concession, and any Rule 56 judgment resulting from the concession, are not probative of any issue remaining in the case, and would be highly prejudicial if presented to the jury. *See, e.g., EZ Dock, Inc. v. Schafer Systems, Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *13 (D. Minn. March 8, 2003)(Granting plaintiff's motion *in limine* to preclude the defendant from referencing claims that were dismissed during the course of the litigation.)

### III. CONCLUSION

Telcordia's prior claim construction positions and prior '306 patent noninfringement concession have no bearing on any issue in this case and reference to them during trial would only serve to confuse the jury and prejudice Telcordia. Accordingly, this Court should order that (1) the parties may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury; (2) the parties may not mention any portion of the Court's claim construction opinion, other than the actual definitions adopted by the Court, in the presence of the jury; (3) the defendants may not refer, directly or indirectly, to Telcordia's concession of noninfringement of the '306 patent based on the Court's claim construction, and (4) any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the Court.

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON,
FARABOW, GARRETT
    & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 8, 2007
177596.1