IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | **REDACTED** |
| ) | **PUBLIC VERSION** |
| Plaintiff, ) | |
| v. ) | Civil Action No. 04-876-GMS |
| ) | |
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**TELCORDIA TECHNOLOGIES INC.'S MOTION *IN LIMINE* NO. 3:**

**MOTION TO PRECLUDE DEFENDANT CISCO SYSTEMS, INC. FROM OFFERING ARGUMENT, TESTIMONY, OR EVIDENCE REGARDING THE AMOUNTS DEFENDANT PAID PLAINTIFF FOR PRODUCT TESTING**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff
Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Griffith B. Price
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 8, 2007
177597.1

I.  **INTRODUCTION AND BACKGROUND**

Plaintiff Telcordia Technologies, Inc. ("Telcordia") respectfully moves the Court for an order, pursuant to Federal Rule of Evidence 402 and 403, precluding Defendant Cisco Systems, Inc. ("Cisco") from offering trial argument, testimony, or evidence regarding

**REDACTED**

Telcordia performs product testing and other services for telecommunications equipment manufacturers who sell to Regional Bell Operating Companies ("RBOCs"). These services relate to the interoperability of the manufacturers' products with the RBOC networks and the associated software for Operations Support Systems ("OSS") that manages and controls those networks.

Cisco is an equipment manufacturer that sells to RBOCs.

. First,                                                        **REDACTED**

Cisco's April 14, 2006, Response to Telcordia Interrogatory No. 11.

*Id.* at 11.

Telcordia will refute these contentions at trial; it does not here seek to preclude evidence that

**REDACTED**

1

." *Id.*

**REDACTED**

In addition, Cisco seeks to rely on                               in support of its damages case to suggest a smaller award to Telcordia. In his report, Cisco's damages expert, Terry L. Musika, **REDACTED** his analysis of one of the *Georgia-Pacific* reasonable royalty factors: the commercial relationship between Telcordia and Cisco. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1118, 1120 (S.D.N.Y. 1970). Musika relies, in part, **REDACTED** conclude that Telcordia and Cisco are not competitors, suggesting "a lower overall license value." Expert Report on Damages by Terry L. Musika, July 21, 2006, at 30 ("Musika Report"). The parties do not dispute that Telcordia does not make or sell equipment in competition with Cisco, and prejudicial evidence of Cisco's **REDACTED** **REDACTED** is simply not probative of this undisputed issue.

**II. ARGUMENT**

**A.**

**REDACTED**

should be excluded as irrelevant. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of

2

consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

has any relevance to Cisco's defenses. Cisco's defenses focus in part on                . At trial, Cisco may put forth evidence that Cisco

**REDACTED**

adds nothing to Cisco's substantive arguments.

For example,         shows nothing about what Telcordia knew about Cisco's products. It does not show which products

**REDACTED**

and these points are not in dispute. Therefore, evidence concerning         does little, if anything, to support Cisco's equitable defenses. Similarly,         not relevant to damages. Cisco's damages expert relies on         to establish what is not in dispute: that Telcordia and Cisco are not direct competitors. Musika Report at 29-30.

While the         has absolutely no probative value, its presentation to the jury would nonetheless be highly prejudicial to Telcordia. Federal Rule of Evidence 403, provides that relevant evidence may nevertheless by excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403.

As set forth in the parties' joint proposed pretrial order, in addition to liability issues, the parties propose that both damages and equitable issues be tried to the jury. There is a very real risk to Telcordia that                          will mislead the jury into

**REDACTED**

3

thinking that REDACTED

As a result, the jury may mistakenly disregard the technically demanding issues that it must resolve relating to the questions of patent infringement and validity. There is the further risk that the jury will confuse a factor relevant to damages—the noncompetitive relationship—with REDACTED

Cisco's damages expert may testify that, in his view, the parties have a noncompetitive relationship as part of his analysis of a reasonable royalty rate. But he should not be allowed to testify that potentially misleading the jury into believing that somehow relevant to the damages computation

REDACTED

has no probative value, especially in view of the fact that the vast majority of has nothing to do with the products or patents at issue, and REDACTED Therefore, that evidence would serve only to confuse the jury and distract it from the real issues of patent infringement and damages, and any reference to should be excluded from trial. Fed. R. Evid. 403; see *Software AG v. Bea Systems, Inc.*, No. Civ. A. 03-739, 2005 WL 859266, * 2 (D. Del. April 8, 2005) (evidence excluded where prejudicial effect outweighs probative value).

### III. CONCLUSION

For all of these reasons, Telcordia respectfully requests that the Court, pursuant to the Federal Rules of Evidence 402 and 403, preclude Cisco from offering any argument, testimony, or evidence regarding REDACTED

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D.# 3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Griffith B. Price
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 8, 2007
177597.1

5