IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC., | ) | Civil Action No. 04-876-GMS |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

TELCORDIA TECHNOLOGIES, INC.'S REPLY BRIEF
IN SUPPORT OF TELCORDIA TECHNOLOGIES, INC.'S MOTION *IN LIMINE* NO. 2:

MOTION TO PRECLUDE DEFENDANTS FROM PRESENTING EXPERT OPINIONS
ON VALIDITY AND UNENFORCEABILITY BY AN ADDITIONAL EXPERT WHO
NEVER PREPARED OR SUBMITTED AN OPENING EXPERT REPORT ON
INVALIDITY AND UNENFORCEABILITY

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff
Telcordia Technologies, Inc*

Dated: March 1, 2007

Telcordia's Motion *in Limine* No. 2 asks the Court to prevent defendants from switching expert horses in mid-stream so that they can present expert testimony by Dr. Anthony Acampora on validity and enforeceability of the '633 patent even though it was Dr. Jones who actually submitted the opening expert report on those issues. As Telcordia's motion pointed out, defendants' approach violates the Federal Rules of Civil Procedure and this Court's scheduling order. In their response to Telcordia's motion, defendants provide no compelling justification for departing from those rules and allowing the switch.

Amazingly, defendants argue that it is Telcordia's fault that defendants switched experts after the applicable deadlines. (D.I. 304, Ex. 2 at 1-3). Specifically, defendants disclaim any responsibility for their own strategic choices and instead paint Telcordia's ITC action as the culprit, claiming that their original expert, Dr. Jones, was actually Alcatel's choice as an expert and that once Alcatel decided to stay the district court proceedings against it pursuant to 28 U.S.C. § 1659(a), it was only natural that the defendants would jettison Dr. Jones in favor of Dr. Acampora. But defendants' tactics are their own, and they should be required to live with their own strategies. It was defendants' choice, not Telcordia's, to jointly hire experts and divide the technical subjects in the case among the different experts. While that approach can result in efficiencies, there was always a risk that one defendant would leave the case, for example by settling, leaving the other defendants relying on an expert that was hired and handled by the now absent party. It was also defendants' choice to continue litigating in this forum even though Alcatel chose not to. Cisco and Lucent cannot now lay the natural consequences of their strategic litigation decisions at Telcordia's feet.

Aside from attempting to disclaim any responsibility for the predicament they created, defendants also provide no satisfactory justification for switching experts in the first place. When Alcatel's case was active, Cisco and Lucent were satisfied with Dr. Jones as their expert on invalidity and unenforceability and would apparently have presented his testimony at trial without complaint. Nothing changed after Alcatel opted for a stay—Dr. Jones is just as experienced and competent as he was when he submitted his initial report, and defendants have never identified any reason why he could not attend the trial and present his expected testimony.

1

Other than merely expressing a personal preference for Dr. Acampora over Dr. Jones, a preference Telcordia believes is the result of the weakness in Dr. Jones' positions that became clear once Telcordia submitted its reply report, defendants claim that allowing Dr. Acampora to testify instead of Dr. Jones would be more efficient. But requiring defendants to stick to their original lineup of experts would result in the same trial testimony they intended to present all along. If that is "inefficient for the Court, the jury and the litigants" as defendants claim, *see* D.I. 304, Ex. 2 at 3, then that is the trial presentation defendants originally chose and, again, they should be required to live with their choice.[1] Further, the search for efficiency cannot override the Court's scheduling order and the expert report requirements of the Federal Rules, since litigants can nearly always point to some purported gain in efficiency to justify whatever late change they want to make to their trial presentation.

Finally, defendants claim they will be prejudiced if they are forced to use their original expert, Dr. Jones, on some '633 patent issues and Dr. Acampora on others. (D.I. 304, Ex. 2 at 5). But again, that was defendants' original trial plan—present Dr. Jones' testimony on '633 patent validity and enforceability and Dr. Acampora's testimony on '633 patent non-infringement. Defendants cannot claim that they will suffering prejudice if they are required to use the exact same witnesses they originally told Telcordia and the Court they intended to use.

Defendants committed to using Dr. Jones as their expert witness on the '633 patent validity and enforceability issues, and Dr. Jones is the only expert who submitted a valid expert report on those issues. As a result, defendants should be limited to their chosen expert—Dr. Jones, and Dr. Acampora should be prevented from testifying about the '633 patent validity and enforceability issues since they were never in his original expert reports.

---

[1] Defendants point out that Telcordia is using only two experts as well, D.I. 304, Ex. 2 at 3, but Telcordia made that choice at the appropriate point in the litigation, not long after its expert reports were originally due.

2

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: March 1, 2007
178408.1

3