
### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> LUCENT TECHNOLOGIES INC., <br><br> Defendant/Counterclaim Plaintiff. | **REDACTED PUBLIC VERSION** <br><br><br> Civil Action No. 04-875-GMS |
| TELCORDIA TECHNOLOGIES, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant/Counterclaim Plaintiff. | Civil Action No. 04-876-GMS |

## PLAINTIFF TELCORDIA TECHNOLOGIES, INC. ANSWER TO DEFENDANTS' MOTION IN LIMINE #2:

### EVIDENCE OF CONCEPTION

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 22, 2007
178109.1

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*

## I. INTRODUCTION

Defendants's Motion *in Limine* No. 2 seeks to prevent Telcordia from doing something that defendants must know Telcordia is not trying to do and, as a result, should be denied. The motion argues that Telcordia should be precluded "from arguing that the invention claimed in [the '633] patent was conceived before November 4, 1991, and from introducing uncorroborated evidence of prior invention." D.I. 292, Exh. 2, Motion *in Limine* No. 2 at 1. But Telcordia is not arguing that the invention claimed in the '633 patent claims was conceived before November 4, 1991, and it is not attempting to introduce any evidence, let alone uncorroborated evidence, that the claimed invention was conceived before that date. Instead, Telcordia is rebutting defendants' contention that Dr. Lau and Dr. Fleischer derived their invention from a one-page communication sent to Telcordia by France Telecom on August 26, 1991—a contention that has already been rejected by the Patent and Trademark Office.

Since Telcordia is not moving its conception date, and all the motion purports to ask is that Telcordia be prevented from moving its conception date, the motion should be denied outright. Defendants, however, have a hidden agenda. Despite stating that they merely want to preclude Telcordia from moving the conception date before November 4, 1991, defendants mischaracterize certain evidence as being relevant only to conception and seek to exclude evidence that conclusively demonstrates that the invention was based on the work of Dr. Lau and Dr. Fleischer and was not later taken by them from a sheet received at a facsimile machine.

Specifically, defendants want to preclude Telcordia from presenting any evidence concerning the inventors' own work prior to August 26, 1991. But Telcordia is not contending that this evidence is proof of conception, which requires that the inventors be in possession of each and every limitation in the asserted claims. Telcordia concedes, for purposes of this litigation, that the corroborated proof of conception is dated November 4, 1991. Instead, Telcordia is presenting evidence of the work of Dr. Lau and Dr. Fleischer prior to August 26, 1991, to demonstrate that their invention was, in fact, the product of their own efforts and ingenuity and not taken from someone else. Further, that evidence is corroborated.

1

## II. ARGUMENT

### A. Conception Is When the Inventor Possesses All Aspects of the Claimed Invention

Conception of an invention is the point in time when the inventor formed in his or her mind "a definite and permanent idea of the complete operative invention as it is hereafter to be applied in practice," which idea is "so clearly defined in the inventor's mind that only ordinary skill would be necessary to reduce the invention to practice, without extensive research or experimentation." *Burroughs Wellcome Co. v. Barr Labs., Inc.*, 40 F.3d 1223, 1228 (Fed. Cir. 1994). In other words, "conception" requires the inventor to have in his possession all of the elements of the claimed invention, not merely a portion. *Singh v. Brake*, 222 F.3d 1362, 1367 (Fed. Cir. 2000) ("A conception must encompass all limitations of the claimed invention").

Dr. Lau and Dr. Fleischer possessed all elements of the asserted claims on November 4, 1991, since the complete invention is disclosed in a November 4, 1991, contribution that was submitted by Telcordia to a standards committee.[1]

### B. Evidence that Dr. Lau and Dr. Fleischer Previously Possessed the Sparse Information Supposedly Provided in a France Telecom Facsimile Is Appropriate Rebuttal to Defendants' Claim of Derivation

Defendants' entire motion is based on a false premise—that Telcordia is changing its conception date. That is not true, and Telcodia has already made that clear on the record. Telcordia first stated it was not changing its conception date in an email soon after defendants complained about Telcordia's supplemental interrogatory response. D.I. 292, Exh. 2, Tab D. Subsequently, during a telephone hearing with the Court, counsel for Telcordia stated, "there is going to be no change in our conception date" and "[w]e are willing to stand by the conception date." D.I. 292, Exh. 2, Tab E at 54.[2]

---

[1] During his deposition, co-inventor Dr. Fleischer testified that he possessed the invention as early as the first quarter of 1991. In light of that testimony, Telcordia amended its response to Interrogatory No. 8 to say, "The earliest conception date of the subject matter claimed in the asserted claims of the '633 patent by the named inventors in the first quarter of 1991.," Tab C to Motion. Notwithstanding that testimony and other evidence of earlier conception by Dr. Lau and Dr. Fleischer, Telcordia will not attempt to prove at trial that the conception date is earlier than November because it cannot independently corroborate that the inventors possessed every element of the asserted claims.

[2] The Court recognized the import of Telcordia's statements, since it reminded defendants' counsel, after he continued to argue that the conception date was being moved, "Well, he says, to the extent that that may contradict this writing, Mr. Anzalone has indicated on the record here that that is not

(footnote continued)

2

What Telcordia should be allowed to demonstrate at trial, however, is that Dr. Lau and Dr. Fleischer had already discussed, wrote about, and knew everything that is supposedly disclosed or suggested in the one-page August 26 fax from Pierre Adam of France Telecom, and that the France Telecom personnel did not contribute to the claimed invention. The August 26 fax, which was fully considered by the Patent and Trademark Office during prosecution of the asserted claims in the '633 reissue patent, *see* '633 patent, cover page, is not a printed publication, a public use, or a prior invention in the United States under 35 U.S.C. §§ 102(a), (b), or (g). Therefore, it can only qualify as "prior" art under § 102(f)—*i.e.*, evidence that Dr. Lau and Dr. Fleischer "did not [themselves] invent the subject matter sought to be patented." 35 U.S.C. § 102(f).

