IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TELCORDIA TECHNOLOGIES, INC., ) | **REDACTED PUBLIC VERSION** |
| Plaintiff/Counterclaim Defendant, ) | |
| v. ) | Civil Action No. 04-875-GMS |
| LUCENT TECHNOLOGIES INC., ) | |
| Defendant/Counterclaim Plaintiff. ) | |
| | |
| TELCORDIA TECHNOLOGIES, INC., ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| v. ) | Civil Action No. 04-876-GMS |
| CISCO SYSTEMS, INC., ) | |
| Defendant/Counterclaim Plaintiff. ) | |

TELCORDIA TECHNOLOGIES, INC.'S REPLY BRIEF
IN SUPPORT OF TELCORDIA TECHNOLOGIES, INC.'S MOTION *IN LIMINE* NO. 1:

MOTION TO PRECLUDE DEFENDANT CISCO SYSTEMS, INC. FROM
REFERENCING TELCORDIA'S CONCESSION OF NONINFRINGEMENT OF U.S.
PATENT NO. 4,893,306 OR TELCORDIA'S PRIOR CLAIM CONSTRUCTION
POSITIONS

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: March 1, 2007

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff
Telcordia Technologies, Inc*

Telcorida's Motion *in Limine* No. 1 asks the Court to exclude evidence of Telcordia's prior rejected claim construction positions regarding the '306 patent, including any statement that one party "won" or "lost," and evidence of Telcordia's concession of non-infringement of the '306 patent in light of that claim construction. As Telcordia explained in its motion, such evidence will prejudice Telcordia since it does not relate to any issue in the case and may unfairly influence the jury. Defendants' response essentially concedes that Telcordia is correct about the inappropriateness of presenting rejected claim construction contentions to the jury, and defendants state that they will not introduce such evidence. But defendants do not truly concede this point at all because defendants still claim that they will attempt to present information regarding Telcordia's non-infringement concession—which was a result of Telcordia's unsuccessful claim construction positions—to the jury. Under defendants' proposed approach, that information would now be divorced from its context, namely the claim construction rulings and Telcordia's rejected constructions, and therefore is even more likely to mislead the jury and unfairly prejudice Telcordia. As a result, evidence of the non-infringement concession should also be excluded.[1]

---

[1] In an effort to distract from the lack of merit in their substantive position, defendants' answer to Telcordia's motion levels unwarranted accusations that "Telcordia flatly refused to participate in the meet and confer process." D.I. 304 (Cisco), Ex. 1 at 2. This is not true. The parties in this case were granted leave to file five motions in limine (January 29, 2007, Order), and the relief Telcordia seeks in its motions *in limine* is important enough to Telcordia to warrant a formal stipulation or an Order from the Court. This is necessary both to preserve the record on the key evidentiary issues raised in Telcordia's motions, and to avoid any misunderstandings at trial. As such, before filing its motions Telcordia explained: "we believe that it is premature to meet and confer at this stage. If, after the defendants have considered the relief requested in Telcordia's motions, the defendants determine that they will stipulate to some or all of the requested relief, we will be happy to meet and confer with you at that time." D.I. 304 (Cisco), Ex. 1 at Tab C. The defendants naturally did not object to Telcordia's proposal (indeed, the point of Telcordia's proposal was for the benefit of the defendants and to fully inform the defendants of Telcordia's complete positions, with associated support, *before* addressing a possible resolution through a formal stipulation). The defendants chose not to stipulate to any of the relief sought by Telcordia, and instead filed responses—quite simply because there really is no agreement on any of the disputed issues (indeed, the defendants' never contacted Telcorida, as invited, to discuss stipulating to some or all of the relief requested). In nothing more than an effort to distract from the substantive dispute and obscure the events that occurred during the meet and confer process, defendants now manufacture a half-hearted "agreement" that in substance gets the parties nowhere (i.e., agreeing not to inform the jury of Telcordia's unsuccessful claim construction positions but compounding the dispute with an ongoing position that the jury should be informed of Telcordia's concession of noninfringement *based upon* its unsuccessful claim construction positions). If the defendants were truly willing to agree to the relief sought by Telcordia's motion in a manner that is not compounded with unfairly prejudicial qualifications, then this motion would have been resolved by the parties through the meet and confer process that Telcordia proposed.

