# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**REDACTED PUBLIC VERSION**

|  |  |  |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | |
| v. | ) ) | |
| LUCENT TECHNOLOGIES INC., | ) ) | Civil Action No. 04-875-GMS |
| Defendant/Counterclaim Plaintiff. | ). ) | |

|  |  |  |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| Plaintiff/Counterclaim Defendant, | ) ) ) | |
| v. | ) ) | |
| CISCO SYSTEMS, INC., | ) ) | Civil Action No. 04-876-GMS |
| Defendant/Counterclaim Plaintiff. | ) ) ) ) | |

## TELCORDIA TECHNOLOGIES, INC.'S REPLY BRIEF IN SUPPORT OF TELCORDIA TECHNOLOGIES, INC.'S MOTION *IN LIMINE* NO. 3:

### MOTION TO PRECLUDE DEFENDANT CISCO SYSTEMS, INC. FROM OFFERING ARGUMENT, TESTIMONY, OR EVIDENCE REGARDING THE AMOUNTS DEFENDANT PAID PLAINTIFF FOR PRODUCT TESTING

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Griffin B. Price
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: March 1, 2007

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

I.    THE *DOLLAR AMOUNTS* PAID TO TELCORDIA FOR PRODUCT
      TESTING ARE IRRELEVANT TO THE HYPOTHETICAL
      NEGOTIATION AND HIGHLY PREJUDICIAL WHEN INVOKED OUT
      OF CONTEXT.

The dollar amounts that Cisco estimates that it paid Telcordia have no relevance to the

hypothetical negotiation between Telcordia and Cisco. For purposes of the hypothetical

negotiation, the relevant evaluation of the commercial relationship includes whether the parties

competed in the same territory in the same line of business, or whether they were inventor and

promoter. *See Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 989 F. Supp. 547, 610 (D.

Del. 1997); *Joy Technologies, Inc. v. Flakt, Inc.*, 954 F.Supp. 796, 807 (D. Del. 1996).

The case cited by Cisco, *Intel Corp. v. Broadcom Corp.*, focuses on the competitive

versus the cooperative nature of the relationship, not contractual details or amounts. No. Civ. A.

00-796, 2003 WL 360256, *25-26 (D. Del. Feb. 13, 2003). In *Intel*, the court found that the

defendants' references to a joint development agreement with the plaintiff were not grounds for a

new trial. *Id.* It was the existence of—not details related to—an agreement between the parties

that was at issue. Specifically, the court found that "the fact that they had a joint development

agreement, were cooperating partners, and that Broadcom may have thought it was licensed

'may well be relevant to willfulness.'" *Id.* at *26. In addition, the court found that "[t]his

business relationship is also relevant to determining a hypothetical reasonable royalty rate for the

purpose of determining damages. Cooperating partners are more likely to negotiate lower

royalty rates." *Id.* Thus, it was only the fact that the parties had an agreement and the general

nature of the agreement that the court found relevant.

Here, Telcordia does not seek to preclude Cisco from discussing the nature of their

relationship. Cisco may introduce evidence that it contracted for services from Telcordia. It

may show the nature, scope, and duration of these services. It may even establish that it paid

Telcordia for these services. Telcordia seeks only to preclude references to the specific dollar amount– **Redacted** that Cisco estimates that it paid Telcordia for these services. This amount is irrelevant and adds nothing to Cisco's argument.

Cisco claims that the **Redacted** —would influence the rate that Cisco would be willing to pay Telcordia during the hypothetical negotiation. (D.I. 304, Ex. 3 at 2). But the timeframe of the hypothetical negotiation, while disputed, is **Redacted** **Redacted** "The key element in setting a reasonable royalty . . . is the necessity for return to the date when the infringement began." *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1079 (Fed. Cir. 1983) (internal citation omitted).

Allowing Cisco to argue that the               would have affected the royalty rate is highly prejudicial. **Redacted** may sound like a large amount to a jury, but this amount is trivial to a company the size of Cisco, whose annual revenues exceed $20 billion. Yet Cisco has argued that evidence of its size and finances should be excluded. (D.I. 304, Ex. A, at 1-2). Clearly, Cisco seeks to invoke the ' **Redacted** out of context. This would be highly prejudicial to Telcordia, as the jury would be unduly impressed by this amount. If Cisco claims that the **Redacted** figure is relevant, then it must be placed in context with Cisco's overall size and finances.

---

**Redacted**

## II.    CONCLUSION

For the reasons stated above, Telcordia asks this Court to exclude evidence and argument

related to the                    that Cisco estimates that it paid to Telcordia for product testing and

other services ;    **REDACTED**

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc.*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Griffith B. Price
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON,
FARABOW, GARRETT
    & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: March 1, 2007
178407.1