IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | **REDACTED PUBLIC** |
| | ) | **VERSION** |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-875-GMS |
| | ) | |
| LUCENT TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | | |
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 04-876-GMS |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |
| | ) | |

TELCORDIA TECHNOLOGIES, INC.'S REPLY BRIEF
IN SUPPORT OF TELCORDIA TECHNOLOGIES, INC.'S MOTION *IN LIMINE* NO. 4:

MOTION TO PRECLUDE TESTIMONY ON ALLEGED INEQUITABLE CONDUCT
DURING PROSECUTION OF THE 633 PATENT BASED UPON (1) THE GONZALES
ARTICLE OR (2) PRIVATE COMMUNICATIONS WITH FRANCE TELECOM

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Griffith B. Price
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

Dated: March 1, 2007

Telcorida's Motion *in Limine* No. 4 asks the Court to prevent defendants from making untenable inequitable conduct arguments based on a prior art reference that was provided to the examiner (the Gonzales article) and is therefore not material, and France Telecom communications that could not be combined with other information in an obviousness argument based on governing law at the time of the original prosecution and that were provided to the examiner during the reissue proceeding. Defendants' response counters with bizarre misstatements of Telcordia's position and exaggerated descriptions of the France Telecom personnel's actions, proving that they intend to inflame the jury with hyperbole rather than pursue a legally sustainable argument.

Inexplicitly, defendants state that "Telcordia does not question that the France Telecom engineers are the true inventors of the '633 patent or that they were involved in a close collaboration with the named inventors." D.I. 304 (Cisco) at 2. On the contrary, Telcordia has consistently and strongly denied that the France Telecom engineers are inventors or even contributors to the claimed invention in the '633 patent, and the named inventors will testify at the hearing that they alone contributed all the elements of the claimed invention. No matter how many times defendants say otherwise, this simple fact remains: *the France Telecom communications do not describe SRTS or the claimed invention.*

As discussed in Telcordia's response to defendants' motion *in limine* regarding the supposed change in Telcordia's conception date, the named inventors already knew what the initial French Telecom fax suggested, which was merely a proposed compromise between two different schemes without any real solutions to the technical problems associated with such a compromise. Nor was the invention the result of a "close collaboration" as defendants assert, since the interaction between the inventors and the France Telecom personnel consisted merely of several faxes, not a joint research effort. And since all the communications from France Telecom were submitted to the examiner during the reissue proceeding and the claims were still allowed, the examiner was also confident that the named inventors were the sole inventors of the claimed invention.

Further, until defendants raised this defense in this lawsuit, the France Telecom personnel never informed Telcordia or the named inventors that they believed they should be considered the real

1

inventors, or even joint inventors, of the claimed invention. This case is therefore entirely different from *In re Metoprolol Succinate Patent Litigation*, unreported, 2006 WL 120343 (E.D. Mo. 2006), cited by defendants in their response. That case involved an ongoing inventorship dispute that was not disclosed to the examiner, including an action in the Swedish Patent Office challenging the named inventors' right to the patent that was pending *during the prosecution of the patents at issue*. *See Metoprolol*, 2006 WL at *15 to *23. Here, the named inventors were confident they had independently developed the invention and were never told otherwise by any of the people defendants now claim are clearly the true inventors.[1]

Defendants characterize Telcordia's unchallenged observations regarding the state of the law on using § 102(f) information as part of an obviousness combination as "fancy legal footwork." D.I. 304 (Cisco) at 3. Defendants do not deny, however, that the information provided by the France Telecom fax fails to disclose all elements of the claimed invention and that, therefore, it could, at best, only render the claims obvious. Indeed, that is exactly what their own expert testified to during his deposition. Nor do they cite any case law that contradicts Telcordia's citation to the clear teaching in *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1402 (Fed. Cir. 1997), that an inventor could not be expected to know that an incomplete private communication like the France Telecom fax should be submitted to the PTO as a potential component of an obviousness combination.

Defendants express an intent to argue that, even though the France Telecom communications were submitted to the PTO during the reissue proceeding, failure to submit Telcordia's September 4

---

[1] The robust interaction between the named inventors and the alleged joint inventors in *Perseptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315 (Fed. Cir. 2000), also cited by defendants, is a far cry from the single page fax from the France Telecom personnel to the named inventors in this case. In *Perseptive*, the work leading to the claimed invention was done at the omitted inventors' facility, the salient characteristics of the invention were first noticed by the omitted inventors, and the named inventors exchanged extensive data with the omitted inventors. *Id.* at 1320. Further, rather than merely omitting information, the district court found that the inventors exaggerated their own role and misrepresented the role of the omitted inventors. *Id.* In fact, the lower court's decision specifically relied on the many "intentional misrepresentations" during the prosecution, and agreed that "a good faith disagreement over the law of joint inventorship" would not have sufficed to find inequitable conduct. *Id.* at 1319-20. In contrast, the named inventors of the '633 patent performed all their own work, received no detailed information from the France Telecom personnel, and never misrepresented their role to the PTO.

response was still inequitable conduct. Portions of the September response merely restate the substance of the August 26 France Telecom fax, while other portions ;     Redacted

Redacted     To the extent the September response is merely repeating information from the August 26 fax, it is cumulative and not material. *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1274 (Fed. Cir. 2001) (no need to cite reference that "is merely cumulative"). To the extent the response adds information ;     Redacted     that information comes from Telcordia and Dr. Lau, so it cannot be derived from someone else. But most importantly, neither the August 26 fax or the September 4 letter describe SRTS or the claimed invention. As a result, failure to disclose it to the examiner cannot be inequitable conduct.

Finally, defendants admit in their response that they will not rely on the inventors' statements in the patent specification regarding the Gonzales article "as a free-standing inequitable conduct counterclaim." D.I. 304 (Cisco) at 5.[2] Defendants argue, however, that the statements regarding the Gonzales article show an intent to deceive regarding France Telecom's supposed "role in conceiving the claimed invention." *Id.* Defendants do not explain the basis for that planned argument, and if anything the opposite conclusion is justified. The inventors submitted the Gonzales article to the PTO and described the France Telecom time stamp (TS) methods accurately in the specification of the patent. Those actions negate a finding of intent to deceive since they provided the examiner with the means to consider the relevance, if any, of the Gonzales article and the France Telecom TS method to the claims.

---

[2] Defendants take issue with Telcordia's argument that statements concerning prior art that was before the examiner cannot be the basis of an inequitable conduct argument since the examiner is free to review the art and reject, if appropriate, the inventors' arguments, citing *Advanced Cardiovascular Sys., Inv. v. SciMed Life Sys.*, 63 F. Supp. 2d 1064 (N.D. Cal. 1999) for the proposition that inequitable conduct may rely on statements made with an intent to deceive about prior art before the examiner. D.I. 304 (Cisco) at 5 fn.5. In that decision, however, the district court merely denied a motion for summary judgment that the patent was enforceable, and noted the "heavy burden" associated with such an inequitable conduct argument. *Advanced Cardiovascular*, 63 F. Supp. 2d at 1076. Indeed, the Judge later reconsidered his ruling and changed his decision, granting summary judgment of enforceability since the arguments to the examiner, which were allegedly the opposite of arguments the attorney made about the same prior art during prosecution of another patent, did not constitute inequitable conduct. *Advanced Cardiovascular Sys., Inv. v. SciMed Life Sys.*, 96 F. Supp. 2d 1006 (N.D. Cal. 2000).

ASHBY & GEDDES

*/s/ Lauren E. Maguire*

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
flydon@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Griffith B. Price
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

Dated:  March 1, 2007
178411.1

4