## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TELCORDIA TECHNOLOGIES, INC.,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff/Counterclaim Defendant,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　　　　　　)　　C.A. No. 04-875-GMS
　　　　　　　　　　　　　　　　　　　　)
LUCENT TECHNOLOGIES, INC.,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Defendant/Counterclaim Plaintiff.　　)
_____)

TELCORDIA TECHNOLOGIES, INC.,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff/Counterclaim Defendant,　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　　　　　　)　　C.A. No. 04-876-GMS
　　　　　　　　　　　　　　　　　　　　)
CISCO SYSTEMS, INC.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Defendant/Counterclaim Plaintiff.　　)
_____)

**REDACTED**
**PUBLIC VERSION**

## FINAL PRETRIAL ORDER

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Plaintiff Telcordia
Technologies, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
John Shaw (I.D. #3362)
Monté Terrell Squire (I.D. #4764)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, DE   19801
302-571-6600

*Attorneys for Defendant Lucent Technologies Inc.*

MORRIS NICHOLS ARSHT & TUNNELL LLP
Jack B. Blumenfeld (I.D. #1014)
Leslie A. Polizoti (I.D. # 4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE   19899
302-575-7282

*Attorneys for Defendant Cisco Systems, Inc.*

This matter having come before the Court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and Steven J. Balick of Ashby & Geddes, 500 Delaware Ave., P.O. Box 1150, Wilmington, Delaware 19899, (302) 654-1888, and Donald R. Dunner, Steven M. Anzalone, and John M. Williamson of Finnegan, Henderson, Farabow, Garrett, and Dunner, L.L.P., 901 New York Avenue, Washington, D.C. 20001, (202) 408-4000 having appeared as counsel for plaintiff Telcordia Technologies, Inc. ("Telcordia"), John W. Shaw of Young, Conaway, Stargatt & Taylor LLP and Steven C. Cherny of Latham & Watkins LLP having appeared as counsel for defendant Lucent Technologies Inc. ("Lucent"), and Jack B. Blumenfeld of Morris, Nichols, Arsht & Tunnel, LLP and Matthew D. Powers and Edward R. Reines of Weil, Gotshal & Manges LLP having appeared as counsel for defendant Cisco Systems, Inc. ("Cisco"), the following actions were taken:

(1)    This is an action for patent infringement, including a claim for willful infringement.    The jurisdiction of the Court is involved under 28 U.S.C. §§ 1331 and 1338.    Jurisdiction is not disputed.    In the event that liability is found on U.S. Patent No. Re. 36,633 ("the '633 patent") and U.S. Patent No. 4,835,763 ("the '763 patent") with regard to Cisco, Telcordia will seek treble damages, attorneys' fees, and a permanent injunction.    In the event that liability is found on the '633 patent with regard to Lucent, Telcordia will seek treble damages, attorneys' fees, and a permanent injunction.    In the event that liability is found on the '763 patent with regard to Lucent, Telcordia will seek damages and a permanent injunction.    In the event that the '633 patent and/or the '763 patent is found unenforceable or this is otherwise found to be an exceptional case, Lucent and Cisco will seek attorney fees.

1

(2)     The following stipulations and statements were submitted and are attached to and made a part of this Order.

    (a)     a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in a jury trial, may be read to the jury by the Court or any party) [Exhibit A];

    (b)     an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to [Exhibits B1 - B3];

    (c)     except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of;

        (1)     all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and

        (2)     any demonstrative evidence and experiments to be offered during trial [Exhibits C1 - C4];[1]

    (d)     a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list [Exhibits D1 - D2];

---

[1]     The parties agree that they will disclose any witnesses that will be called two days prior to such witnesses being called. The parties also agree that they will disclose the demonstratives and exhibits intended to be used in direct examination by 9:00 p.m. the day before such witnesses will be called and the demonstratives and exhibits are used. The parties will provide any revisions to such list of demonstratives and exhibits intended to be used at trial no later 7:00 a.m. the day such demonstratives and exhibits are used.

(e)     stipulations or statements setting forth the qualifications of each expert witness in such form that the statement can be read to the jury at the time the expert witness takes the stand [Exhibit E1 - E2];

(f)     a list of all depositions, or portions thereof, to be read into evidence and statements of any objections thereto [Exhibits F1 - F2];

(g)     an itemized statement of special damages [Exhibit G];

(h)     waivers of any claims or defenses that have been abandoned by any party [Exhibit H];

(i)     for the jury trial:

    (i)     trial briefs [Exhibits I1 - I2]

    (ii)    three sets of marked proposed jury instructions, verdict forms, and special interrogatories, if any [Exhibits I3 through I5];[2] and

    (iii)   a list of the questions the party requests the Court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a) and D. Del. LR 47.1(a) [Exhibit I6].

(j)     for the non-jury trial, proposed *Findings of Fact and Conclusions of Law* in duplicate [Exhibits J1-J2];[3]

---

[2]   Because the Court has construed the claims as a matter of law, portions of the Court's June 22, 2006 Order construing the claims have been incorporated into several jury instructions. Both parties contend that some of the Court's June 22, 2006 claim constructions are in error. The parties will object to the use of those constructions in the jury instructions as appropriate, and by so objecting reserve all rights to appeal those constructions.

[3]   The parties propose that equitable issues should be tried to the jury for a binding, non-advisory verdict. The Court has not yet rendered any decision on this issue. The parties have agreed that, unless the Court orders or they agree to the contrary, the proposed findings of fact and conclusions of law are unnecessary. Should such findings and conclusions

(continued on next page)

(k)    a statement summarizing the history and status of settlement negotiations, indicating whether further negotiations are ongoing and likely to be productive [Exhibit K];

(l)    a statement that each party has completed discovery, including the depositions of expert witnesses [Exhibit L]; and

(m)    motions *in limine*:   Motions *in limine* have been briefed and filed in accordance with the schedule set forth in the Revised Scheduling Order (D.I. 72).

(3)    Trial of this case is expected to take 10 days.

(4)    Indicate the type of trial by placing an X in the appropriate box:[4]

Jury    X                        Non-Jury

(5)    The parties recommend that 8 jurors be selected at the commencement of the trial and that all 8 jurors deliberate.

(6)    This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

(7)    Possibility of settlement of this case was considered by the parties.


                                                    _____
                                                    United States District Judge

        Date:_____

_____
(continued from previous page)
        become necessary, the parties will work to expeditiously provide the Court with these findings and conclusions.

[4]  See footnote 3.

ASHBY & GEDDES

/s/ John G. Day

---

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff Telcordia Technologies, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté Terrell Squire

---

John Shaw (I.D. #3362)
Monté Terrell Squire (I.D. #4764)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, DE   19801
302-571-6600
jshaw@ycst.com
msquire@ycst.com

*Attorneys for Defendant Lucent Technologies Inc.*

MORRIS NICHOLS ARSHT & TUNNELL LLP

/s/ Leslie A. Polizoti

---

Jack B. Blumenfeld (I.D. #1014)
Leslie A. Polizoti (I.D. # 4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE   19899
302-575-7282
jblumenfeld@mnat.com
lpolizoti@mnat.com

*Attorneys for Defendant Cisco Systems, Inc.*