# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

April 12, 2007

The Honorable Gregory M. Sleet                                    *VIA E-FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

        Re:    *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*
             C.A. No. 04-876 (GMS)

Dear Judge Sleet:

        On April 6, 2007, pursuant to Your Honor's direction at the March 30 pretrial conference, Cisco submitted for *in camera* review a sampling of privileged communications from its privilege log demonstrating that Cisco received meaningful advice of counsel on the alleged infringement and invalidity of the patents-in-suit. It also included a declaration from Cisco's counsel documenting that there was also substantial oral advice provided. The point of this submission was to establish that Telcordia's promised argument that Cisco did not receive meaningful advice of counsel in response to Telcordia's patent infringement assertions would be incorrect and would unfairly and improperly require Cisco to assert privilege before the jury to prove to the contrary.

        On April 9, 2007, Telcordia submitted a lengthy letter to the Court accusing Cisco of an ambush and that also purports to be a procedurally improper motion to strike. Cisco submits this short response. At the outset, Telcordia starts from the false premise that the privileged documents submitted by Cisco would not be enough to establish that it received timely (notice of infringement is allegedly 2001) and meaningful advice of counsel. Even a quick review of the October 6, 2001 e-mail, November 7, 2001 e-mail, January 7, 2002 e-mail, and February 6, 2003 e-mail and attachment, all from Bart Showalter of Baker & Botts to Cisco, establishes solidly that meaningful legal advice was obtained in writing. The declaration from Mr. Showalter confirms that there was also oral advice provided.

The Honorable Gregory M. Sleet
April 12, 2007
Page 2

      Telcordia makes two main arguments in support of its request to strike the Showalter declaration. First, Telcordia argues that it had no notice that Mr. Showalter provided oral advice to Cisco prior to submission of the declaration. Second Telcordia argues that such advice does not qualify as legal advice for purpose of willfulness law under its view that only formal "opinions of counsel" are legally cognizable. Both arguments fail. During discovery, Telcordia deposed Cisco's then-Patent Counsel, Robert Barr, and determined that he retained Mr. Showalter of Baker & Botts after Telcordia's threat of infringement and received legal advice from him. Barr Depo at 128-30 (attached). Telcordia could have asked what it wanted about Mr. Showalter's advice, such as testing whether it was truly privileged. Any failure to do so was its own; any claim that it did not know about Mr. Showalter's advice would be incorrect. Thus, Telcordia's notice argument fails. Telcordia's description of the law fares no better. There is no requirement that advice of counsel come in a particular form and an old-fashioned opinion of counsel is certainly not the minimum threshold. The many cases cited in Cisco's reply in support of its Motion *In Limine* No. 3 at page 1, establish this point of law beyond question. It would be improper for the parties to have to debate in front of the jury whether the advice Cisco obtained -- which it is entitled to protect with the privilege -- was "good enough" under Telcordia's mistaken view of the law to be legally cognizable.

      In sum, permitting Telcordia to claim that Cisco did not promptly obtain meaningful legal advice when threatened with infringement would allow incorrect statements to be made to the jury to attempt to force Cisco to invoke the privilege before the jury. That would be improper. The Showalter declaration helps prove this important point and should be considered.

                                                           Respectfully,

                                                            Jack B. Blumenfeld (I.D. No. 1014)

JBB/dlb
Enclosures
cc:     Clerk of Court (by hand; w/ encl.)
          Steven J. Balick, Esquire (by e-mail and hand; w/ encl.)
          John W. Shaw, Esquire (by e-mail and hand; w/ encl.)
          John Williamson, Esquire (by e-mail; w/ encl.)
          Steven Cherny, Esquire (by e-mail; w/ encl.)
          Edward R. Reines, Esquire (by e-mail; w/ encl.)