# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-876-GMS |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TELCORDIA TECHNOLOGIES, INC.'S OPENING BRIEF IN
SUPPORT OF ITS MOTION FOR (1) AN AWARD OF
PREJUDGMENT INTEREST AND (2) AN ACCOUNTING OF DEFENDANT
CISCO SYSTEMS, INC.'S INFRINGING SALES SINCE JANUARY 31, 2007**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*

Dated: May 30, 2007
181107.v1

## TABLE OF CONTENTS

I.      INTRODUCTION ..............................................................................................1

II.     NATURE AND STAGE OF PROCEEDINGS.................................................1

III.    SUMMARY OF ARGUMENT..........................................................................2

IV.     FACTUAL BACKGROUND..............................................................................3

V.      ARGUMENT......................................................................................................5

        A.      Prejudgment Interest Should Be Granted................................................5

        B.      Prejudgment Interest Should Be Granted Beginning As Of September 7, 2001....8

        C.      Prejudgment Interest Should Be Calculated At Prime Rate
                Compounded Quarterly............................................................................8

        D.      This Court Should Order An Accounting Of Cisco's Infringing Sales From
                January 2007 Until The Date Of Judgment.............................................9

VI.     CONCLUSION................................................................................................10

i

# TABLE OF AUTHORITIES

**Cases**

*C.R. Bard, Inc. v. Medtronic*, Civil Action No. 96-589-SLR, 1999 U.S. Dist. LEXIS 9875
(D. Del. June 15, 1999), *affirmed in part, vacated in part, and remanded
on other grounds,* 2000 U.S. App. LEXIS 15316 (Fed. Cir. June 29, 2000)...........................8

*Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.,*
246 F.3d 1336 (Fed. Cir. 2001)...............................................................................6

*General Motors Corp. v. Devex Corp.,*
461 U.S. 648 (1983).........................................................................................5, 6, 8

*IMX, Inc. v. Lendingtree,*
469 F.Supp.2d 203 (D. Del. 2007).........................................................................2, 8

*IPPV Enter., LLC v. Echostar Communications Corp.*, Civil Action No. 99-577-KAJ,
2003 U.S. Dist. LEXIS 3530 (D. Del. February 27, 2003)...............................................8

*Lummus Indus. Inc, c. D.M. & E Corp.,*
862 F.2d 267 (Fed. Cir. 1988) .................................................................................6

*Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.,*
847 F.2d 795 (Fed. Cir. 1988)..................................................................................6

*Philips Elec. N. Am. Corp. v. Contec Corp,* Civil Action No. 02-123-KAJ, 2004 U.S. Dist.
LEXIS 13455 (D. Del. July 12, 2004), *aff'd,* 177 Fed. Appx. 981 (Fed. Cir. 2006)................6

*Scott Paper Co., v. Moore Bus. Forms, Inc.,*
594 F.Supp. 1051 (D. Del. 1984)...............................................................................6

*Sensonics Inc. v. Aerosonic Corp.,*
81 F.3d 1566 (Fed. Cir. 1996)...............................................................................5,
6

*Tech. for Energy Corp.* v. *Computational Systems, Inc.,* Civ. No. 3-89-476,
1992 WL 535791 (E.D.Tenn. July 29,1992), *aff'd,* 6 F.3d 788 (Fed. Cir. 1993)...................10

*Uniroyal, Inc., v. Rudkin-Wiley Corp.,*
939 F.2d 1540 (Fed. Cir. 1991).................................................................................2

*Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 WL 2570614, *1 (W.D. Okla. Sept. 5, 2006),
*vacated and remanded on other grounds,* 476 F.3d 887 (Fed. Cir. 2007)............................7

