# EXHIBIT A

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
Washington, D.C.

**In the Matter of**

| | |
|---|---|
| CERTAIN EQUIPMENT FOR TELECOMMUNICATIONS OR DATA COMMUNICATIONS NETWORKS, INCLUDING ROUTERS, SWITCHES, AND HUBS, AND COMPONENTS, THEREOF | )<br>)<br>) Inv. No. 337-TA-574<br>)<br>) |

<u>**Order No. 36: Initial Determination Granting Cisco's Motion for Extension of the Target Date, Evidentiary Hearing, and Procedural Schedule**</u>

**I.  INTRODUCTION**

On June 27, 2007, respondent Cisco Systems, Inc. ("Cisco") filed a motion (Motion Docket No. 574-64) requesting the target date, evidentiary hearing and procedural schedule in the present investigation be extended to allow for the adjudication of post-trial motions in the parallel district court action. See Telcordia Technoligies, Inc. v. Ciscos Systems, Inc., Case No. 04-376-GMS. (D. Del.)[1] On July 9, 2007, complainant Telcordia Technologies, Inc. ("Telcordia") filed its opposition to Cisco's motion. On July 9, 2007, the Commission Investigatory Staff ("Staff") filed its response in support of the present motion to extend the target date, evidentiary hearing and procedural schedule. On July 10, 2007, Cisco filed a motion (Motion Docket No. 574-67) for leave to file a

---

[1] The jury returned a verdict in the district court proceeding on May 10, 2007, in favor of Telcordia, and the Court entered a judgment in favor of Telcordia on May 16, 2007. Thereafter, the parties filed post-trial motions with the Court. There are six post-trial motions currently pending in the parallel district court case: (1) Cisco's motion for judgment as a matter of law ("JMOL"); (2) Cisco's motion for new trial on willful infringement; (3) Telcordia's motion for entry of a permanent injunction or, in the alternative, for an order requiring Cisco to pay a market-rate royalty; (4) Telcordia's motion for an award of prejudgment interest and an accounting of Cisco's infringing sales since January 31, 2007; (5) Telcordia's motion to enhance damages; and (6) Telcordia's motion for attorney fees and expenses.

reply in further support of its motion for extension of the target date, evidentiary hearing and procedural schedule.[1] On July 12, 2007, the Staff filed a motion (Motion Docket No. 574-68 / 574-71) for leave to file a reply to Telcordia's response to Cisco's motion to extend the target date, evidentiary hearing and procedural schedule.[2]

## II.    STANDARDS OF LAW

Commission Rule 210.51(a) permits the Administrative Law Judge to modify the target date in an investigation for "good cause shown." 19 C.F.R. § 210.51(a) ("After the target date has been set, it can be modified by the administrative law judge for **good cause shown** before the Investigation is certified to the Commission." (emphasis added)). The Commission has confirmed this standard in previous investigations stating:

> We recognize that the statute, as amended, calls for flexible deadlines, and in cases where the ALJ or a party to the investigation demonstrates that **good cause exists**, the Commission has, and still will continue to, accede to extensions of the target date.

See Certain Organizer Racks and Products Containing Same, ITC Inv. No. 337-TA-466, Commission Opinion at 4 n.5 (February 8, 2002)(emphasis added); see also Certain Panel Fasteners, Products Containing Same, and Components Thereof, Inv. No. 337-TA-480, Commission Opinion at 3 (December 10, 2002).

---

[1] Good cause shown, Cisco's motion for leave to file a reply is hereby granted.

[2] Good cause shown, the Staff's motion for leave to file a reply is hereby granted.

## III. DISCUSSION

Cisco advances three reasons why good cause exists to grant its present motion for an extension of the target date, evidentiary hearing and procedural schedule. Specifically, Cisco argues that good cause exists, because moving forward with the evidentiary hearing in the present investigation prior to the adjudication of the post-trial motions in the district court case would "present[] a significant risk that judicial and private resources will be squandered" and put the parties at risk of inconsistent rulings. Memo. at 1-2. Cisco also argues that a balancing of the equities supports granting its present motion, asserting that Telcordia will suffer no prejudice from "a modest delay." Id. For the reasons discussed below, Cisco's motion is granted.

As previously stated, there are six post-trial motions currently pending in the parallel district court case including Cisco's motion for judgment as a matter of law ("JMOL") on the question of validity and Telcordia's motion for entry of a permanent injunction or, in the alternative, for an order requiring Cisco to pay a market-rate royalty. The resolution of these pending motions will undoubtedly have an impact on this investigation. In fact, the resolution of Cisco's motion for JMOL could completely obviate the need for an evidentiary hearing in this investigation. Moreover, the resolution of the pending post-trial motions in the parallel district court case will better frame the issues to be tried at the evidentiary hearing, which ultimately will conserve judicial and private resources. In this regard, the Administrative Law Judge finds particularly persuasive the Commission's opinion in Certain Polymer Geogrid Products and Processes Therefor. Inv. No. 337-TA-303, 1991 ITC LEXIS 957, Commission Opinion (August 2, 1991), which essentially underscores the need to coordinate, to the extent practicable, Commission proceedings with parallel district court proceedings.

