IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TELCORDIA TECHNOLOGIES INC.,              )
                                          )
    Plaintiff/Counterclaim Defendant,     )
                                          )
                                          )
                v.                    )      Civil Action No. 04-876-GMS
                                          )
CISCO SYSTEMS, INC.,                      )
                                          )
    Defendant/Counterclaim Plaintiff.     )
                                          )

**DEFENDANT'S CITATION OF SUBSEQUENT
AUTHORITY IN OPPOSITION TO TELCORDIA'S
MOTION FOR ENTRY OF A PERMANENT INJUNCTION**

Pursuant to D. Del. LR 7.1.2 (b), defendant Cisco Systems, Inc. wishes to bring to the Court's attention the recent Opinion in *MercExchange, L.L.C. v. eBay, Inc.*, C.A. No. 2:01cv736 (E.D. Va. July 27, 2007) (Ex. A).   That opinion is relevant to the discussion at pages 11-23 of Cisco's July 23 Answering Brief in Opposition to Telcordia's Motion for Entry of a Permanent Injunction (D.I. 392).

In *MercExchange*, on remand from the Supreme Court, Judge Friedman denied plaintiff's motion for a permanent injunction, because "MercExchange has repeatedly, both publicly and privately, acted inconsistently with its right to exclude and indicated <u>its desire to obtain money</u> in exchange for eBay's right to utilize MercExchange's patents."  Ex. A. at 32 (original emphasis).  Specifically, the court found that "MercExchange not only has a track record for exacting a tax for utilizing its patents from market participants, but it publicly declared its desire to sell off its intellectual property rights, attempted to license its patents to eBay, and again acted inconsistently with its right to exclude after a favorable jury verdict by freely

licensing its entire patent portfolio to a market participant that approached it to avoid the costs of litigation." *Id*. at 47.

Remarking that patent holders may "seek[ ] an injunction as a bargaining chip to increase the bottom line," the court declared that "[u]tilization of a ruling in equity as a bargaining chip suggests both that such party never deserved a ruling in equity and that money is all that such party truly seeks, rendering monetary damages an adequate remedy in the first instance." *Id*. at 42, 33-34.

The close parallels to this case are unmistakable. Like *MercExchange*, Telcordia does not practice the patented inventions and has acted inconsistently with its right to exclude. As Cisco explained in its answering brief, Telcordia has spent years attempting to license its patents to Cisco for money and has attempted to license its patents to others for money. D.I. 392 at 16-17. In fact, Mr. Giordano's trial testimony revealed that Telcordia has never tried to do anything other than license its patents for money. *Id*. at 16. In addition, Telcordia has attempted to sell off its intellectual property. *Id.* at 14. Against this background, it is not surprising that Telcordia is emphatic in its motion that it seeks an injunction precisely to use as a bargaining chip for "leverage." The *MercExchange* decision explains persuasively why that is not the proper purpose for an injunction. Given the circumstances and equities here, the Court should deny Telcordia's request for an injunction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 North Market Street
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
  *Attorneys for Defendant Cisco Systems, Inc.*

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

August 6, 2007

1136430

### CERTIFICATE OF SERVICE

I certify that on August 6, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick and John G. Day.

I further certify that I caused copies of the foregoing document to be served on August 6, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL

John Day (jday@ashby-geddes.com)
Steven J. Balick (sbalick@ashby-geddes.com)
John Williamson (john.williamson@finnegan.com)
York Faulkner (york.faulkner@finnegan.com)
Don Burley (don.burley@finnegan.com)

*/s/ Jack B. Blumenfeld (#1014)*
jblumenfeld@mnat.com