# EXHIBIT 1

Case 1:04-cv-00876-GMS    Document 407-2    Filed 08/13/2007    Page 1 of 10

Issues Report [Telcordia v. Cisco (35826.0048)]

- Jain Selection

[83:15] - [84:1]    12/5/2006    Jain, Vipul [ITC]

• Jain Selection

```
page 83
15         Q.   Are you aware that this case, the
16   original case against Cisco, was filed in July of
17   2004?
18         A.   I do not know the exact date when the
19   case was filed.
20         Q.   In the time period from July 2004
21   until today, December 2006, have you been trying to
22   preserve your emails and documentary records that
page 84
1    may relate to SRTS?
```

[84:5] - [84:10]    12/5/2006    Jain, Vipul [ITC]

• Jain Selection

```
page 84
5              THE WITNESS:  Okay.  So I think -- I
6    mean, my answer is, in -- in general, I've not been
7    trying to preserve anything specific to SRTS or
8    anything specific to anything -- any other subject
9    matter; but in general, I know that Cisco has a
10   backup system.
```

[93:9] - [93:13]    12/5/2006    Jain, Vipul [ITC]

• Jain Selection

```
page 93
9          Q.   Have you ever conducted a search for
10   files or emails in connection with this case?
11         A.   You mean the Telcodia/Cisco case?
12         Q.   Yes.
13         A.   Not to my recollection.
```

[94:1] - [94:19]    12/5/2006    Jain, Vipul [ITC]

• Jain Selection

```
page 94
1          Q.   Okay.  But in terms of actions -- and
2    I'm entitled to that -- you have never actually
3    looked for, at any time during the pendency of this
4    case, any emails, any documents, any computer files
5    you had that may be relevant to this case; is that
6    true?
7          A.   To the best of my memory, no, I have
8    not looked for any specific files related to this
9    case.
10         Q.   If it were important to you to find
11   computer files that you authored relating to SRTS,
12   how would you go about doing that?
13         A.   Well, I can tell you how to find
14   computer files, and not in specific to SRTS because
15   I don't know or I don't remember if I wrote any
16   documents specific to SRTS.  But Cisco has
17   databases which contain -- which are supposed to
18   contain all those documents, and I would look
19   there.
```

[94:20] - [95:12]    12/5/2006    Jain, Vipul [ITC]

• Jain Selection

```
page 94
20         Q.   Okay.  Well, that database will not
21   contain your emails, however; isn't that correct?
```

Issues Report [Telcordia v. Cisco (35826.0048)]

- Jain Selection

```
22        A.   No.  I said databases which are
page 95
1    supposed to contain those documents.  So my
2    understanding is there would be some database or
3    some kind of backup system which would contain my
4    emails.
5         Q.   So in order to find your emails that
6    may be relevant to this case, we should look at a
7    backup system?
8         A.   I would not be the right person to
9    answer that question.
10        Q.   Do you have an understanding as to
11   whether that's ever been done, someone looked for
12   your emails on a backup system?
```

[95:16] - [95:17]   12/5/2006   Jain, Vipul [ITC]

- Jain Selection

```
page 95
16             THE WITNESS:  Yeah, I think my
17   conversations with my attorney are privileged.
```

[96:5] - [96:11]   12/5/2006   Jain, Vipul [ITC]

- Jain Selection

```
page 96
5         Q.   Okay.  Would you have in your office,
6    which includes your desk and file cabinets, any
7    paper documents that may be relevant to MPSM or
8    CESM?
9         A.   Most likely not.
10        Q.   Have you ever searched for them?
11        A.   I have not searched.
```

# EXHIBIT 2



"Kakarla, Vamsi"
<vamsi.kakarla@finnegan.com>
05/01/2007 09:08 PM

To <derek.walter@weil.com>

cc <jessica.davis@weil.com>, <Sonal.Mehta@weil.com>, <edward.reines@weil.com>, <matt.powers@weil.com>

Subject RE: jain video

Derek:

We will not play the video of Jain, Sastry, or Alles.

