IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELCORDIA TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | C.A. No. 04-876 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**DEFENDANT'S CITATION OF SUBSEQUENT AUTHORITY IN
SUPPORT OF ITS MOTION FOR A NEW TRIAL**

Pursuant to D.Del. LR 7.1.2 (b), defendant Cisco Systems, Inc. ("Cisco") wishes to bring to the Court's attention the Federal Circuit's recent, unanimous *en banc* Opinion in *In re Seagate Tech., LLC*, 2007 U.S. App. LEXIS 19768, Miscellaneous Docket No. 830 (Fed. Cir. Aug. 20, 2007) (Ex. A). *Seagate* reflects a sea change in willfulness law and, notably, validates the key arguments Cisco made in support of its motion for a new trial on the issue of willful infringement.

In *Seagate*, the Federal Circuit "abandon[ed]" the previous standard for establishing willful infringement that was centered around an accused infringer's "affirmative duty of due care" to avoid infringement.[1]  *See Seagate*, 2007 U.S. App. LEXIS 19768, at *22 (citations omitted). As the Federal Circuit noted, the previous willfulness standard was "more akin to negligence," but the "standard civil usage of 'willful' includes reckless behavior." *Id.* (citations omitted). The Federal Circuit thus held that willful infringement would henceforth

---

[1]  Significantly, the willfulness instruction in this case specifically stated that Cisco was under an "affirmative duty to use due care," *see* D.I. 343 at 18, and thus expressly included the now-abrogated "due care" standard.

"require[] at least a showing of *objective recklessness*." *Id.* (emphasis added). The Federal Circuit elaborated on the new "objective recklessness" standard as follows:

> "[T]he civil law generally calls a person reckless who acts . . . in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the ***infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.*** The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this ***objectively-defined risk*** (determined by the record developed in the infringement proceeding) ***was either known or so obvious that it should have been known to the accused infringer.***

*Id.* at *22-*23 (emphasis supplied, citations omitted).[2]

Most relevant for present purposes, *Seagate* substantiates the key point that Cisco made in its new trial motion: when the jury was instructed to consider four factors directed to egregiousness, Cisco's size, and Telcordia's allegations of litigation misconduct in deciding willfulness, it was erroneously led to consider issues that are irrelevant to that analysis. *See* D.I. 374.

Holding that the heart of the willfulness inquiry is whether there was an "objectively high likelihood that [the accused infringer's] actions constituted infringement of a valid patent," *Seagate* confirms that it is inappropriate for the jury to use the *Read* analysis (intended for the Court to use when deciding whether to enhance damages) when deciding willfulness analysis.[3] Indeed, *Read* factors directed to egregiousness, such as the "duration of

---

[2]   The trial record confirms that Cisco was anything but "objectively reckless" in its pre-litigation and litigation conduct. *See, e.g.*, D.I. 391 [Cisco's Answering Brief Opposing Telcordia's Motion to Enhance Damages].

[3]   As in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004), *Seagate* cited *Read*—without any discussion or analysis—in recounting its previous willfulness jurisprudence. *See Seagate*, 2007 U.S. App. LEXIS 19768, at

2

defendant's misconduct" (*Read* factor 6), shed no light on whether there was an objectively high likelihood of infringement of a valid patent. The same thing can of course be said for the corporate size of the accused infringer (*Read* factor 4). Furthermore, given that the *Seagate* willfulness standard is "objective," it is now especially clear that such individualized traits have little significance when it comes to willfulness. Precisely the same arguments apply to the consideration of defendant's "behavior as a party to the litigation" (*Read* factor 3) when deciding willfulness. The Federal Circuit even held in *Seagate* that under "ordinary circumstances, willfulness will depend on an infringer's *prelitigation* conduct," *id.* at *29 (emphasis added), leaving no doubt that alleged litigation misconduct should generally be excluded from the willfulness calculus.

Thus, the Federal Circuit's opinion in *Seagate* is fundamentally aligned with the arguments Cisco presented in its motion for a new trial. Because the erroneous willfulness instruction based on the *Read* factors was compounded by an express instruction on the now-abrogated "affirmative duty of care" and Telcordia's exploitative trial presentation, it simply cannot be said that it is "highly probable" that the erroneous jury instruction "did not affect the outcome of the case." *See Hill v. Reederei F. Laeisz G.M.B.H.*, 435 F.3d 404, 411 (3d Cir. 2006). For the reasons set forth in Cisco's briefs, which are resonated in *Seagate*, a new trial on willful infringement is warranted.

---

*15-*16. In so doing the Federal Circuit was perhaps suggesting, as it did in *Knorr*, that some *Read* factors will in the future remain relevant to the willfulness inquiry. For example, whether the accused "infringer deliberately copied the ideas or design of another" (*Read* factor 1) will surely remain part of the willfulness inquiry. The ultimate message of *Seagate*, however, is that the willfulness standard has fundamentally changed. Indeed, the Federal Circuit explicitly left to "future cases" the development of the new "objective recklessness" standard. *See id.* at *23. And, the Federal Circuit even instructed courts to consider a factor that is entirely absent from *Read* when deciding willfulness: "the standards of commerce." *See id.* at *23 n.5.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jack B. Blumenfeld (#1014)* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>Leslie A. Polizoti (#4299)<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>*Attorneys for Defendant Cisco Systems, Inc.* |

OF COUNSEL:

Matthew D. Powers
Edward R. Reines
Jessica L. Davis
Sonal N. Mehta
Thomas B. King
Derek C. Walter
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

August 31, 2007

1224787

## CERTIFICATE OF SERVICE

I certify that on August 31, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to Steven J. Balick and John G. Day.

I further certify that I caused copies of the foregoing document to be served on August 31, 2007 upon the following in the manner indicated:

| **BY HAND** | **BY FEDERAL EXPRESS** <br> **(on September 1, 2007)** |
|---|---|
| John G. Day <br> ASHBY & GEDDES <br> 500 Delaware Avenue, 8th Floor <br> Wilmington, DE 19801 | Don O. Burley <br> FINNEGAN, HENDERSON, <br>  FARABOW, GARRETT & DUNNER <br> 901 New York Avenue <br> Washington, DC 20001 |

**BY ELECTRONIC MAIL**

John Day (jday@ashby-geddes.com)
Steven J. Balick (sbalick@ashby-geddes.com)
John Williamson (john.williamson@finnegan.com)
York Faulkner (york.faulkner@finnegan.com)
Don Burley (don.burley@finnegan.com)

> */s/ Jack B. Blumenfeld (#1014)*
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> Wilmington, DE 19801
> (302) 658-9200
> jblumenfeld@mnat.com