# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

September 10, 2007

The Honorable Gregory M. Sleet
Chief Judge
United States District Court
844 North King Street
Wilmington, DE 19801

   Re: *Telcordia Technologies, Inc. v. Cisco Systems, Inc.*,
     Civil Action No. 04-876-GMS

Dear Chief Judge Sleet:

  Telcordia submits this letter pursuant to D. Del. L. R. 7.1.2 (b) to respond to Cisco's incorrect characterization of the Federal Circuit's *en banc* Opinion in *In re Seagate Tech., LLC*, 2007 U.S. App. LEXIS 19768, Miscellaneous Docket No. 830 (Fed. Cir. Aug. 20, 2007) in its August, 31, 2007, citation of subsequent authority. D.I. 416.

  Cisco argues that *Seagate* confirms its Rule 59(a) position, in which Cisco claims that the Federal Circuit's *Read v. Portec* factors were improperly included in the jury instructions since the willfulness inquiry is keyed to state of mind. But *Seagate* does not help Cisco since the opinion confirms that willfulness deserves a broad inquiry that goes well beyond the infringer's state of mind.

  Specifically, in *Seagate* the Federal Circuit sets forth a straightforward, two-part willfulness inquiry:

> Accordingly, to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

The Honorable Gregory M. Sleet
September 10, 2007
Page 2

*Id.* at *22 - *23 (citation omitted). The willfulness inquiry, therefore, requires evaluation of (1) objective recklessness and (2) knowing conduct. As such, a fact-finder may properly consider matters going well beyond the infringer's state of mind when performing the willfulness inquiry.

To refresh Your Honor's recollection concerning the issue so as to put this discussion in the proper context, in its Rule 59(a) motion for a new trial on willfulness Cisco contends that the Court erred by instructing the jury to consider the Federal Circuit's *Read* factors when evaluating willfulness because:

- "Issues Unconnected To Defendant's Mental State Have No Place In The Jury's Threshold Willfulness Deliberations" D.I. 372 at 4;

- "[I]t is clear that the jury should focus only on factors having some relation to state of mind when deciding willfulness" D.I. 372 at 5;

- "[B]oth courts and commentators concur that the thrust of the willfulness inquiry is defendant's mental state, and the jury should not be asked to contemplate unrelated factors when deciding willfulness" D.I. 372 at 6.

In response, Telcordia noted that Cisco's position was out of line with prior Federal Circuit precedent (namely the Federal Circuit's *en banc Knorr-Bremse* decision), was inconsistent with numerous district court cases (including decisions of this court), and required a policy-based departure from the established practice of considering all *Read* factors when determining willfulness. Telcordia also explained exactly how and why the *Read* factors unrelated to state of mind were appropriate considerations in the willfulness inquiry. D.I. 388 at 9-14.

Now, the Federal Circuit has again validated Telcordia's position that there can be no error by including the *Read* factors in a jury instruction simply because some of those factors are unrelated to state of mind. Specifically, as to an entire prong of the willfulness inquiry, **"[t]he state of mind of the accused infringer is not relevant."** *Seagate* at *23. As such, the *Seagate* Opinion validates the Court's use of the *Read* factors in the willfulness jury instruction.

The *Read* factors that Cisco protests are more closely related to the objective aspect of the willfulness inquiry, and are less closely related to state of mind (indeed, that is the very point of Cisco's argument in its Rule 59(a) motion). Those factors are:

- duration of the defendant's misconduct;
- defendant's size;
- defendant's motivation for harm;
- whether defendant attempted to conceal its misconduct;
- remedial action of defendant;
- defendant's behavior as a party to the litigation.[1]

---

[1] In its citation to subsequent authority, Cisco continues to advance a repeated mischaracterization that the Court instructed the jury to consider "litigation misconduct." D.I. 416. That is simply not true—and Telcordia again notes

The Honorable Gregory M. Sleet
September 10, 2007
Page 3

Certain of these supposedly offending factors are in fact particularly relevant to evaluation of the objective aspect of the willfulness analysis. For instance, the defendant's size, the duration of the infringing conduct, and an objective consideration of motivations, concealment, and remedial actions, are all considerations that do not directly relate to Cisco's state of mind, but that bear upon the objective reasonableness or unreasonableness of a party's actions. *See, e.g.*, D.I. 388 at 9-14. To the extent that some of these factors have subjective elements (*e.g.*, subjective motivation, concealment, remedial action, and behavior considerations), then those factors are nevertheless appropriately considered as part of the state of mind prong of the analysis. Either way, there is no error based on the inclusion of the *Read* factors in the jury instruction on willfulness.

Finally, as Telcordia argued in response to Cisco's Rule 59(a) motion, and for all of the reasons noted in Telcordia's post-trial briefs (most notably its motion for enhanced damages and its motion for attorney fees), even if using the *Read* factors were somehow error (which it is not), the facts of this case establish that under any appropriate jury instruction, any fact finder would find willfulness due to Cisco's highly culpable and objectively egregious conduct. Specifically, the evidence at trial demonstrates that Cisco's highly culpable behavior clearly meets any willfulness standard, including *Seagate's* "objectively reckless" prong. *See, e.g.*, D.I. 370; D.I. 388 at 14-15. Against the overwhelming evidence of Cisco's highly culpable and objectively reckless behavior, any fact finder would have found willfulness under any appropriate jury instruction. As such, any supposed error committed by incorporating the *Read* factors into the willfulness jury instruction was harmless because the supposed error would not have "affect[ed] the outcome of the case." *Hill v. Reederei F. Laeisz G.M.B.H.*, 435 F.3d 404, 411 (3d Cir. 2006).

In sum, Cisco's Rule 59(a) motion based upon supposed error due to the use of the *Read* factors unrelated to state of mind was frivolous before *Seagate* and remains even more so now.

Respectfully,

/s/ *Steven J. Balick*

Steven J. Balick

SJB:rbg
183955.1

cc:   Jack B. Blumenfield, Esquire (via electronic mail)
      Donald R. Dunner, Esquire, Esquire (via electronic mail)
      Edward R. Reines, Esquire (via electronic mail)

---

Cisco's curious failure to recount the Court's actual jury instruction—as opposed to repeated mischaracterizations of the instruction—in its Rule 59(a) motion. Consistent (indeed verbatim) with *Read*, the Court instructed the jury to consider Cisco's "behavior as a party to the litigation." D.I. 388 at 11. As Telcordia explained in its response to Cisco's Rule 59(a) motion, this instruction merely enabled the jury to evaluate Cisco's witnesses' behavior in response to Telcordia's questioning on facts related to the willfulness inquiry (e.g., how Cisco's witnesses reacted when confronted with fact regarding the decade-long licensing negotiations and notice letters). *Id.* Despite Cisco's unwarranted twist on the Court's actual instruction, the jury simply was never instructed to consider "litigation misconduct."