"To invalidate a patent for derivation of invention, a party must demonstrate that the named inventor in the patent *acquired knowledge of the claimed invention from another* . . . ." *New England Braiding Co. v. A.W. Chesterton Co.*, 970 F.2d 878, 883 (Fed. Cir. 1992) (emphasis added). Unless Telcordia is precluded from rebutting defendants' false charge of derivation, the evidence that defendants seek to exclude will conclusively demonstrate that Dr. Lau and Dr. Fleischer did not steal their invention from France Telecom, but instead had already discussed and wrote about everything that is supposedly disclosed in that one-page August 26 fax. *See, e.g., Zoran Corp. v. MediaTek, Inc.*, unreported, 2005 WL 3448070 (N.D. Cal. Dec. 15, 2005) (inventors rebutted claim under § 102(f) that an outside source provided a "key limitation" of the claimed invention by presenting research documents showing that inventors had considered that limitation as an option before receiving outside information).[3]

---

plaintiff's intention." D.I. 292, Exh. 2, Tab E at 57. Indeed, defendants' attempt to continue argument on this point, i.e., whether the invention date was being changed, generated a rather telling observation from the Court: "I am trying to fathom where the issue here is." D.I. 292, Exh. 2, Tab E at 55.

[3] The *Zoran* case, 2005 WL 34448070 at *1 and *3, is similar to the current case, where defendants claim that "key ideas claimed in the '633 patent" were contributed by the France Telecom fax. D.I. 292, Exh. 2, at 1. The evidence which Telcordia should be allowed to present to rebut an obviousness defense premised on a claim of section 102(f) derivation is similar to the evidence relied on in *Zoran*—proof that the inventors had independent knowledge of those "key" ideas or limitations. In *Zoran*, that evidence convinced the district court judge and the Administrative Law Judge presiding over the parallel ITC investigation that the claims were not shown to be invalid. *Zoran*, *supra* at *2.

3

In this case, Telcordia can prove that the inventors previously possessed any "key ideas" supposedly mentioned in the August 26 fax without contending that the inventors possessed every limitation in the asserted claims before November 1991. Thus, evidence showing that the two inventors independently developed any features supposedly provided by others is valid rebuttal to defendants' charge that the invention is not their own work.

### C. The Evidence Showing Prior Possession by Dr. Lau and Dr. Fleischer of Information in the France Telecom One-Page Fax Is Corroborated

Contrary to defendants' assertions, Telcordia can corroborate the testimony of Dr. Lau and Dr. Fleischer that they already had discussed, worked on, and knew about any ideas supposedly disclosed in the August 26 fax from France Telecom. Dr. Lau's June 6, 1991, memorandum demonstrates the inventors' prior possession of any "key ideas" supposedly suggested later by France Telecom. That contemporaneous memorandum corroborates Dr. Lau's own testimony and recollection that France Telecom did not provide the inventors with any of the technical concepts used to develop their SRTS invention. Other evidence independently corroborates the inventors' prior possession of any technical concepts supposedly suggested in a single sentence in that one-page fax, including the fax itself (which expressly refers to Telcordia's prior work),

**REDACTED**

See D.I. 292, Exh. 2, Tab C.

To support their motion, defendants overstate the requirements for corroboration.[4] The challenge is merely to present evidence *beyond mere oral testimony*:

---

[4] Most cases involving the corroboration requirement deal with proof of an earlier conception date, which is not involved here. The same issues may apply, however, where the inventors attempt to show they previously understood something later communicated to them in order to defeat a § 102(f) derivation claim. *See, e.g., Zoran,* 2005 WL 3448070 at *9 - *10 (addressing defendants' attack on "the competency of plaintiffs' evidence to corroborate inventorship [i.e. to disprove the claim that others should be named inventors due to derivation]."

> Whether the co-inventor's testimony has been sufficiently corroborated is evaluated under a "rule of reason analysis," which requires that an "evaluation of *all* pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached. Corroborating evidence may take many forms. Reliable evidence of corroboration preferably comes in the form of records made contemporaneously with the inventive process.

*Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1327 (Fed. Cir. 2004) (emphasis in original, internal quotations and citations omitted). "[T]here is no final single formula that must be followed in proving corroboration." *Kridl v. McCormick*, 105 F.3d 1446, 1450 (Fed. Cir. 1997) (testimony of co-inventor and technician's laboratory notebook was corroboration); *see also Zoran, supra* at 2005 WL 3448070 at 9 (inventor's unwitnessed notebooks and documents may be corroborative). Here, Telcordia can corroborate the inventors' testimony with evidence from several sources, each of which would support a jury's conclusion that Dr. Lau and Dr. Fleischer had prior possession of any concepts supposedly provided by France Telecom. Excluding that evidence would violate the Federal Circuit's guidance that corroboration requires an "evaluation of *all* pertinent evidence."

### III. CONCLUSION

For the reasons stated above, defendants' Motion *in Limine* No. 2 should be denied.

5

ASHBY & GEDDES

/s/ *Tiffany Geyer Lydon*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: February 22, 2007
178109.1