1

Defendants contend that the evidence of Telcordia's non-infringement concession is relevant to willful infringement of the other two asserted patents (obviously willful infringement of the '306 patent is no longer an issue), "the jury's ability to evaluate the strength and value of the '763 and '633 patents relative to the '306 patent," and Telcordia's evidence regarding the Fore Systems license agreement, **Redacted** D.I. 304 (Cisco), Ex. 1 at 3-5. Those arguments do not justify the confusion that will result from the out-of-context admission of evidence regarding Telcordia's non-infringement concession.

First, defendants do not explain how their current success with respect to the '306 patent makes their defenses with respect to the '633 and '768 patents more meritorious. The patents are unrelated and address different technological areas, so success on one patent has no bearing on the merit of the defenses as to another. Further, defendants were infringing the '633 and '768 patents long before the Court's '306 patent claim construction ruling that led to Telcordia's concession, so added confidence from success in that claim construction proceeding has no bearing on defendants' good faith beliefs during the years before that ruling. Defendants cite *Samsung Elecs. Co. v. Quanta Comp., Inc.* in support of their position, but that case involved different facts and factors not present here. In the *Samsung* case, the plaintiff voluntarily withdrew 5 of the 6 patents at issue to "streamline" the case. The Judge concluded that the withdrawal might be relevant to explaining the timing of defendants' legal opinion as well as the existence of good faith defenses with respect to the remaining patent. But the timing of an opinion is not relevant here **Redacted**, and Telcordia did not "voluntarily" dismiss its claims on the '306 patent—it reluctantly conceded that it could not prove infringement under the Court's claim construction. Under those circumstances, the relevance to willful infringement is minute.

Defendants also claim that the concession would be relevant to an understanding of the relative value of the '306 patent *vis à vis* the other two asserted patents, but provides no explanation of why that is relevant to any contested issue in the case. The fact that **Redacted** **Redacted** completely unrelated to Telcordia's non-infringement concession, since the reasonable

royalty rate for the '633 and '768 patents would be the same whether the '306 patent were infringed, not infringed, or not even asserted.

Nor will the evidence regarding Telcordia's concession help place the Fore settlement and license agreement in context. Instead, it will confuse matters. Telcordia's "concession" is conditional—it exists only in this case and only because of the Court's claim construction in this case. In the Fore case, Telcordia and Fore Systems were not bound by that claim construction, nor are other parties with whom Telcordia is still negotiating for licenses under the '306 patent. To correctly understand how defendants obtained a non-infringement ruling in this case, the jury would have to be informed of the claim construction rulings in both this case and the Fore case as well as the rejected claim construction positions in this case that, if adopted, would have led to a different result, so that they can compare the two cases and reconcile the two results. But that would require submission of the very information both parties agree should not be used.

As a result, none of the information regarding the '306 non-infringement concession or the rejected claim construction rulings that led to it should be presented to the jury. Merely noting Telcordia's non-infringement concession presents an unfair and incomplete picture, and presenting the full story so that the concession can be placed in context (which assumes, perhaps unnecessarily, that a jury could appreciate the strategic litigation issues raised by the Markman process) runs the risk of hopelessly confusing the jury with multiple claim constructions and rejected positions. While Telcordia contends that presenting its concession of '306 non-infringement (based on the Court's June 22, 2006, claim construction) to the jury would be unfairly prejudicial, if the Court finds otherwise and permits the defendants to present the concession, then Telcordia should be permitted to explain to the jury the context of the concession and why that concession took place.

3

ASHBY & GEDDES

/s/ Lauren E. Maguire

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: March 1, 2007

4