**Statutes**

35 U.S.C. § 284...................................................................................1, 2

## I.    INTRODUCTION

Plaintiff Telcordia Technologies, Inc. ("Telcordia") submits this Opening Brief in support of its motion for an award of prejudgment interest on the $6,500,000 in damages awarded by the jury in this case.  In further support of this motion, Telcordia submits herewith the Declarations of Joseph Giordano and James J. Nawrocki.  In those Declarations, Mr. Giordano sets forth the pertinent facts relating to Tecordia's cost of capital and returns on investment during the period of Cisco's infringement, and Mr. Nawrocki calculates prejudgment interest on the $6.5 million jury award for the period of September 7, 2001 to the date of final judgment using prime rate and compounding interest quarterly.[1]

Telcordia now moves for an award of prejudgment interest on that amount, calculated on the basis of the prime rate compounded quarterly on Cisco's infringing sales since September 7, 2001, the date by which Cisco acknowledges it received actual notice of infringement.

Telcordia also moves for an accounting of Cisco's infringing sales from January 31, 2007 (the end date of the supplemental sales database information that Cisco produced prior to trial) until the date of final judgment, and an award of damages and prejudgment interest on those infringing sales.

## II.    NATURE AND STAGE OF PROCEEDINGS

A nine-day trial was held before a jury beginning on April 27, 2007 and concluding on May 10, 2007.  The jury determined that Telcordia was entitled to $6,500,000 for damages resulting from Cisco's infringement.  Verdict Form at 9, *Telcordia Technologies, Inc. v. Cisco*

---

[1]    While Telcordia's submissions on this motion calculate prejudgment interest through May 31, 2007, Telcordia respectfully submits that interest should be awarded through the date of final judgment following the Court's decisions on the parties' post-trial motions in this action.

1

*Systems, Inc.*, Civ. Action No. 04-876 (D. Del. dated May 10, 2007), D.I. 348. Telcordia now moves for an award of prejudgment interest on that amount, calculated on the basis of the prime rate compounded quarterly on Cisco's infringing sales since September 7, 2001, the date by which Cisco acknowledges it received actual notice of infringement.

Telcordia also moves for an accounting of Cisco's infringing sales from January 31, 2007 to the date of final judgment and damages and prejudgment interest on those sales. Such relief is needed in order to bring the jury's damage award–which was based on Cisco's initial production of sales data relating to its infringing products up to January, 2006, and its supplemental production of such sales data up through January, 2007–up to the date of final judgment.

## III.    SUMMARY OF ARGUMENT

Pursuant to 35 U.S.C. § 284, the Court should award Telcordia prejudgment interest on the $6,500,000 jury award to make up for lost interest or other earnings that Telcordia could have earned on income it would have received but for Cisco's patent infringement. Because Cisco does not dispute that Telcordia provided Cisco with actual notice of infringement at least as early as September 7, 2001, prejudgment interest, calculated at prime rate and compounded quarterly, should be calculated beginning in September 2001 until the date of final judgment to fairly redress Telcordia's losses. *See e.g., IMX, Inc. v. Lendingtree*, 469 F.Supp.2d 203, 227 (D. Del. 2007) (Robinson, J.) (awarding prejudgment interest compounded quarterly at prime rate because prime rate is the best way to compensate a patentee for lost interest income during the period of infringement); *see also, Uniroyal, Inc., v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (holding "[a] trial court is afforded wide latitude in the selection of [prejudgment] interest rates, and may award interest at or above the prime rate").

## IV.    FACTUAL BACKGROUND

In support of its application for an award of prejudgment interest, Telcordia's Vice

President and Acting General Counsel, Joseph Giordano, has provided the following factual

information relating to its cost of capital, and use of capital, during the period from 2001(when

Cisco acknowledges it received actual notice of infringement from Telcordia) until the present.


**REDACTED**


Giordano

Declaration, ¶ 4.