The unique procedural posture of this investigation, given the parallel district court case, presents the Administrative Law Judge with no choice but to extend the target date in this investigation. With post-trial motions still pending before the Delaware District Court, moving forward with the current hearing date in this investigation poses an unacceptable risk that there will be inconsistent rulings and a waste of judicial and private resources. Indeed, as the Staff notes, "the benefits that would potentially accrue to the parties and the Judge by implementing and extension of a 'matter of months' would far outweigh the benefit of proceeding with the evidentiary hearing under the extant procedural schedule." Staff Resp. at 5.

Accordingly, good cause exists to extend the target date in this investigation and Cisco's motion to extend the target date, evidentiary hearing and procedural schedule in the present investigation to allow for the adjudication of post-trial motions in the parallel district court action is hereby <u>granted</u>.

## IV.  CONCLUSION

For the reasons discussed herein above, it is the INITIAL DETERMINATION of the Administrative Law Judge to extend the target date for this investigation to September 17, 2008. Consistent with this new target date, the evidentiary hearing in this investigation shall commence on February 25, 2008, immediately following the conclusion of the pre-hearing conference and conclude no later than February 29, 2008.[3] However, depending on when the district court issues its ruling on the pending post-trial motions, the hearing in this investigation may be advanced in

---

[3] The hearing currently scheduled to commence in this investigation on August 27, 2007, is hereby cancelled.

time. Should this occur, the parties should be prepared to respond expeditiously.

Pursuant to 19 C.F.R. § 210.42(h), this initial determination shall become the determination of the Commission unless a party files a petition for review of the initial determination pursuant to 19 C.F.R. § 210.43(a), or the Commission, pursuant to 19 C.F.R. § 210.44, orders on its own motion a review of the initial determination or certain issues herein.

So Ordered.

*Carl C. Charneski*
Carl C. Charneski
Administrative Law Judge

Issued: July 27, 2007

# EXHIBIT B

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

| | |
|---|---|
| CERTAIN EQUIPMENT FOR TELECOMMUNICATIONS OR DATA COMMUNICATIONS NETWORKS, INCLUDING ROUTERS, SWITCHES, AND HUBS, AND COMPONENTS, THEREOF | ) ) ) Inv. No. 337-TA-574 ) ) |

### Order No. 37: Holding Telcordia's Motion for Summary Determination in Abeyance

On June 15, 2007, complainant Telcordia Technologies, Inc. ("Telcordia") filed a motion (Motion Docket No. 574-59) for summary determination that respondents are precluded from litigating certain issues in light of the district court judgment. See Telcordia Technoligies, Inc. v. Ciscos Systems, Inc., Case No. 04-376-GMS (D. Del.).[1]  On June 27, 2007, respondents Cisco Systems, Inc. ("Cisco") and PMC-Sierra, Inc. ("PMC-Sierra") filed oppositions to Telcordia's motion. On June 27, 2007, the Commission Investigatory Staff ("Staff") filed its response, supporting in part the present motion for summary determination. On July 6, 2007, Telcordia filed a motion (Motion Docket No. 574-65) for leave to file a reply to address Cisco's opposition to its motion for summary determination.[2]  On July 6, 2007, Telcordia also filed a motion (Motion Docket No. 574-66) for leave to file a reply to address PMC-Sierra's opposition to its motion for summary

---

[1] The jury returned a verdict in the district court proceeding on May 10, 2007, in favor of Telcordia, and the Court entered a judgment in favor of Telcordia on May 16, 2007. There are six post-trial motions currently pending in the parallel district court case: (1) Cisco's motion for judgment as a matter of law; (2) Cisco's motion for new trial on willful infringement; (3) Telcordia's motion for entry of a permanent injunction or, in the alternative, for an order requiring Cisco to pay a market-rate royalty; (4) Telcordia's motion for an award of prejudgment interest and an accounting of Cisco's infringing sales since January 31, 2007; (5) Telcordia's motion to enhance damages; and (6) Telcordia's motion for attorney fees and expenses.

[2] Good cause shown, Telcordia's motion for leave to file a reply is hereby granted.

determination.[3] On July 10, 2007, Cisco filed a motion (Motion Docket No. 574-70) for leave to file a surreply to Telcordia's reply in support of its motion for summary determination.[4] On July 12, 2007, PMC-Sierra filed an opposition to Telcordia's motion for leave to file a reply.

On July 27, 2007, the Administrative Law Judge issued Order No. 36 granting Cisco's motion to extend the target date, evidentiary hearing and procedural schedule in this investigation. As discussed in Order No. 36, adjudication of the pending post-trial motions in the parallel district court proceeding will undoubtedly have an impact on the scope of this investigation. See Order No. 36 (July 27, 2007). Accordingly, Telcordia's motion for summary determination is hereby ordered held in abeyance until the District Court rules on Cisco's pending post-trial motions.

To facilitate the eventual adjudication of Telcordia's motion for summary determination, Telcordia is hereby ordered to identify by August 15, 2007, those products accused of infringement in this investigation that were at issue in the district court proceeding. In identifying those products at issue in this investigation that were found infringed in the district court proceeding, Telcordia should provide appropriate citation to the district court record.

So Ordered.

_Carl C. Charneski_
Carl C. Charneski
Administrative Law Judge

Issued: July 27, 2007

---

[3] Good cause shown, Telcordia's motion for leave to file a reply is hereby granted.

[4] Good cause shown, Cisco's motion for leave to file a surreply is hereby granted.