Thanks, Vamsi

> **From:** derek.walter@weil.com [mailto:derek.walter@weil.com]
> **Sent:** Tuesday, May 01, 2007 11:48 PM
> **To:** Kakarla, Vamsi
> **Cc:** Telcordia_Attorneys@weil.com
> **Subject:** jain video
>
>
> Vamsi:

We understand that Telcordia intends to play video of the Vipul Jain deposition tomorrow. Please note that we will raise our 401-403 objections to the testimony at 83:15-86:10, 93:9-13, 94:1-9, 94:20-95:17, and 96:5-11 with Judge Sleet at 8:30 A.M.

Thanks,

Derek Walter
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3934
(650) 802-3100

< END >

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email (postmaster@weil.com), and destroy the original message. Thank you

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.

# EXHIBIT 3

# THE FEDERAL CIRCUIT BAR ASSOCIATION

# MODEL PATENT JURY INSTRUCTIONS

Committee

**Matthew D. Powers, Chair**
Linda E. Alcorn
S. Calvin Capshaw
John P. Donohue
David R. Todd
Maureen Toohey

*B.3. Infringement*

### 3.8 WILLFUL INFRINGEMENT

[This instruction should be given only if willfulness is in issue.

In this case, [patent holder] argues both that [alleged infringer] infringed and that [alleged infringer] infringed willfully. Even if you have decided that [accused infringer] has infringed, you must go on and address the additional issue of whether or not this infringement was willful. Willfulness requires you to determine [alleged infringer]'s state of mind. If [alleged infringer] had actual notice of [patent holder]'s rights, then [alleged infringer] had a duty to respect those rights.

To prove willful infringement, [patent holder] must establish that [alleged infringer] willfully infringed by clear and convincing evidence. That is [patent holder] must prove willfulness in such a way that you have been left with a clear conviction that the infringement was willful.

Specifically, [patent holder] must show, by clear and convincing evidence that:

(1) [Alleged infringer] was aware of the [ ] patent; and

(2) [Alleged infringer] engaged in the accused infringing activities without a reasonable basis for believing, either: (1) that [alleged infringer]'s [product] [method] did not infringe the [ ] patent; or (2) that the [ ] patent was invalid[; or that the [...] patent was unenforceable].

In deciding whether or not [alleged infringer] committed willful infringement, you must consider all of the facts, which include but are not limited to:

(1) Whether or not [alleged infringer] intentionally copied a product of [patent holder] that is covered by the [ ] patent;

(2) Whether or not [alleged infringer], when it learned of [patent holder]'s patent protection, investigated the scope of the patent and formed a good-faith belief that the patent was invalid [or unenforceable] or that it was not infringed before [alleged infringer] started or continued any possible infringing activity;

(3) Whether or not [alleged infringer] reasonably believed that it had a substantial defense to infringement and reasonably believed that the defense would be successful if litigated;

(4) Whether or not [alleged infringer] made a good faith effort to avoid infringing the patent, for example [alleged infringer] took remedial action upon learning of the patent by ceasing infringing activity or attempting to design around the patent;

(5) Whether or not [alleged infringer] tried to cover up its infringement; and

34

(6) [Give this instruction only if [alleged infringer] relies upon an opinion of counsel as a defense to an allegation of willful infringement:

Whether or not [alleged infringer] relied on a legal opinion that appeared to it to be well-supported and believable and that advised [alleged infringer] (1) that the [product] [method] did not infringe the [ ] patent or (2) that the [ ] patent was invalid [or unenforceable].]

In assessing these various factors and deciding whether or not [accused infringer] willfully infringed the [ ] patent, you need not find that all of the factors are present. In addition, no one or more of these factors are determinative. Rather, you must decide, based on the evidence that is presented to you, whether you have a clear conviction that the alleged infringement was willful.

<u>Authorities</u>

35 U.S.C. § 284; *Knorr-Bremse v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1346 (Fed. Cir. 2001); *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1354 (Fed. Cir. 1999); *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990); *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983).