**REDACTED**

*Id.*

*Id.*        **REDACTED**

*Id.*

*Id.*

**REDACTED**

*Id.*


**REDACTED**


*Id.*

**REDACTED**

3

**REDACTED**

Giordano

Declaration, ¶5.                    **REDACTED**

*Id.*

Telcordia was a subsidiary of Science Applications International Corporation ("SAIC")

between 1997 and early 2005. Giordano Declaration, ¶ 6.  Prior to 2005,

**REDACTED**

Giordano Declaration, ¶ 7.  In addition.
                                    **REDACTED**
        *Id.*

        *Id.*

        Examination of SAIC's filings with the Securities and Exchange Commission ("SEC")

provides specific information about SAIC's debt.  In January 1998, SAIC issued $100 million of

6.75% notes that would be due in February 2008. Giordano Declaration, ¶ 6.  The 6.75% notes

reflected an effective interest rate of 8.3%.  *Id.*  In 2002, SAIC completed a private offering of

$550 million of 10-year senior unsecured notes, due in July of 2012 with interest at 6.25% paid

semi-annually (an effective interest rate of 6.5%), and $250 million of 30-year senior unsecured

notes, due in July 2012 with interest at 6.25% also paid semi-annually (an effective interest rate

of 7.43%).  *Id.*  In June 2003, SAIC completed another private offering of $300 million of senior

unsecured notes with a stated interest rate of 5.5% paid semi-annually (an effective interest rate

of 5.8%), due in July 2033.  *Id.*  SAIC also had various other notes payable with interest rates

ranging from 6.0% to 7.3%.  *Id.*

As established by the Declaration of Joseph Giordano submitted in support of this motion, the prime rate, which has ranged from 4.12% to 8.25% from 2001 through 2007, is consistent with Telcordia's cost of borrowing over the period when the awarded damages would have been paid to Telcordia but for Cisco's infringement. Therefore, based on Telcordia's past debt financing and credit experience reflecting stated interest rates ranging from 5.5% to 10%, the prime rate would be the appropriate rate to use to determine the prejudgment interest due to Telcordia on the $6.5 million in damages awarded in the jury verdict on May 10, 2007.

On the basis of the information provided by Mr. Giordano, Telcordia's expert, Mr. Nawrocki, has calculated prejudgment interest using prime rate compounded quarterly, due through May 31, 2007, on the jury's award of damages of $6.5 million. Nawrocki Declaration, ¶ 3; Nawrocki Declaration, ¶ 4. On this basis, Mr. Nawrocki calculated prejudgment interest to be $1,161,616. Nawrocki Declaration, ¶ 4; Nawrocki Schedule 1.

## V.     ARGUMENT

### A.     Prejudgment Interest Should Be Granted

"Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. Awarding prejudgment interest is "the rule, not the exception." *Sensonics Inc. v. Aerosonic Corp.,* 81 F.3d 1566, 1574 (Fed. Cir. 1996) (reversing denial of prejudgment interest). In *General Motors Corp. v. Devex Corp.*, the Supreme Court elucidated the purpose for awarding prejudgment interest:

> An award of interest . . . merely serves to make the patent owner whole, since his damages consist not only of the value of the

> royalty payments but also of the foregone use of the money
> between the time of infringement and the date of the judgment.

461 U.S. 648, 655-56 (1983). Accordingly, "a court's authority to award interest is not restricted

to exceptional circumstances . . . [and] should ordinarily be awarded where necessary to afford

the plaintiff full compensation for the infringement." *Id.* at 653-54 (1983); *See e.g., Sensonics,*

81 F.3d at 1574 (holding "prejudgment interest is the rule not the exception." (citing *General*

*Motors*, 461 U.S. at 656-57)); *Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed.

Cir.. 1988) ("prejudgment interest shall ordinarily be awarded[.]") (quoting *General Motors*));

*Scott Paper Co., v. Moore Bus. Forms, Inc.*, 594 F.Supp. 1051, 1083 (D. Del. 1984) (Latchum,

J.) (holding "prejudgment interest should ordinarily be taxed . . . as part of the patentee's

damage award[.]" (citing *General Motors*)); *Philips Elec. N. Am. Corp v. Contec Corp.*, Civil

Action No. 02-123-KAJ, 2004 U.S. Dist. LEXIS 13455, at *6 (D. Del. July 12, 2004) (Jordan, J.)

("Prejudgment interest is ordinarily awarded in patent infringement cases[.]" (citing *General*

*Motors*)), *aff'd*, 177 Fed. Appx. 981 (Fed. Cir. 2006).

    A district court should only deny an award of prejudgment interest in situations "limited

to specific circumstances." *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*,

246 F.3d 1336, 1346 (Fed. Cir. 2001). For example, absent a showing of prejudice to the

defendant, a plaintiff's delay in filing suit alone does not support denial of prejudgment interest.

*Crystal,* 246 F.3d at 1367; *Lummus Indus. Inc, v. D.M. & E Corp.*, 862 F.2d 267, 275 (Fed. Cir.

1988). In *Crystal*, the Federal Circuit affirmed the district court's withholding of prejudgment

interest because there was a several year delay between the plaintiff's discovery of infringement

and when they filed suit. 246 F.3d at 1362. During that period, the plaintiff notified thirty to

forty competitors of its patents, but failed to notify the defendant despite knowledge of infringing

behavior. *Id.* The Federal Circuit found that prejudice to the defendant resulting from that delay

warranted a denial of prejudgment interest.

There is no such showing here, and there can be none. Here, Cisco will not be able to

prove the requisite prejudice; Cisco knew for years, prior to the commencement of suit, that

Telcordia believed Cisco's products were infringing. In fact, the jury determined no

unreasonable delay by Telcordia in bringing suit, and/or that Cisco has suffered no prejudice as a

result of any such delay, in expressly rejecting Cisco's affirmative defense of laches. Verdict

Form at 8, *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*, Civ. Action No. 04-876 (D. Del.

dated May 10, 2007); *Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 WL 2570614, *1 (W.D.

Okla. Sept. 5, 2006) (rejecting infringer's argument that an eight-year delay found insufficient by

the court to create laches justified denying prejudgment interest, and awarding prejudgment

interest based on prime), *vacated and remanded on other grounds,* 476 F.3d 887 (Fed. Cir.

2007).

> [Defendant] argues prejudgment interest should be denied 'due to
> [plaintiff's] eight-year delay in bringing suit, and the resultant
> prejudice'. . . . In support of this contention, defendant identifies
> the same economic and evidentiary prejudice the court found to be
> insufficient to support its laches defense. The court likewise finds
> the prejudice identified by defendant insufficient to warrant
> deviating from the general rule regarding prejudgment interest.
> Plaintiff's request for prejudgment interest is therefore granted.

*Id.* (footnote omitted).

There is thus no basis for denying an award of prejudgment interest in this case, and

Telcordia respectfully submits that the Court should award prejudgment interest to fully and

fairly compensate Telcordia for Cisco's infringement.

**B.     Prejudgment Interest Should Be Granted Beginning As Of September 7, 2001.**

The Supreme Court's opinion in *General Motors* clearly teaches that a patent owner should be awarded prejudgment interest from the time that the money would have been received. 461 U.S. at 655-56.  In this case, Telcordia would have been receiving income on the infringing sales Cisco made at least from September 7, 2001 onward, the date when Cisco acknowledges that Telcordia provided actual notice of infringement to Cisco.  Accordingly, prejudgment interest should be granted beginning not later than September 7, 2001, and extending to the date of final judgment.

**C.     Prejudgment Interest Should Be Calculated At Prime Rate Compounded Quarterly.**

This Court recognizes that "the prime rate best compensate[s] a patentee for lost revenues during the period of infringement." *IMX,* 469 F.Supp.2d at 203, 227 (D. Del. 2007) (Robinson, J.) (Awarding prejudgment interest, compounded quarterly, at the prime rate); *See also, IPPV Enter., LLC v. Echostar Communications Corp.*, Civil Action No. 99-577-KAJ, 2003 U.S. Dist. LEXIS 3530, at *11 (D. Del. February 27, 2003) (Jordan, J.) ("This court is satisfied that the appropriate prejudgment interest rate should be an average of the short term prime lending rates[.]"); *C.R. Bard, Inc. v. Medtronic*, Civil Action No. 96-589-SLR, 1999 U.S. Dist. LEXIS 9875, at *47 (D. Del. June 15, 1999) (Robinson, J.) ( Ordering defendant to pay prejudgment interest compounded quarterly at prime rate), *affirmed in part, vacated in part, and remanded on other grounds,* 2000 U.S. App. LEXIS 15316 (Fed. Cir. June 29, 2000).  This Court also recognizes that, "it is not necessary that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." *Id.*

8

Notwithstanding the Court's holding in *IMX*, Telcordia has submitted a declaration from Joseph Giordano that documents Telcordia's cost of capital by means of loans near, at, or above, prime rate during the period of Cisco's patent infringement. The Giordano Declaration also explains how the $6,500,000 would have been used, including payments to reduce Telcordia's loans, cash to finance business growth, fund operations, repurchase common stock and capital expenditures, and to contribute to Telcordia's consolidated leverage ratio. Giordano Declaration, ¶ 3-7. The Narwocki Declaration sets forth the correct calculation of prejudgment interest at prime, compounded quarterly. Nawrocki Declaration, ¶ 4.

Accordingly, as supported by these declarations, Telcordia respectfully submits that this Court should award prejudgment interest at the prime rate compounded quarterly over the period of such award.

### D.    This Court Should Order An Accounting Of Cisco's Infringing Sales From January 2007 Until The Date Of Final Judgment.

Telcordia respectfully requests an accounting of Cisco's infringing sales from January 31, 2007, to the date of final judgment in this case, and an award of damages and prejudgment interest on those sales.

Prior to the trial of this action, Cisco produced sales data for its infringing products up through January 31, 2007, and both Telcordia's and Cisco's damage experts (Mr. Nawrocki and Mr. Musika) based their damage analyses, as set forth in their supplemental reports, on that sales data. Likewise, the jury returned a verdict awarding Telcordia $6.5 million in damages after consideration of that sales data and Messrs. Nawrocki's and Musika's supplemental reports.

However, Cisco has not produced sales data for any sales of its infringing products since January of 2007. Such sales are, of course, infringing, and Telcordia is entitled to damages and

prejudgment interest on those sales for the same reasons, and to the same extent, that the jury awarded reasonable royalty damages on Cisco's earlier infringing sales.

It is within the Court's equitable jurisdiction to order an accounting of infringing sales and to award damages up through the date of final judgment. *See e.g., Tech. for Energy Corp.* v. *Computational Systems, Inc.*, Civ. No. 3-89-476, 1992 WL 535791, at *3 (E.D.Tenn. July 29,1992) (Directing an accounting for infringement damages), *aff'd*, 6 F.3d 788 (Fed. Cir. 1993).

Accordingly, Telcordia respectfully requests that the Court order an accounting of Cisco's infringing sales from January 31, 2007–the cutoff date of the sales database of Cisco's infringing products that Cisco produced before trial–until the date of final judgment, and enter an award of damages on the same basis as awarded by the jury on Cisco's other infringing sales, together with prejudgment interest.

## VI.    CONCLUSION

For all the foregoing reasons, Telcordia respectfully requests that the Court grant Telcordia's motion for an award of prejudgment interest, beginning no later than September 7, 2001 and calculated at prime rate compounded quarterly, on the $6,500,000 in damages awarded by the jury in this case.  Telcordia further requests that the Court order an accounting of Cisco's infringing sales from January 31, 2007 to the date of Cisco's last sale of its infringing products, and award damages together with prejudgment interest on those sales.

ASHBY & GEDDES

*/s/ John G. Day*

*Of Counsel:*

Donald R. Dunner
Steven M. Anzalone
Richard H. Smith
James T. Wilson
John M. Williamson
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001
(202) 408-4000

Dated: May 30, 2007

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware  19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff*
*Telcordia Technologies, Inc*